1

F. Anthony Edwards SBN 181606
LAW OFFICES OF F. ANTHONY
EDWARDS
1850 Mt. Diablo Boulevard, Suite 650
Walnut Creek, CA 94596
Telephone: 925-947-1600
Facsimile:  925-947-1990

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

SHARON DE EDWARDS, M.D., FACOG, INC., a corporation, and  SHARON DE EDWARDS, M.D., as President and officer of the corporation.

               Plaintiffs,

    v.

INTERNAL REVENUE SERVICE, UNITED STATES GOVERNMENT DEPARTMENT OF THE TREASURY, KATHY JAKABCIN, JOSEPH SMITH, Revenue Officers, and Does I through 50, Inclusive.

               Defendants,

Case No.: C07-3102 MEJ

FIRST AMENDED COMPLAINT FOR REFUND OF TAXES, PENALTIES, AND INTEREST, FAILURE TO RELEASE TAX LIENS, UNLAWFUL COLLECTION ACTIVITY, MAKING FALSE AND FRAUDULENT STATEMENTS, DISCRIMINATION AND FOR A PRELIMINARY AND PERMANENT INJUNCTION AND REQUEST FOR AN ACCOUNTING AND FOR ATTORNEY FEES

**[26 USC 7422, 7432, & 7433, 18 USC 100, 42 USC 1981 AND 26 USC 7426]**

DEMAND FOR JURY TRIAL

## STATEMENT OF  FACTS

1.      Plaintiffs are, SHARON DE EDWARDS, M.D., FACOG, INC., EIN 68-0377910, a  corporation ("THE CORPORATION"), organized under the laws of the state of California, and SHARON DE EDWARDS, M.D, ("DE EDWARDS") an individual and the President and officer of  THE CORPORATION.

2.      Defendant, Internal Revenue Service ("IRS") is an agent of the Federal Government of the United States.

First Amended Complaint

3.    Defendant, United States Government Department of the Treasury, is a department of the Federal Government of the United States.

4.    Defendants, Kathy Jakabcin ("JAKABCIN") and Joseph Smith ("SMITH"), are Revenue Agent of the IRS.

5.    Plaintiffs bring  this action after defendants persuaded counsel for THE CORPORATION to dismiss DE EDWARDS' lawsuit in exchange for defendants submitting their report showing the application of funds received via levies on behalf of THE CORPORATION, for payment of corporate employers' tax liability. After counsel for THE CORPORATION dismissed the lawsuit, defendants refused to provide the report and refused to refund  the overpayment of THE CORPORATION's  employers' 941 tax liability for the period 3/31/1996 through 9/31/2007, and 940 tax liability for the period 12/31/1996 through 12/31/2006, and instead began collection activity against Plaintiffs, by submitting fraudulent and false, legally unenforceable liens and levies against their assets and property, all in an effort to avoid refunding the overpayment made by THE CORPORATION.

6.    Upon information and belief, F. Anthony Edwards, Esq., as general counsel and Secretary of THE CORPORATION, voluntarily, orally agreed, pursuant to compromise, to cooperate with the IRS, to have the IRS by way of  levies, collect payments owed to THE CORPORATION by its debtors. These corporate funds and assets were to be used to pay THE CORPORATIONS's 941 and 940 taxes that were due, with the IRS providing acknowledgment of receipt and of application of the corporate funds  received.  The agreement was made on or about April 2002, with F. Anthony Edwards, Esq., turning over to the IRS the complete listing of all the health plans owing THE CORPORATION.

7.    Thereafter, the IRS began collecting and receiving THE CORPORATION's funds  and assets, with the IRS beginning to receive large payments by early 2003. However, by mid-year 2003, it became evident that the IRS was collecting THE CORPORATION's funds and asset, but that said funds were not being applied solely to the tax liability of THE CORPORATION.

8.    Consequently, F. Anthony Edwards, Esq., wrote the IRS several letters demanding an accounting of THE CORPORATION's funds and assets. When the IRS refused to comply, a complaint was filed for declaratory relief on behalf of Sharon de Edwards, M.D., as an individual against the IRS.  This complaint, entitled de Edwards v. IRS, Case No. 04-05025 - PJH, was dismissed on December 30, 2005, for lack of subject matter jurisdiction.

