1  SCOTT SCHOOLS (SCBN 9990)
   United States Attorney
2  THOMAS MOORE (ASBN 4305-O78T)
   Assistant United States Attorney
3  Chief, Tax Division
   CYNTHIA STIER (DCBN 423256)
4  Assistant United States Attorney
     9th Floor Federal Building
5    450 Golden Gate Avenue, Box 36055
     San Francisco, California  94102
6    Telephone: (415) 436-7000

7  Attorneys for Defendants

8
                    UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10
                      SAN FRANCISCO DIVISION
11

12  SHARON DE EDWARDS, M.D.,        )
                                     )      No.  C-07-3102-WHA
            Plaintiff,               )
13                                   )
                                     )
14       v.                          )
                                     )
15  INTERNAL REVENUE SERVICE,        )      **UNITED STATES' OPPOSITION TO**
    UNITED STATES GOVERNMENT         )      **APPLICATION AND MOTION FOR A**
16  DEPARTMENT OF TREASURY, KATHY )         **PRELIMINARY INJUNCTION UPON**
    JAKABCIN, JOSEPH SMITH, and Does 1 )    **ORDER TO SHOW CAUSE**
    through 50, Inclusive,           )
17                                   )

18            Defendants.

19  _____

20       The United States, by and through its undersigned counsel, submits this Opposition to the

21  Plaintiff's Motion for Preliminary Injunction Upon Order to Show Cause.

22                              **I.   FACTS**

23       Plaintiff previously filed an action against the Internal Revenue Service and the United States

24  seeking to enjoin the Internal Revenue Service from collection.  Plaintiff alleged that the IRS was

25  collecting through levy more than she owed in taxes. The Court dismissed the action for lack of

26  subject matter jurisdiction.   Sharon de Edwards, M.D. v. Internal Revenue Service, Case No. 04-

27  5025-PJH (N.D. Cal.) (Docket # 31).

28  US Opposition to Application for a
    Preliminary Injunction Upon Order to
    Show Cause,
    C-07-3102-WHA

Plaintiff next filed an action against the government raising the same allegations as those in the prior lawsuit - that IRS was collecting more money than was owed.  <u>Sharon De Edwards, et al, v. Internal Revenue Service</u>, Case No. 06-07116-WHA (N.D.Cal.).  The Court dismissed the case, without prejudice to refiling, upon stipulation of the parties.  See Order Dismissing Case in Case No. 06-07116-WHA.  Simultaneous with the filing of that lawsuit, Plaintiff filed an administrative appeal with the IRS Appeals Division, raising the same issues.  That appeal is still pending and no judicial review of determination has been issued in accordance with 26 U.s.C. §6330(d).

Plaintiff filed another action on June 13, 2007.  <u>Sharon De Edwards, M.D. v. Internal Revenue Service</u>, Case No. 07-3102-WHA (N.D. Calif.).[1]   That action is currently pending.  In this same case, on October 15, 2007, Plaintiff filed an Application and Motion for a Preliminary Injunction Upon Order to Show Cause, citing 26 U.S.C. §7426 as a jurisdictional basis.  To date, Plaintiff has not served that application on the United States.

In her Application and Motion for a Preliminary Injunction, Plaintiff seeks the following relief:

(1) enjoin all collection activities;

(2) provide Plaintiff with an accounting showing the application of all amounts collected by the IRS pursuant to levy.

Plaintiff's alleges that the IRS levy prevents the corporation from paying her salary and its payroll obligations.  Application and Motion for Preliminary Injunction, p. 4, lines 1-10.

The United States opposes Plaintiff's motion on the grounds set forth below.

## II.    LEGAL STANDARD

The traditional criteria for granting a preliminary injunction are: "(1) a strong likelihood of

---

[1]  Plaintiff has failed to serve the named defendants within the 120 day period found at Fed.R.Civ.P. 4(m) which expired on October 11, 2007. See Declaration of F. Anthony Edwards, dated September 26, 2007,  p. 2, lines 6-7, filed in <u>Sharon De Edwards, M.D. v. Internal Revenue Service</u>, Case No. 07-3102-WHA (N.D. Calif.)(Docket #4).

