F. Anthony Edwards SBN 181606
LAW OFFICES OF F. ANTHONY
EDWARDS
1850 Mt. Diablo Boulevard, Suite 650
Walnut Creek, CA 94596
Telephone: 925-947-1600
Facsimile: 925-947-1990

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

SHARON DE EDWARDS, M.D., FACOG,
INC., a corporation, and  SHARON DE
EDWARDS, M.D., as President and officer
of the corporation.

                        Plaintiffs,

         v.

INTERNAL REVENUE SERVICE,
UNITED STATES GOVERNMENT
DEPARTMENT OF THE TREASURY,
KATHY JAKABCIN, JOSEPH SMITH,
Revenue Officers, and Does I through 50,
Inclusive.

                        Defendants,

Case No.: C07-3102 WHA

REPLY TO OPPOSITION TO
APPLICATION AND MOTION FOR A
PRELIMINARY INJUNCTION UPON
ORDER TO SHOW CAUSE

Plaintiffs hereby replies to defendants' opposition.

## I. ADDITIONAL FACTS

The first lawsuit for a refund was brought because defendants failed to advise or

account to Plaintiffs, for any and all payments they received and failed to even

acknowledge the payments. During the first case management conference on the matter,

defendants requested and Plaintiff agreed to dismiss the lawsuit in exchange for an

accounting report, detailing all payments received and the application of the payments. To

date, despite repeated assurance and extension have time, defendants have yet to submit

Reply to Opposition

the accounting report. Instead defendants had their collection division, levy on 100% of THE CORPORATION's account receivable, while at the same time misappropriating, mis-applying, and not accounting for the corporate payments they received. In addition, the collection division applied THE CORPORATIONS payments to statutorily barred alleged tax liabilities of other entities, filing tax returns that had already been filed, assessing these returns and the applying THE CORPORATIONS payment to these unlawful assessment. Moreover, the Court and Plaintiff gave defendants ample time to submit their accounting report so that this matter could have been finalized, one way or the other. Defendants used that opportunity and goodwill, to engage in unlawful behavior.

The evidence is abundantly clear: 1) Defendants have collected $352,226.30 from Plaintiff for which they have never accounted. The cancelled checks, explanation of benefits and supporting documents were submitted to defendants, consisting of 824 exhibits. Defendants have not accounted to any regarding the application of these payments. *See, Exhibit "C" of the complaint.* 2) Plaintiff entire tax liability is $189,101.50. *See, Exhibit "J" of the complaint.* 3) Defendants admitted mis-applying $30,042.00 to other alleged tax that were not part of the agreed upon levies. *See, Exhibit "A" of the complaint, pages 3 through 4 of said exhibit.* 4) Defendants admitted being $32,162.66 in payments being unresolved. *See, Exhibit "I" of the complaint.* 4) Defendants were unable to account for an additional $58,000.00, which they never even mentioned, and 5) Defendants filed and used THE CORPORATION's payments to pay  individual tax returns that Plaintiffs had already filed and paid. *See, Exhibit "C, E, F and G" of the complaint.*

## II. LEGAL STANDARD

A.    Plaintiff has no remedy at law

The time for the Appeals Division to submit their report as they requested has come and gone, despite repeated extensions of time. In the meantime, the defendants set

1
2
3
4
5

out to destroy Plaintiff financially. If the levies, which are not being accounted for, and which greatly exceeds the tax liability is allowed to continue, Plaintiff will have no remedy at law, since she will lose her corporation and she will lose her home. Hence, unless the injunction is granted, no amount of money will undo her injury. *Greater Yellowstone Coalition v. Flowers (10th Cir. 2003) 321 F.3d 1250.*

6
7

At a minimum, defendants should be enjoined until the defendants' Office of Appeal, submits the accounting report.

8

B.    Plaintiff has a both an interest and cognizable right to her property

9
10
11
12

Plaintiff sues both as the president and an officer of the corporation. She owns the corporation and has a right of ownership to its assets. It is a specious argument the defendants make the Plaintiff is an unsecured creditor. Hence, Plaintiff has standing to to bring this injunction.

13

C.    The Corporation has paid all of its tax liabilities

14
15
16
17
18
19

Plaintiff submitted un-controverted evidence showing the tax liability owed, when each return was filed and the amount of payment made. Under no imaginable scenario, could payment of $352,226.30, not extinguish tax liability of $189,101.50. This is the reason why defendants cannot produce the accounting report and instead have resorted to creating other alleged tax liabilities, to which they are applying THE CORPORATION's payments. Plaintiff will prevail on the merits.

20

D.    The balancing of Equities tips in Plaintiff's favor

21
22
23
24
25
26
27

Plaintiff has produced substantial un-controverted evidence, showing a pattern of abuse by two IRS agents. Essentially, they are bleeding THE CORPORATION, for alleged taxes owed, when in fact THE CORPORATION has fully paid its taxes. The defendants' not only stated in court that the accounting report will be forthcoming, they also stated the same to Plaintiff's tax attorney, Mr. Sharmat, on more than one occasion. The public has the right to have its servants perform ethically and lawfully. There is substantial evidence that these two agents performed unethically and unlawfully in an

28

Reply to Opposition                              3

1    attempt to intimidate, harass and punish Plaintiff for seeking her refund.

2            Having forestalled Plaintiff's claim for refund, defendants are coming into court,

3    with unclean hands, to oppose Plaintiff's application for an injunction to stop them from

4    taking any additional assets from THE CORPORATION and to force them to account for

5    what they took. The Court should grant this injunction.

6            The equities tips strongly in Plaintiff's favor since THE CORPORATION fully

7    paid its taxes, and defendants have not submitted one single word to the contrary.

8                                    **III. CONCLUSION**

9            Plaintiff has no remedy at law, she will lose both her corporation and her home, if

10   the unlawful levies are allowed to continue. The levies are unlawful because defendants

11   have admitted applying THE CORPORATION's payments to taxes alleged owed by

12   others that were not covered by the levies. Further, the levies are unlawful because THE

13   CORPORATION has fully paid the taxes that were covered by the levies. Defendants

14   have not submitted any evidence to the contrary.

15           Plaintiff respectfully request the Court to grant her Temporary Restraining Order

16   and after the hearing to grant her preliminary injunction.

17

18   Dated: 10/16/07                              SEIBEL, FINTA & EDWARDS

19

20                                       By:_____/S/_____
                                            F. Anthony Edwards
21                                          Attorney for the Plaintiff

22

23

24

25

26

27

28   Reply to Opposition                         4