9.    During the litigation of the above-referenced complaint, in paragraph  8 above, and prior  to dismissal, the IRS  responded to the Plaintiff's Request for Admission, Set One. In pertinent part, the IRS admitted the following:

a.    "A review of the Internal Revenue Service transcript of the tax accounts related to the corporation known as Sharon De Edwards, M.D., Inc., Tax Identification Number 68-0377910, reflects that the total amount of funds collected pursuant to levies issued by the Internal Revenue Service and applied to the outstanding employment tax liabilities of said corporation is $123,979.15. The transcript reflect collection and application of the levied funds from July 22, 2002, through June 20, 2005. The levied funds were applied as follows:

| Type of Tax | Quarter Ending | Amount Applied |
| --- | --- | --- |
| 941 | December 31, 1998 | $ 3,765.92 |
| 941 | September 30, 1999 | 12,138.64 |
| 941 | December 31, 1999 | 17,237.67 |
| 941 | March 31, 2000 | 790.58 |
| 941 | September 30, 2000 | 4,317.03 |
| 941 | December 31, 2000 | 8,420.35 |
| 941 | March 31, 2001 | 11,881.85 |
| 941 | June 30, 2001 | 11,853.80 |
| 941 | September 30, 2001 | 7,398.59 |
| 941 | December 31, 2001 | 6,861.30 |
| 941 | March 31, 2002 | 9,360.48 |
| 941 | June 30, 2002 | 6,640.40 |
| 941 | September 30, 2002 | 8,495.31 |

First Amended Complaint                    3

| 941 | December 31, 2002 | 6,614.07 |
| 940 | December 31, 2002 | 156.53 |
| 941 | March 31, 2003 | 7,463.02 |
| 941 | June 30, 2003 | 415.81 |
| 940 | December 30, 2003 | <u>167.87</u> |
| | **Total:** | **$123,979.15"** |

10.     The IRS also admitted that:

"[A] review of the Internal Revenue Service transcripts with respect to the tax accounts of the <u>sole proprietorship</u> (emphasis supplied) of Sharon De Edwards, M.D., FACOG, Tax Identification Number <u>68-016482</u> (emphasis supplied), reflects that no funds were collected through levy that were applied to the outstanding tax liabilities of said <u>sole proprietorship</u>."

11.     The IRS also admitted that:

"[A] review of the Internal Revenue service transcripts with respect the tax account of Sharon De Edwards individually, Tax Identification Number xxx-xx-3232, reflects that a total amount of **$941.05** was collected through Internal Revenue Service levies and applied to the outstanding personal Federal Income tax liability of Sharon De Edwards for the taxable year ending December 31, 1998.

In further responding . . . [A] review of the Internal Revenue Service transcripts with respect to the personal Federal income tax accounts of Fernando Anthony Edwards and Sharon De Edwards, Tax Identification Numbers xxx-xx-8603 and xxx-xx-3232, respectively, reflects that a total amount of $29,100.95 was collected through levies issued by the Internal Revenue Service and applied to these individuals' outstanding joint personal Federal income tax liabilities. The transcripts reflect collection and application of levied funds from November 8, 1990, through May 6, 1996. The levied funds were applied as follows:

| Type of Tax | Taxable Year | Amount Applied |
| --- | --- | --- |
| 1040 | 1984 | $12,760.76 |
| 1040 | 1994 | <u>16,340.19</u> |
| | **Total:** | **$29,100.95"** |

12.     On July 1, 2005, at the time that the IRS made these admissions, $212,399.80 had

been paid to the IRS pursuant to the oral agreement to provide the IRS with THE

CORPORATION's list of accounts receivables, to allow the IRS to issue levies on the corporate

First Amended Complaint                                                4

debtors, to force them to pay the IRS for THE CORPORATION's tax liabilities, and to provide

the corporate officer with a report detailing the receipt and application of payments received.

Attached hereto as Exhibit "**A**" is a true and correct copy of the IRS' admissions. This exhibit

consist of pages A1 through A10.

13.    Notwithstanding the agreement, the IRS, by its own admission, misapplied

$30,042.00 of THE CORPORATION's funds and assets by applying $12,760.76 of said funds to

an alleged personal income tax liability from the year 1984, that was statutorily barred by the

three-year statute of limitation and the six-year statute of limitation, and by applying $16,340.19

to an alleged personal income tax liability from the year 1994, that was also statutorily barred by

the three-year statute of limitation and the ten-year statute of limitation. In addition, on July 1,

2005, the IRS also admitted it could not account for the remainder of the $58,378.65 in payments

made on behalf of THE CORPORATION, and made no attempt to explain the whereabouts of

these missing corporate funds to either THE CORPORATION, the corporation's counsel, or the

taxpayer.

14.    The IRS also admitted that:

> "[T]he following returns for Sharon De Edwards' personal income tax under
> Taxpayer Identification Number xxx-xx-3232, were not filed and, where
> indicated, the Internal Revenue Service filed a substitute for return pursuant to 26
> U.S.C. § 6020(b):

| Type of Return | Taxable Year | 6020(b) Substitute Filed? |
| --- | --- | --- |
| 1040 | 1999 | Yes - filed July 2, 2001" |

15.    The IRS further admitted that:

> "[T]he following returns with respect to the personal Federal income tax liabilities
> of Fernando Anthony Edwards and Sharon De Edwards, Tax Identification
> Numbers x5x-xx-8603 and xxx-xx-3232, respectively, were not filed and, where
> indicated, the Internal Revenue Service filed a substitute for return pursuant to 26
> U.S.C. § 6020(b):

| Type of Return | Taxable Year | 6020(b) Substitute Filed? |
| --- | --- | --- |
| 1040 | 1999 | Yes - filed May 2, 2005" |

16.    Both Fernando Anthony Edwards, Tax Identification Number x6x-xx-8603 and

First Amended Complaint                                              5

1    DE EDWARDS, Tax Identification Number xxx-xx-3232, timely filed their joint personal

2    Federal income tax return for taxable year 1999. This return had $0.00 tax liability. Attached

3    hereto as Exhibit "**B**" to this complaint is a true and correct copy of said return. This exhibit

4    consist of pages B1 through B2.