1  success on the merits, (2) the possibility of irreparable injury to the . . . [movant], (3) a balance of

2  hardships favoring the . . . [movant], and (4) advancement of the public interest (in certain

3  cases)."  Dollar Rent a Car of Washington, Inc. v. Travelers Indemnity Co., 774 F.2d 1371, 1374

4  (9th Cir. 1984).  To determine whether injunctive relief is proper, the court must balance the

5  parties' relative likelihood of success and their relative hardships.  Preminger v. Principi, 422

6  F.3d 815, 823 (9th Cir. 2005); Sammartano v. First Judicial Dist. Court, 303 F.3d 959, 965 (9th

7  Cir. 2002).  In the Ninth Circuit a movant must demonstrate either (1) a combination of probable

8  success on the merits, plus a possibility of irreparable harm, or (2) that serious questions have

9  been raised and the balance of hardships tips sharply in its favor.  Preminger, 422 F.3d at 822-23;

10  Schiff, 379 F.3d at 625. Connecticut Gen'l Life Insur. Co. v. New Images of Beverly Hills, 321

11  F.3d 878, 881 (9th Cir. 2003) (citations omitted).  "These two formulations represent two points

12  on a sliding scale in which the required degree of irreparable harm increases as the probability of

13  success decreases."  Prudential Real Estate Affiliates, Inc.  v. PPR Realty, Inc., 204 F.3d 867,

14  874 (9th Cir. 2000).

15      Pursuant to 26 U.S.C. § 7426(b)(1), the moving party, in a wrongful levy suit brought

16  pursuant to 26 U.S.C. 7426(a), does not suffer irreparable harm unless the levy would

17  "irreparably injure rights in property which the court determines to be superior to the rights on

18  the United States in such property." 26 U.S.C. § 7426(b)(1); Ketcham v. United States, 783

19  F.Supp. 511, 517 (D. NV. 1991); Jarro v. United States, 835 F.Supp. 625, 629-630 (S.D. Fla.

20  1992); First Corp. Sedans, Inc. v. United States, 1996 U.S. Dist. LEXIS 3958, *7-*12 (S.D. N.Y.

21  1996).  In other words, 26 U.S.C. § 7426(b)(1) "only permits an injunction where the threatened

22  harm relates to the moving party's interest in the levied property itself." First Corp Sedans, Inc.,

23  1996 U.S. Dist. LEXIS 3958, *7-*8 (S.D. N.Y. 1996).  "Temporary deprivation of money, in and

24  of itself, cannot constitute irreparable harm, and certainly cannot satisfy the narrower term

25  'irreparable injury in property.'"  Jarro, 835 F.Supp. 625, 630 (S.D. Fla. 1992).  "An injury is

26  'irreparable' only if it cannot be undone through monetary remedies." Id.; See Greater

27  Yellowstone Coalition v. Flowers, 321 F.3d 1250, 1258 (10th Cir. 2003).  Moreover,

28

1  "[c]onsequential damage, such as financial harm to . . . [movant's] . . . business will not satisfy

2  the [26 U.S.C.] § 7426 irreparable injury standard, and 'no irreparable harm, as a matter of law,

3  may result by virtue of the temporary deprivation of money alone.'" Wood Rich Constr. Co., Inc.

4  v. United States, 1996 U.S. Dist. LEXIS 8905, *3 (E.D. Pa. June 25, 1996) (citing Jarro, 835

5  F.Supp. at 630; Midwest Finance, Inc. v. United States, 1993 WL 106885, *1 (8th Cir. 1993);

6  First Corp Sedans, Inc., 1996 U.S. Dist. LEXIS 3958 at *3).  A preliminary injunction that

7  "afford[s] the movant all the relief that it could recover at the conclusion of a full trial on the

8  merits . . .[is] . . . disfavored."[2]  Centro Espirita Beneficiente Uniao de Vegetal v. Ashcroft, 389

9  F.3d 973, 975-976 (10th Cir. 2004).

10                                    **ARGUMENT**

11  **a.  As a preliminary matter, the Court should dismiss this lawsuit because the
       plaintiff does not have standing to bring suit under 26 U.S.C. § 7426 against**
12  **the United States.**

13       Pursuant to 26 U.S.C. § 7426, when "a levy has been made on property or property has

14  been sold pursuant to a levy, any person (other than the person against whom is assessed the tax

15  out of which such levy arose) who claims an interest in or lien on such property . . . may bring a

16  civil action against the United States." "Section 7426 contains two distinct prerequisites to its

17  application: (1) that the plaintiff have an interest in or lien on the property at issue, and (2) that

18  the levy be wrongful . . . ." Flores v. United States, 551 F.2d 1169, 1171 (9th Cir. 1977). "The

19  first of these requirements ensures standing . . . ." Id. "[T]he only type of injury that § 7426

20  protects is the deprivation of property from those who have a cognizable right to that property."