5        17.    Upon information and belief, the IRS negligently and/or knowingly, filed these

6    two personal tax return for taxable year 1999, substantially inflating the alleged tax liability due

7    thereon, and applying THE CORPORATION's funds and assets to the payment of these

8    wrongfully filed, inflated, personal income tax liability. The IRS filed two separate returns for the

9    same taxable year with substantially inflated tax liabilities, on the same household and on the

10   same taxpayers, by filing one of their returns for DE EDWARDS as a sole filer, and also by

11   filing a joint return on DE EDWARDS and Fernando Anthony Edwards, by changing Fernando's

12   Tax Identification Number, so as to make it appear that the joint personal return for year 1999,

13   that had been timely filed by the taxpayers, was never filed.

14       18.    The mis-application of THE CORPORATION's funds to the two alleged personal

15   income tax on the same household, for the same year, one with one of the taxpayer as filing

16   solely and another with the taxpayer as filing jointly, was done to maliciously increase the

17   income tax liability of DE EDWARDS, and to maliciously increase the employers' tax liability

18   of THE CORPORATION, since the payment of the fraudulent income tax assigned to DE

19   EDWARDS is in fact a forced dividend, which further increased her personal tax liability, while

20   at the same time depriving THE CORPORATION of it funds so that it cannot pay its employers'

21   taxes, incurring additional tax liability, penalty and interest.

22       19.    At the time that the IRS responded to the Request for Admissions, THE

23   CORPORATION's debtors had made payments to the IRS on THE CORPORATION's behalf, in

24   the amount of $212,399.80, of this amount, $58,378.65 remained unaccounted for after the IRS

25   applied the funds as heretofore described in their admission dated July 1, 2005. As of the date of

26   this complaint, THE CORPORATION's debtors have forwarded and the IRS has received

27

28

$352,226.30 pursuant to a 100% levy that the IRS is maintaining on THE CORPORATIONS's accounts receivables. In addition, there is approximately $40,000.00 in the pipeline, i.e., corporate funds levied upon, but which has not yet been confirmed as received by the IRS. Yet to date, the IRS has not provided any accounting for the corporate funds it received. Attached hereto as Exhibit "**C**"is a true and correct copy of THE CORPORATION'S spreadsheet, showing exhibits 1 through 824, totaling $352,226.30 as payments made to the IRS, as of September 30, 2007. This exhibit consist of pages C1 through C17.

20.    Upon receiving the responses to the Request for Admission as hereinbefore stated, counsel for the corporation wrote several letters to the IRS demanding an accounting and a refund of THE CORPORATION's funds. After receiving no response from the IRS, counsel for THE CORPORATION filed the instant complaint for a refund and for damages against the IRS and defendant JAKABCIN, the Revenue Officer with whom counsel made the agreement for the corporate levies.

21.    During the civil proceedings on the complaint for a refund and for damages, counsel for the IRS proposed that the complaint be dismissed, without prejudice, to allow the IRS Office of Appeals to comply with THE CORPORATION's request by providing a complete, detailed report of all payments received via levies, on behalf of THE CORPORATION. In agreeing to have the complaint dismissed without prejudice, the Honorable Judge Alsup, ordered Counsel for THE CORPORATION to re-file the complaint (if necessary) by July 13, 2007. Attached hereto as Exhibit "**D**" is a true and correct copy of Judge Alsup's order. Based upon the stipulation, counsel for THE CORPORATION agreed and the complaint was dismissed without prejudice.

22.    Thereafter, despite repeated assurances, and repeated extensions of time, the IRS Office of Appeals failed to provide the report. In the abundance of caution, counsel for THE CORPORATION, re-filed the complaint on or about June 11, 2007. However, he did not serve the complaint so as to allow the IRS Office of Appeal, more time to comply with providing the

1   report.

2       23.     Instead of providing the report, defendant SMITH, Revenue Officer, in the

3   Collection Department of the IRS, and other DOE defendants began to engage in a retaliatory

4   pattern of behavior to use the powers of the IRS to  intimidate, harass, and cajole DE

5   EDWARDS from pursuing the refund on behalf of THE CORPORATION, causing harm to the

6   taxpayer and THE CORPORATION, by:

7       a.      Imposing continuous levies the corporate assets 100%, even though SMITH knew

8               that THE CORPORATION had paid all of its tax liabilities. The  unlawful levies

9               is causing severe economic hardship to THE CORPORATION and the taxpayer.