21  Allied/Royal Parking L.P. v. United States, 166 F.3d 1000, 1005 (9th Cir. 1999).

22       In the present case, Plaintiff does not allege an interest in the property at issue.  Rather, she

23  claims entitlement to a salary as an employee.  As an employee, plaintiff's claim constitutes a

24  contractual right to be paid.  She does not allege ownership of the property, any lien, or any other

25  specifically enforceable property interest.  Circuit courts have rejected on standing grounds

26

27       2

28  US Opposition to Application for a
    Preliminary Injunction Upon Order to
    Show Cause,
    C-07-3102-WHA                                        4

1  claims of unsecured creditors like Plaintiff who sue to enjoin a wrongful levy under § 7426.  *See*

2  *Aspinall v. United States*, 984 F.2d 355, 358 (10th Cir.1993) (Under state law, bank depositors

3  are general creditors and lack standing under § 7426); *Friedrich v. United States*, 985 F.2d 379,

4  383 (7th Cir.1993) (unsecured creditor lacked standing under § 7426); *McGinness v. U.S.*, 90

5  F.3d 143, 146 (6th Cir. 1996) (same);  *Valley Finance, Inc. v. United States*, 629 F.2d 162, 168

6  (D.C.Cir.1980), cert. denied, 451 U.S. 1018, 101 S.Ct. 3007, 69 L.Ed.2d 389 (1981) (same).

7        Because Plaintiff lacks standing to bring a wrongful levy suit against the United States,

8  the Court should deny her Application for a Preliminary Injunction.

9  **b.    If the Court finds that plaintiff has standing to bring this lawsuit, the Court
10         should deny Plaintiff's Application because Plaintiff does not meet the standard for
        the Court to grant a Preliminary Injunction.**

11        In the Ninth Circuit "[t]o obtain a preliminary injunction, a party must make a clear

12  showing of either (1) a combination of probable success on the merits and possibility of

13  irreparable injury, or (2) that its claims raise serious questions as to the merits and that the

14  balance of hardships tips in its favor." Connecticut Gen'l Life Insur. Co. v. New Images of

15  Beverly Hills, 321 F.3d 878, 881 (9th Cir. 2003)(citing *F.D.I.C. v. Garner*, 125 F.3d 1272 (9th Cir.

16  1997)). "These two formulations represent two points on a sliding scale in which the required

17  degree of irreparable harm increases as the probability of success decreases." Prudential Real

18  Estate Affiliates, Inc. v. PPR Realty, Inc., 204 F.3d 867, 874 (9th Cir. 2000). "If the balance of

19  harm tips decidely toward the plaintiff, then the plaintiff need not show as robust a likelihood of

20  success on the merits as when the balance tips less decidely." Sierra On-Line, Inc. v. Phoenix

21  Software, Inc., 739 F.2d 1415, 1421 (9th Cir. 1984).

22  **c.    Plaintiff has provided no evidence in support of her application.**

23        In support of her Application for a Temporary Restraining Order and Preliminary

24  Injunction, Plaintiff states that the motion is based on the verified complaint, and the declarations

25  of F. Anthony Edwards and Sharon de Edwards, M.D.,FACOG.  Despite that allegation, the

26  docket does not show any declarations filed in support of the Application.  However, the

27  Memorandum in Support of Motion for Injunctive Relief, Plaintiff cites the declaration of Sharon

28  US Opposition to Application for a
Preliminary Injunction Upon Order to
Show Cause,
C-07-3102-WHA                          5

1  de Edwards to support her allegation that the corporation owes her a salary of $325,000.  See

2  Application, p. 4, lines 2-4.

3          Plaintiff relies entirely on her Complaint to support allegations that the IRS has collected

4  more money than it is owed.  Plaintiff has not shown that she has a probable likelihood of

5  success on the merits based on the unsupported allegations set forth in the complaint.

6  The Court should deny plaintiff's Application for a Temporary Restraining Order and

7  Preliminary Injunction because she has not provided any evidence to support the granting of an

8  injunction.