10              THE CORPORATION cannot pay its operational expenses nor the employers'

11              taxes becoming due. Consequently, THE CORPORATION is incurring additional

12              tax liabilities, interest and penalties. THE CORPORATION also cannot pay the

13              taxpayer her wages for work she performed for the corporation. Consequently she

14              has experienced severe economic hardship and cannot pay her living expense or

15              her portion of the mortgage, causing the family home to be in danger of

16              foreclosure.

17      b.      Submitting false and fraudulent statements under color of authority as a Revenue

18              Agent of the United States, by:

19              i.  submitted 1040 lien for year 1993, to the taxpayers lender, even though the lien

20              had already been paid. This action, together with the conduct described below,

21              sabotaged the loan, causing the lender to withdraw. This loan was being made to

22              payoff or reduce alleged personal income tax liabilities that were pending.

23              Attached hereto as Exhibit "**E**" are true and correct copies of the check, dated July

24              13, 2006, in the amount of $64,052.85, payable to the IRS for tax liability on

25              alleged personal income taxes for taxable years 1992 and 1993, in the amount of

26              12,841.38 and $11,092.08, respectively, plus interest and penalties, and copy of

27

28  First Amended Complaint                      8

Notice of Federal Tax Liens for personal income tax for taxable year 1993, recorded February 5, 2007, and for taxable year 1993. This lien is recorded again, for the same amount of $11,092.08, that had already been paid.. This exhibit consist of pages E1 through E3.

c.  Creating and submitted a Notice of Federal Tax Lien for alleged personal income tax for taxable year 1998 in the amount of $117421.25, to fraudulently increase DE EDWARDS personal income tax liability, even though he knew that the 1998 personal tax return had been timely file, with a tax liability of $10,246.00. Attached hereto as Exhibit "**F**" are true and correct copies of the Notice of Lien and the 1040 return for 1998. This exhibit consist of pages F1 through F3.

d.  Creating and submitting two Notices of Federal Tax for alleged personal income tax for taxable year 1999, to fraudulently increase DE EDWARDS personal income tax liability, even though SMITH knew that the 1999 personal income tax had been timely filed, with a tax liability of $0.00. Attached hereto as Exhibit "**B**" are true and correct copies of filings of personal income tax return for taxable year 1999.

e.  Filing multiple Notices of Federal Tax Lien in violation of the three-year, six-year and ten-year statutes of limitation. Attached hereto as Exhibit "**G**" are true and correct copies of filings of  Notice of Federal Tax Lien. This exhibit consist of pages G1 through G7.

f.  Submitting multiply levies on 100% of THE CORPORATION's account receivable, knowing that all levies inclusive of interest and penalties had been paid and that the amounts in the levy statement were false, and knowing that the Office of Appeals of the IRS had not yet released the accounting report, to show the payments and application of THE CORPORATION's funds. Attached hereto as Exhibit "**H**" is a true and correct copy of the a levy which is identical to other

First Amended Complaint                                    9

1    levies sent to 100% of THE CORPORATION's debtors..

2    g.    Failing to account for, apply or refund, the 32,162.66 in payments made by THE

3        CORPORATION that were unresolved as of July 1, 2005. Attached hereto as

4        Exhibit "**I**" is a true anc correct copy of IRS Form 2747, showing the unresolved

5        corporate payments. This exhibit consist of pages I1 through I2.

6    24.    On or about September 17, 2007, this Court ordered Plaintiff to show cause why

7    the case should not be dismissed for failure to prosecute, and Plaintiff having shown cause, the

8    Court  on September 27, 2007 ordered Plaintiff  to serve the complaint no later than October 27,

9    2007.

10    25.    Plaintiffs have exhausted their administrative remedies. The IRS Office of

11    Appeal has failed to provide the report accounting for the payments receive on behalf  THE

12    CORPORATION, after been granted numerous extensions. Instead, SMITH has responded by

13    issuing multiple liens that are time-barred by the 3-year assessment statute of limitation for

14    Notices of Deficiency , the 6-year collection statue of limitation (for claims arising before 1990),

15    and the 10-year collection statute of limitation (for claims arising after 1990), or that should

16    never had been filed at all.

17    26.    The claims asserted by Plaintiff arise under Title 18 USC  1001, 26 USC 7432, 26

18    USC 7423, 26 USC 7422, 26 USC 7426, and  42 USC 1981, with this Court having subject

19    matter jurisdiction pursuant to 28 USC 1331, 1343, 1346(a)(1), and 28 USC 1291, with this court

20    having concurrent jurisdiction on the state action. This First Amended Complaint now follows.

21    WHEREFORE, Plaintiffs pray for Judgment against defendants, and each of them,  as

22    hereinafter set forth.

23                    COUNT I
                DEMAND FOR REFUND - 26 USC 7422

24    Plaintiff, THE CORPORATION in its capacity, repeats and realleges Paragraphs 1-26

25    inclusive, in their entirety as if fully stated herein.