9  **d.     Plaintiff cannot show that she will suffer irreparable injury.**

10         Plaintiff alleges that she will suffer irreparable injury if the injunctive relief is not granted

11  because she has no adequate remedy at law.  That issue has been litigated and the Court ruled

12  that Plaintiff had an adequate legal remedy in a refund suit. In  Sharon de Edwards, M.D. v.

13  Internal Revenue Service, Case No. 04-5025-PJH (N.D. Cal.), which involved the same claims as

14  those in this action, the Court ruled that Plaintiff was required to file a suit for refund rather than

15  to seek an injunction:

16         Section 1346 must also be read in conjunction with 26 U.S.C. §7421, known as the
          "Anti-Injunction Act," which provides that"no suit for the purpose of restraining the
17         assessment or collection of any tax shall be maintained in any court by any person,
          whether or not such person is the person against whom such tax was assessed."  26
18         U.S.C. §7421(a).  In other words, an aggrieved taxpayer must file a suit for a refund,
          rather than seek an injunction.
19
20  Order Granting Motion to Dismiss, Case No. 04-5025-PJH,  page 4, lines 8-13.

21         Contrary to Plaintiff's allegation, she cannot show irreparable harm because she has an

22  adequate remedy at law, the filing of a refund action.  Ironically, Plaintiff commenced this action

23  with the filing of a Complaint seeking a refund of the very taxes which are at issue in this

24  application for injunctive relief.

25         Alternatively, Plaintiff alleges that she has a cause of action under 26 U.S.C. §7426,

26  which she relies upon to support her Application for a Preliminary Injunction.  By her

27  Application, Plaintiff seeks to enjoin the IRS from collecting on outstanding levies on her alleged

28

1  property.  If the Court grants the relief requested by plaintiff, the property levied on by the IRS

2  will be transferred to the corporation to be paid to plaintiff.  If plaintiff were to prevail in a full

3  trial on the merits by showing the levies were wrongful pursuant to 26 U.S.C. § 7426, or to

4  prevail in a refund action, the same result would occur, the property collected pursuant to the

5  levies would be returned to plaintiff.

6         There is another option open to the Plaintiff - Tax Court.  There is an administrative

7  appeal  currently pending before the IRS Appeals Division.  The issues in the administrative

8  appeal are the same issues as raised in the two district court actions described above.  Pursuant to

9  26 U.S.C. §6330(d)(1), Plaintiff has the ability to appeal an adverse ruling by the IRS Appeals

10 Division to the Tax Court within 30 days of a determination. Accordingly, Tax Court is yet

11 another forum open to the Plaintiff to litigate this issue. Accordingly, the Tax Court is yet

12 another legal remedy available to the Plaintiff.

13        Plaintiff also contends that she "will probably prevail on the merits because THE

14 CORPORATION has not paid her salary for three years ... these levies are in violation of Section

15 6334(s)(2) [sic] of the Act, which requires allow [sic] the payment of wages and salaries."

16        The United States assumes that Plaintiff alleges that her salary is exempt for levy

17 pursuant to 26 U.S.C. §6334 (a)(9) which excludes a "minimum" exemption for wages, salary

18 and other income, the amount of which is set forth in §6334(d)(2), which specifies an amount

19 equal to the standard deduction and the aggregate amount of the deductions for personal

20 exemptions allowed the taxpayer under section 151 in the taxable year of the levy.   Plaintiff has

21 presented no evidence to substantiate that her alleged salary of $325,000 is exempt pursuant to

22 the criteria set forth in §6334(d).

23        To the extent that Plaintiff's argument can be construed to allege that the levy will leave

24 the corporation without funds corporation to operate, this allegation, even if proven, does not

25 establish that the property which is at issue in this action would be irreparably injured.  The

26 property at issue is money.  Should the Court determine at a trial that the levy was wrongful

27 because it was not subject to levy, pursuant to 26 U.S.C. § 6331(a), the money would be returned

28

1  to the plaintiff with interest.  See 26 U.S.C. § 7426(g).  Plaintiff's temporary lack of access to the

2  money does not constitute irreparable injury to the property as required by 26 U.S.C. §

3  7426(b)(1).

4      Moreover, consequential harm to plaintiff's business does not, pursuant to 26 U.S.C. §

5  7426(b)(1), qualify as irreparable injury.  In First Corp. Sedans, Inc. v. United States, 1996 U.S.