26    27.    As of the date of this First Amended Complaint, Defendants have wrongfully

27

28    First Amended Complaint                10

1    levied Plaintiff's account receivable in the amount of $352,226.30, with approximately

2    $40,000.00 in the pipeline, i.e., corporate funds levied upon but not yet confirmed as received by

3    the IRS, for a total of $392,226.30.

4    28.    As of the date of this First Amended Complaint THE CORPORATION has filed

5    all quarters of its employers' tax return. The total employers tax liability for the life of THE

6    CORPORATION is $189,101.50, with no more than $104,005.83 in penalty and interest, for a

7    total owed of $293,107.33. Thus, the amount to be refunded to THE CORPORATION is

8    $99,118.97, plus statutory interest of twelve (12%) percent. Attached hereto as Exhibit "**J**" are

9    true and correct copies of each quarterly 941 tax return filed by THE CORPORATION, showing

10   a running total of $189,101.50, as of June 30, 2007.This exhibit consist of pages J1 through J46.

11   29.    In assessing and collecting levies against THE CORPORATION's account

12   receivables, defendant failed and then refused to provide corporate counsel with an accounting

13   of the funds received, even though defendants persuaded counsel for THE CORPORATION not

14   to pursue legal action, so as to allow defendants to submit their report showing the allocation of

15   the payments received via levies, on behalf of THE CORPORATION. THE CORPORATION at

16   its own costs and expense, obtained canceled checks and Explanation of Benefits vouchers on

17   each payments that defendants collected from the health plans, which THE CORPORATIONS

18   must account for as revenues. THE CORPORATION uses its revenues to pay to operational

19   expenses and to pay its officers' salaries and wages. When it did not receive its revenues, THE

20   CORPORATION was unable to pay it officers' wages and salaries, with its officers sustaining

21   severe financial and economic hardship, which has now jeopardizes their home.

22   30.    As a result of defendants unlawful conduct, THE CORPORATION has suffered

23   tremendous financial losses and economic hardship, loss of business property, the potential loss

24   of corporate officer's home, and damage to THE CORPORATION's business good will and

25   business reputation.

26   WHEREFORE, Plaintiff prays for Judgment against defendants, and each of them, as

27

28   First Amended Complaint                11

1    hereinafter set forth.

2                                    COUNT II
                        FAILURE TO RELEASE TAX LIEN - VIOLATION OF 26 USC 7432
3

4            Plaintiff, DE EDWARDS, in her individual capacity,  repeats and realleges Paragraphs

5    1-30 inclusive, in their entirety as if fully stated herein.

6            31.    Defendants, and each of them, filed liens against Plaintiff's home, for alleged

7    failure to file and/or pay personal income taxes for taxable year, 1992, 1993, 1998 and 1999.

8            32.    As pertaining to the liens for taxable year 1992 and 1993, the amount of

9    $12,841.38 and $11,092.08, respectively, were properly assessed, and the liens, inclusive of

10   interest and penalties were paid in full by escrow check no. 00023239, in the amount of

11   $64,052.85, dated July 31, 2006.

12           33.    Notwithstanding the payments of the above-referenced liens in paragraph 32,

13   SMITH re-filed the lien for taxable year 1993 in the amount of $11,092.08 and submitted it to

14   DE EDWARDS lender, sabotaging her equity loan. SMITH then refused to remove the lien even

15   when corporate counsel forwarded copy of the cancelled check, payable to the IRS.

16           34.    Defendants also issued and filed Notice of Federal Tax Lien, recorded August 3,

17   2006, in the amount of $117,421.25, for alleged personal income tax for taxable year 1998, in the

18   amount of $105,021.51, and for section 6672 civil penalties for all quarters for year 2002,

19   totaling $123,99.74. Defendant SMITH knew that this lien was false when he had it issued. Other

20   DOE defendants were also aware of its falsity. Notwithstanding their knowledge of its falsity,

21   this lien was also submitted th DE EDWARDS' lender, sabotaging her equity loan.

22           35.    Plaintiff, DE EDWARDS, had timely filed a joint personal income tax

23   for taxable year 1998, with a tax liability of $10,246.00. Defendants should have paid this tax

24   liability from the levies on Plaintiff's bank account, for which they have also not accounted for.

25   Attached hereto as Exhibit "**F**" are true and correct copies of the fraudulent lien and the filed

26   personal tax return.

27           36.    As it pertains to the section 6672 civil penalties for all quarters for year 2002,

28   First Amended Complaint                    12

these penalties were first assessed on July 14, 2004, with the lien being filed for the first time on August 03, 2006, more than ten (10) years after the date of assessment. This lien is statutorily barred and legally unenforceable, yet defendants filed it recorded it, and refuses to remove it.

37.     As a result of defendants unlawful conduct, DE EDWARDS  has suffered ruination of her credit rating due to the multiple filing of fraudulent lien which depressed her FICO scores, making it more difficult for her to secure a loan at a reasonable interest rate, has suffered tremendous financial losses and economic hardship, loss of  business property, the potential loss of her corporation and her home, and damage to her business good will and business reputation.