6  Dist. LEXIS 3958 (S.D.N.Y. March 27, 1996), the plaintiff claimed that its inability to access the

7  funds levied would cause it to go out of business.  It also argued that the service of levies upon its

8  customers would cause it to lose goodwill and wipe out its customer base.  The court held that

9  the "irreparable harm alleged by First Corporate is not the loss of the levied property, but the

10  consequential risk of losing credit and goodwill."  First Corp. Sedans, Inc. v. United States, 1996

11  U.S. Dist. LEXIS 3958, *11 (S.D.N.Y. March 27, 1996).  "The levies do not threaten First

12  Corporate's rights in the property . . . ."  Id.  First Corporate's failure to show that it would suffer

13  permanent loss of the property as a result of the levy was fatal to its request for a preliminary

14  injunction, even though the loss of access to the funds could potentially cause it to go out of

15  business.  Id.  Similarly, any argument by plaintiff should be rejected.

16      Plaintiff next contends that the levy on the corporation prevents her from paying her

17  current payroll withholding obligations. This allegation is most likely analyzed as a balancing of

18  the hardships. The United States submits that Plaintiff has not presented grounds sufficient to

19  balance the hardships in her favor since she argues that the forced collection of monies to pay

20  outstanding taxes should be released in order to pay other outstanding tax obligations.

21  e.    **The hardship to the United States if the preliminary injunction is granted far
      outweighs any threatened injury to plaintiff.**

22

23      To the extent that Plaintiff is arguing that the corporation will have no funds to operate,

24  there are no assertions as to what it needs the funds levied upon for or just how it will be unable

25  to operate.  Indeed, plaintiff does not include a single reference in either its motion or in the

26  declaration submitted in support as to exactly what its business is, what it does, and just how the

27  levy action by the IRS will be so detrimental.  In other words, plaintiff has not provided specific

28

US Opposition to Application for a
Preliminary Injunction Upon Order to
Show Cause,
C-07-3102-WHA                    8

1  evidence that it will actually go out of business if the preliminary injunction is not issued.  In any

2  case, as previously stated, collateral damage that results from the money being seized does not

3  qualify as irreparable harm when tax collection is at issue.

4      In contrast to the alleged threatened injury to the plaintiff, the United States will be

5  harmed as it will lose the ability to collect the money that has been paid to the corporation. The

6  public should not be required to chance the loss of this money: "taxes are the life-blood of the

7  government, and their prompt and certain availability an imperious need." Bull v. United States,

8  295 U.S. 247, 259 (1934).  If plaintiff uses the money that has currently been levied for other

9  purposes the United States will not be able to collect those funds at a future date.

10  **f.    Any preliminary injunction here would be adverse to the public interest.**

11      A preliminary injunction restraining the IRS from collecting taxes is disfavored.  See

12  Ketcham v. United States, 783 F.Supp. 511, 518 (D. NV. 1991).  "Although district courts are

13  ordinarily given wide discretion in granting or denying preliminary injunctions under Fed. R.

14  Civ. P. 65(a) . . . in the context of suits attempting to restrain the collection of taxes, this

15  discretion is limited by the general policy which disfavors enjoining the taxing authority." Id.

16  (citations omitted).  Because plaintiff seeks to enjoin the IRS from collecting on levies that have

17  been issued and presumably from issuing new levies to collect funds to satisfy unpaid tax

18  liabilities, its request for a preliminary injunction is disfavored and adverse to the public interest.

19  **g    Plaintiff's Request for Injunctive Relief Must Be Denied.**

20      As set forth above, the plaintiff is requesting this Court order the IRS to withdraw its

21  levies and enjoin any further collection activity.  Section 7421 of the Internal Revenue Code is an

22  express statutory bar to suits of the type that the plaintiff seeks to bring here, i.e., a suit to enjoin

23  the collection of federal taxes.  That statute, commonly referred to as the Anti-Injunction Act,

24  provides that, "no suit for the purpose of restraining the assessment or collection of any tax shall

25  be maintained in any Court by any person...".  26 U.S.C. §7421(a).  The statute withdraws from

26  the court jurisdiction to grant injunctive relief restraining the assessment or collection of federal

27  taxes, despite whether jurisdiction to adjudicate a suit in which such relief is sought might

28

1  otherwise exist.  South Carolina v. Regan, 465 U.S. 367 (1987); Church of Scientology v.