WHEREFORE, Plaintiff prays for Judgment against defendants, and each of them,  as hereinafter set forth.

COUNT III (VIOLATION OF DUE PROCESS)
UNLAWFUL TAX COLLECTION ACTIVITY - VIOLATION OF 26 USC 7433

Plaintiffs, collectively, repeat and reallege Paragraphs 1-37 inclusive, in their entirety as if fully stated herein.

38.     After the defendants persuaded counsel for THE CORPORATION not to seek legal action and to dismiss the complaint, defendant SMITH began collection activity against DE EDWARDS, and in going about his collection activities, did the following things amongst others, in violation of the due process owed Plaintiffs:

a.     Imposing continuous levies the corporate assets 100%, even though SMITH knew that THE CORPORATION had paid all of its tax liabilities. The  unlawful levies is causing severe economic hardship to THE CORPORATION and the taxpayer. THE CORPORATION cannot pay its operational expenses nor the employers' taxes becoming due. Consequently, THE CORPORATION is incurring additional tax liabilities, interest and penalties. THE CORPORATION also cannot pay the taxpayer her wages for work she performed for the corporation. Consequently she has experienced severe economic hardship and cannot pay her living expense or

1    her portion of the mortgage, causing the family home to be in danger of

2    foreclosure.

3    b.    Submitting false and fraudulent statements under color of authority as a Revenue

4    Agent of the United States, by:

5    i. submitted 1040 lien for year 1993, to the taxpayers lender, even though the lien

6    had already been paid. This action, together with the conduct described below,

7    sabotaged the loan, causing the lender to withdraw. This loan was being made to

8    payoff or reduce alleged personal income tax liabilities that were pending.

9    Attached hereto as Exhibit "**E**" are true and correct copies of the check, dated July

10    13, 2006, in the amount of $64,052.85, payable to the IRS for tax liability on

11    alleged personal income taxes for taxable years 1992 and 1993, in the amount of

12    12,841.38 and $11,092.08, respectively, plus interest and penalties, and copy of

13    Notice of Federal Tax Liens for personal income tax for taxable year 1993,

14    recorded February 5, 2007, and for taxable year 1993. This lien is recorded again,

15    for the same amount of $11,092.08, that had already been paid..

16    c.    Creating and submitted a Notice of Federal Tax Lien for alleged personal income

17    tax for taxable year 1998 in the amount of $117421.25, to fraudulently increase

18    DE EDWARDS personal income tax liability, even though he knew that the 1998

19    personal tax return had been timely file, with a tax liability of $10,246.00.

20    Attached hereto as Exhibit "**F**" are true and correct copies of the Notice of Lien

21    and the 1040 return for 1998.

22    d.    Creating and submitting two Notices of Federal Tax for alleged personal income

23    tax for taxable year 1999, to fraudulently increase DE EDWARDS personal

24    income tax liability, even though SMITH knew that the 1999 personal income tax

25    had been timely filed, with a tax liability of $0.00. Attached hereto as Exhibit "**B**"

26    is a  true and correct copy of the personal income tax return for taxable year 1999.

27

28    First Amended Complaint                14

e.     Filing multiple Notices of Federal Tax Lien in violation of the three-year, six-year and ten-year statutes of limitation. Attached hereto as Exhibit "**G**" are true and correct copies of statutorily barred  filings of  Notice of Federal Tax Lien This exhibit consist of pages G1 through G7.

f.     Submitting multiply levies on 100% of THE CORPORATION's account receivable, knowing that all levies inclusive of interest and penalties had been paid and that the amounts in the levy statement were false, and knowing that the Office of Appeals of the IRS had not yet released the accounting report, to show the payments and application of THE CORPORATION's funds. Attached hereto as Exhibit "**H**" is a true and correct copies a the levy. Other levies identical to this levy was sent out to 100% of THE CORPORATION's debtors.

g.     Failing to account for, apply or refund, the 32,162.66 in payments made by THE CORPORATION that were unresolved as of July 1, 2005. Attached hereto as Exhibit "**I**" is a true anc correct copy of IRS Form 2747, showing the unresolved corporate payments.

39.     Defendant SMITH used the vast statutory powers of the IRS to engaged in these retaliatory, unlawful activities as described heretofore to intimidate, harass, and cajole DE EDWARDS from pursuing the refund on behalf of THE CORPORATION, and to further assure that the financial destruction of DE EDWARDS is complete, defendant SMITH prepared and submitted to his superiors, his recommendation for foreclosure of DE EDWARDS' home, for the alleged reason that DE EDWARDS refused or cannot pay the personal income tax liability she now owes the IRS, even though he knew that the purported tax liability is based upon false and fraudulent statements, submitted under color of authority as genuine tax liens and levies.