2  United States, 920 F.2d 1481, 1484-1486 (9th Cir. 1990).  Activities which relate to the

3  assessment or collection of taxes are within the scope of the Anti-Injunction Act and cannot be

4  enjoined.  Belch v. United States, 595 F.2d 464, 466 (9th Cir. 1979).  The purpose for the Anti-

5  Injunction Act is the "protection of the Government's need to assess and collect taxes as

6  expeditiously as possible with a minimum of pre-enforcement judicial interference and to require

7  that the legal right to the disputed funds be determined in a suit for refund."  Bob Jones

8  University v. Simon, 416 U.S. 725, 736 (1974), see also,  Enochs v. Williams Packing &

9  Navigation Co., 370 U.S. 1, 7 (1962).

10         By its motion, the plaintiff seeks to enjoin the United States' regular tax collection

11  activities.  This is exactly the type of situation the Anti-Injunction Act was promulgated to

12  prevent.  By virtue of the Anti-Injunction Act, the plaintiff cannot stop the United States from

13  collecting upon outstanding tax liabilities. The plaintiff's proper remedy is to proceed with the

14  wrongful levy suit that has already been filed.  Since the Anti-Injunction Act bars the relief

15  requested by the plaintiff in this action, the Court must deny plaintiff's request for a preliminary

16  injunction.

17  **h.    The Only Proper Defendant in This Action is the United States.**

18         To the extent that the Plaintiff is asserting claims against IRS Revenue Officer Kathy

19  Jakabcin and Joseph Smith in their official capacity as employees of the IRS, plaintiff's motion

20  must be denied and its underlying complaint dismissed.  A suit against a federal employee in his

21  or her official capacity, as in the present case, is essentially a suit against the United States.  See

22  Dugan v. Rank, 372 U.S. 609, 620 (1963); Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir.

23  1985).  Moreover, where the relief requested, if granted, would "expend itself on the public

24  treasury" or would "restrain the government from action or interfere with public administration,"

25  the suit constitutes an action against the United States.  Dugan, 372 U.S. at 620; see also Larson

26  v. Domestic & Foreign Commerce Corp., 337 U.S. 682 (1949).

27         Plaintiff is seeking to enjoin Jakabcin and Smith personally because of their role in regard

28

US Opposition to Application for a
Preliminary Injunction Upon Order to
Show Cause,
C-07-3102-WHA                              10

1    to the notices of levy that were issued in connection with the collection of tax liabilities.  As

2    previously discussed, plaintiff is essentially requesting this Court to restrain the government from

3    collecting on a tax assessment.  It is clear from plaintiff's motion and initial pleadings that any

4    involvement of Jakabcin and Smith as defendants in this action is solely by virtue of their actions

5    taken in their official capacities as revenue officers (*i.e.,* pursuing the collection of taxes against

6    the corporation).  As such, this motion and suit are essentially against the United States.

7    Accordingly, since this is an action solely against the United States, the motion for a preliminary

8    injunction against Jakabcin and Smith should be denied and the complaint should be dismissed.

9    **i.        Plaintiff's allegation of a settlement are unfounded.**

10        Plaintiff alleges that "[t]he IRS promised De Edwards that in exchange of dismissing

11   their lawsuit, the IRS would provide an accounting report showing the application of the

12   payments received. The IRS did not provide the to [sic] provide the accounting report, and

13   instead began collection proceedings."  Application, p. 4, lines 21-24.

14        The record shows that Plaintiff agreed to dismiss his pending action to await the results of

15   a pending administrative appeal before the Internal Revenue Service.  In the event that Plaintiff

16   prevailed in her presentation of her case before Appeals, it would be unnecessary to go forward

17   with the suit for refund.  Those allegations are on the record and the United States denies any

18   promises or settlements as grounds for the stipulation to dismiss the action.

19   //

20   //

21

22

23

24

25

26

27

28

US Opposition to Application for a
Preliminary Injunction Upon Order to
Show Cause,
C-07-3102-WHA                    11

1

## IV.    CONCLUSION

2       For the foregoing reasons, the United States requests that the Court deny plaintiff's

3   Application for Preliminary Injunction.

4

5                                           Respectfully submitted,

6                                           SCOTT SCHOOLS
                                            United States Attorney
7

8   Dated: October 16, 2007        By:    /s/ Cynthia Stier
                                           CYNTHIA STIER
9                                          Assistant U.S. Attorney

10                                          Attorneys for the Defendants

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

US Opposition to Application for a
Preliminary Injunction Upon Order to
Show Cause,
C-07-3102-WHA                    12