40.     Defendant SMITH also knew that THE CORPORATION had overpaid its employers' tax liability, which was $189,101.50 for the entire life of the corporation, and that the IRS had received payments from THE CORPORATION's debtor totaling $352,226.30, for

1  which the IRS had promised a report, detailing the allocation of the payments, but which was

2  never provided by the IRS. Attached hereto as Exhibit "**J**" is a true and correct copy of the 941

3  corporate tax returns and the face sheet, showing the running total of the returns. This exhibit

4  consist of pages J1 through J46.

5      41.    At no time prior to submitting his recommendation for foreclosure of DE

6  EDWARDS home, did SMITH meet with either DE EDWARDS or her counsel to inquire or

7  discuss whether DE EDWARDS received any Notices of Deficiency, whether she could pay the

8  alleged tax liability in installments, or whether the alleged tax liabilities were acknowledged as

9  valid.

10     42.    When DE EDWARDS tried to refinance her home, to payoff a portion or most of

11 the alleged personal income tax owed, defendant SMITH submitted a payoff demand to escrow

12 that was unsupported by recorded tax liens. When the subordination unit of the IRS requested a

13 breakdown by lien supporting the payoff demand, so that some liens, if recorded, could be

14 subordinated, to allow DE EDWARDS to pay a substantial portion of the income tax allegedly

15 owed, defendant SMITH refused to provide the breakdown, further sabotaging DE EDWARDS'

16 equity loan. Attached hereto as Exhibit "**K**" is a true and correct copy of the payoff demand

17 submitted by SMITH to DE EDWARDS' lender. This exhibit consist of pages K1 through K3.

18     43.    In so acting, defendant SMITH acted unlawfully within the meaning of the

19 Act, Sections 7214(a)(1), 7214(a)(2), and 7214(a)(7), by engaging in willful oppression under

20 color of law, and in violation of due process, by knowingly demanding greater sums than are

21 authorized by law, and by making or signing any fraudulent entry in any book, or making or

22 signing any fraudulent certificate or statement.

23     44.    As the President and officer of THE CORPORATION, DE EDWARDS is entitled

24 to receive payments for the services rendered to THE CORPORATION, as wage and salary. The

25 conduct of defendant SMITH as heretofore described deprived DE EDWARDS of her wage and

26 salary, in violation of Sections 6334(a)(9) and 6334(d) of the Act, and in violation of DE

27

28 First Amended Complaint                          16

1   EDWARDS' constitutional right to receive compensation for her labor.

2       45.   As a result of defendants unlawful conduct, Plaintiff THE CORPORATION  has

3   suffered tremendous financial losses and economic hardship, loss of  business property, the

4   potential loss of corporate her home, and damage to her business goodwill and business

5   reputation. Consequently, THE CORPORATION has been unable to pay its operational

6   expenses, inclusive of it's employers' tax liabilities becoming due, and the salary and wages of

7   it's corporate officers.

8       WHEREFORE, Plaintiffs pray for Judgment against defendants, and each of them,  as

9   hereinafter set forth.

COUNT IV
FALSIFICATIONS - VIOLATION OF  18 USC 100

46.   Plaintiffs, collectively,  repeat and reallege Paragraphs 1-45 inclusive, in their

entirety as if  fully stated herein.

18 USC §100, states:

"Whoever, in any matter within the jurisdiction of any department or agency of the
United States knowingly and willfully falsifies, conceals or covers up by any trick,
scheme, or device a material fact, or makes any false, fictitious or fraudulent statements
or representations, or makes or uses any false writing or document knowing the same to
contain any false, fictitious or fraudulent statement or entry, shall be fined under this title
or imprisoned not more than five years, or both."

47.   In doing the things alleged in paragraphs 38 through 45, above, defendant SMITH,

knowingly and willfully falsified, concealed, covered up by trick or scheme, or device, material

facts concerning the application of  levy payments received on behalf of THE CORPORATION,

and the issuance and recording of  liens on the property of DE EDWARDS.

48.   Further, in doing the things alleged in paragraphs 38 through 45, above, defendant

SMITH, knowingly and willfully in concert with other DOE defendants, made  false, fictitious or

fraudulent statements or representations, or made or used false writings or documents knowing

the same to contain false, fictitious or fraudulent statements or entries, to issue and execute levies

against THE CORPORATION and to record legally unenforceable liens against the property of

First Amended Complaint           17

1    DE EDWARDS.

2        49.    As a result of defendants unlawful conduct, Plaintiff THE CORPORATION  has

3    suffered tremendous financial losses and economic hardship, loss of  business property, the

4    potential loss of corporate her home, and damage to her business good will and business

5    reputation. Consequently, THE CORPORATION has been unable to pay its operational

6    expenses, inclusive of it's employers' tax liabilities becoming due, and the salary and wages of

7    it's corporate officers.

8        50.    As the President and officer of THE CORPORATION, DE EDWARDS is entitled

9    to receive payments for the services rendered to THE CORPORATION, as wage and salary. The

10    conduct of defendant SMITH as heretofore described deprived DE EDWARDS of her wage and

11    salary, in violation of Sections 6334(a)(9) and 6334(d) of the Act, and in violation of DE

12    EDWARDS' constitutional right to receive compensation for her labor.

13        51.    As a result of this defendant's conduct, DE EDWARDS has been and continues to

14    be  unable to provide for her basic living expenses, inclusive of paying her share of the mortgage

15    payment on her residence, causing her home to be in danger of foreclosure.

16        WHEREFORE, Plaintiffs pray for Judgment against defendants, and each of them,  as

17    hereinafter set forth.

18                               COUNT V
                DISCRIMINATION - VIOLATION OF  42 USC 1981
19
20        Plaintiff, DE EDWARDS, in her individual capacity,  repeats and realleges Paragraphs

21    1-51 inclusive, in their entirety as if fully stated herein.

22        52.    Defendant JAKABCIN discriminated against Plaintiff, by treating her

23    differently based on ancestry and race in the management, collection and accounting  of levied

24    funds in violation of 42 U.S.C. section 1981. JAKABCIN did so by withholding or not offering

25    DE EDWARDS the same offers and proposals generally offered to other taxpayers to resolve tax

26    issues. Specifically, JAKABCIN never offered DE EDWARDS the opportunity to enter into a

27    complete installment agreement, or an offer & compromise.

28    First Amended Complaint                    18

53.    Defendant's actions were and are intentional, arbitrary and capricious, and without justification.

54.    As a result of defendants unlawful conduct, Plaintiff has suffered severe emotional distress, past, present and tremendous financial losses and economic hardship, loss of business property, the potential loss of her home, and damage to her business good will and business reputation.

55.    As a further proximate result of defendants' outrageous, malicious, wicked, wanton and reckless conduct, Plaintiff suffered and continues to suffer humiliation,  distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

56.    As an additional further result of defendants' conduct, Plaintiff, at her own costs and expense,  was force to obtain canceled checks and Explanation of Benefits vouchers on each payments that defendants collected from the health plans, which Plaintiff must account for as earned income. Without an accounting for said income, Plaintiff was unable to timely prepare and file her 1040 taxes for years 2004, 2005 and 2006.

57.    In light of defendants' outrageous, malicious, wanton, wicked, reckless, willful, knowing conduct of these defendants, Plaintiffs seek an award of punitive and exemplary damages in an amount according to proof.

WHEREFORE, Plaintiffs pray for Judgment against defendants, and each of them,  as hereinafter set forth.

## VI.  CONVERSION

Plaintiffs, collectively, repeat and reallege Paragraphs 1-57 inclusive, in their entirety as if fully stated herein.

58.    Plaintiffs are the owners of, and have a right to possession of, the funds and assets of  THE CORPORATION.

59.    Defendants, and each of them, wrongfully converted the funds and assets of THE CORPORATION by misappropriating no less than $105,000.00 of corporate funds by

First Amended Complaint                              19

excessively levying on THE CORPORATION's  account receivables, beyond the amount of the tax liability owed by THE CORPORATION.

60.    Defendants conduct as described heretofore in paragraph 58, above, was inconsistent with the property rights of Plaintiffs.

61.    As a result of defendants unlawful conduct, Plaintiff THE CORPORATION  has suffered tremendous financial losses and economic hardship, loss of  business property, the potential loss of corporate her home, and damage to her business goodwill and business reputation. Consequently, THE CORPORATION has been unable to pay its operational expenses, inclusive of it's employers' tax liabilities becoming due, and the salary and wages of it's corporate officers.

## C.  REQUEST FOR JURY TRIAL

Plaintiff requests a trial by jury.

## D.  PRAYER FOR ACCOUNTING AND RELIEF

WHEREFORE, Plaintiff requests relief as follows:

1. For special damages according to proof;

2. For general damages to compensate plaintiff for discrimination, distress, pain and suffering, loss of enjoyment of life, and damage to her credit rating in the amount according to proof;

3. For an accounting of all funds collected from the health plans by defendants;

4. For an injunction prohibiting defendants from levying against THE CORPORATION, and for a return of corporate funds.

5.  For punitive damages;

6. For prejudgment interest on all damages awarded according to statute;

7. For reasonable attorney fees according to statute;

8. For costs of suit incurred; and

9. For such other and further relief as the Court may deem just and proper.

First Amended Complaint                                      20

1

2

3    Dated: OCTOBER 11, 2007                                    /S/
                                                    F. ANTHONY EDWARDS, ESQ.
4                                                   Attorney for Plaintiff

5

6                                        **VERIFICATION**

7        I, Sharon de Edwards, M.D., am a Plaintiff in this action.  I have read the facts in

8    the foregoing  Complaint for Damages and know the contents thereof.  The same is true

     of my knowledge, except as to those matters which are therein stated on information and
9
     belief, and as to those matters, I believe them to be true.
10
         I declare under penalty of perjury under the laws of the State of California, that the
11
     foregoing is true and correct.
12

13   Dated: October 11, 2007                                    /S/
                                                    Sharon de Edwards M.D., FACOG
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28