1  SCOTT SCHOOLS (SCBN 9990)
   United States Attorney
2  THOMAS MOORE (ASBN 4305-O78T)
   Assistant United States Attorney
3  Chief, Tax Division
   CYNTHIA STIER (DCBN 423256)
4  Assistant United States Attorney
     9th Floor Federal Building
5    450 Golden Gate Avenue, Box 36055
     San Francisco, California  94102
6    Telephone: (415) 436-7000

7  Attorneys for Defendants

8
                 UNITED STATES DISTRICT COURT
9
                NORTHERN DISTRICT OF CALIFORNIA
10
                   SAN FRANCISCO DIVISION
11

12  SHARON DE EDWARDS, M.D.,           )
                                       )    No.  C-07-3102-WHA
             Plaintiff,                )
13                                     )
                                       )
14     v.                              )
                                       )
15  INTERNAL REVENUE SERVICE,          )    **UNITED STATES' REQUEST FOR**
    UNITED STATES GOVERNMENT           )    **APPROVAL TO FILE SUPPLEMENT**
    DEPARTMENT OF TREASURY, KATHY      )    **TO OPPOSITION TO MOTION FOR A**
16  JAKABCIN, JOSEPH SMITH, and Does 1 )    **PRELIMINARY INJUNCTION**
    through 50, Inclusive,             )
17                                     )    Date:   November 1, 2007___
                                            Time:   2:00 p.m.
18           Defendants.

19  _____

20      Pursuant to Rule 7-3(d) of the Local Rules for the Northern District of California, the United

21  States, by and through its undersigned counsel, seeks leave to file this supplement to its

22  Opposition to Motion for Preliminary Injunction.  As grounds for this request, the United States

23  submits the following.

24                     **SUPPLEMENTAL ARGUMENT**

25      Plaintiff filed several lawsuits disputing the amount of tax liability owed by Sharon de

26  Edwards, Inc..  The underlying basis for the lawsuits is the allegation that the IRS is levying

27  funds mainly from insurance companies and not giving proper credit when applying those levied

28  US Request for Approval to File Supplement
    to Opposition to Motion for a
    Preliminary Injunction ,
    C-07-3102-WHA

1  funds to corporation's tax liabilities.  Accordingly, Plaintiff has consistently sought an

2  accounting of the payments received by the IRS in an effort to determine whether those payments

3  were properly credited.

4      In each of the cases, Plaintiff contends that the IRS levied funds sufficient to fully pay the tax

5  liabilities of the corporation.  According to the Plaintiff, an accounting of the levied funds will

6  show an overpayment of  the taxes and establish that a refund is due. See paragraph 20 of

7  Amended Complaint in Case No. C-07-3102-WHA;  Sharon de Edwards, M.D. v. Internal

8  Revenue Service, Case No. 04-5025-PJH (N.D. Cal.); F. Anthony Edwards a/k/a Fernando

9  Edwards v. Commissioner, Docket No. 5022-05L (U.S. Tax Court).[1]

10     Plaintiff commenced the above-captioned case by filing a complaint seeking an accounting

11  which allegedly will establish that a refund is due to the corporation.  Sharon De Edwards, M.D.

12  v. Internal Revenue Service, et al., Case No. C 06-07116 WHA.  Concurrent with the filing of the

13  district court action, Plaintiff filed requests for Collection Due Process ("CDP") hearings with

14  the Appeals Division of the Internal Revenue Service.  Through the CDP hearings, Plaintiff also

15  seeks the same accounting for the levied funds.  Because Plaintiff had administrative Collection

16  Due Process proceedings pending at the same time as the district court action, and the issues

17  were the same, the parties stipulated to dismissal of the district court proceeding without

18  prejudice in order to allow Plaintiff the opportunity to resolve the dispute administratively.  By

19  Order dated March 15, 2007, this Court granted the parties request and dismissed the action

20  without prejudice to refiling the complaint on or before July 13, 2007.  See Exhibit D to First

21  Amended Complaint for Refund of Taxes.

22     Subsequent to the March 15, 2007 Order dismissing the district court action, the following

23  two events occurred with respect to the CDP administrative proceedings:

24     1. On April 19, 2007, an additional request for a CDP hearing was received by the IRS

25  Appeals Division.  The hearing was scheduled to occur telephonically on July 10, 2007;

---

[1]Although the caption is in Mr.Edwards'name, he brings up Mrs. Edwards' taxes in the petition.

US Request for Approval to File Supplement
to Opposition to Motion for a
Preliminary Injunction ,
C-07-3102-WHA                           2

1   however, neither the taxpayer nor the representative was available.  Accordingly, the IRS

2   Appeals Officer sent a letter on July 10, 2007, giving the taxpayer until July 25, 2007, to submit

3   additional documentation for consideration. See Exhibit 1 to Declaration of Cynthia Stier, page

4   2; Exhibit 2 to Stier Declaration, page 2; Exhibit 3 to Stier Declaration, page 1; Exhibit 4 to Stier

5   Declaration, page 2.

6       2.  On May 30, 2007, taxpayer submitted a third CDP hearing request.  The third hearing was

7   conducted face to face on August 13, 2007. See Exhibit 1 to Stier Declaration, page 5; Exhibit 2

8   to Stier Declaration, page 5; Exhibit 3 to Stier Declaration, pages 4-5; Exhibit 4 to Stier

9   Declaration, page 5.

10      Because the IRS Appeals Division had not yet rendered its decision, on or about June 13,

11  2007, Plaintiff re-filed a Complaint "out of an abundance of caution..."  Amended Complaint,

12  paragraph 22.  Plaintiff alleges that the complaint was not served "so as to allow the IRS Office

13  of Appeal more time to comply with providing the report."  Amended Complaint, paragraph 22.

14      By Order entered September 27, 2007, the Court ordered Plaintiff to serve Defendants by

15  October 27, 2007.  To date, the individual defendants have not been served with process.  The

16  United States of America, the real party in interest, has not been served.  The docket does not

17  show service of process upon any defendant to date.

18      On October 15, 2007, Plaintiff filed a Motion for Preliminary Injunction seeking to enjoin the

19  IRS from administrative collection activities.

20      Pursuant to this Court's request, the United States responded to the Motion for Preliminary

21  Injunction on October 16, 2007.

22      Subsequent to the government's response, on October 24, 2007, the IRS Appeals Division

23  issued its Decision Letter and Notices of Determination.   The issues underlying the Collection

24  Due Process hearings are the same as the issue raised in this action - whether the taxpayer has

25  presented evidence to show that the monies collected by levy were not properly applied to the

26  corporation's federal tax liabilities.  See Exhibits 1 through 6 to Stier Declaration.

27      The United States seeks leave to Supplement its Opposition to Motion for a Preliminary

28

US Request for Approval to File Supplement
to Opposition to Motion for a
Preliminary Injunction ,
C-07-3102-WHA                              3

Injunction to submit the findings of the IRS Appeals Division.

### Findings of the IRS Appeals Division - CDP Hearing

The IRS Appeals Officer considered the following issues raised by the taxpayer corporation for the following tax periods:

### Decision Letter  - Exhibit 3 to Stier Declaration

Form 941 employment tax liability for all four quarters of 1996;

Form 941 employment tax liability for all four quarters of 1997;

Form 941 employment tax liability for first three quarters of 2005.

### Notice of Determination Letter - Exhibit 2 to Stier Declaration

Form 941 employment tax liability for first and second quarters of 2006;

Civil Penalty for period ending December 31, 2003 (26 U.S.C. §6721) .

### Notice of Determination Letter - Exhibit 1 to Stier Declaration

Form 941 employment tax liability for first three quarters of 1998;

Form 940 employment tax liability for 2005.

### Notice of Determination Letter - Exhibit 4 to Stier Declaration

Form 941 employment tax liability for third quarter of 2006.

\*          \*          \*          \*          \*

### Summary of Determination

The IRS Appeals Officer sustained the filed Notices of Federal Tax Lien and sustained administrative collection activity.  The taxpayer submitted numerous documents which failed to support the allegation that the taxes had been paid in full.  See page 2 of Exhibits 1, 2 and 4 and page 1 of Exhibit 3.

### Issues Raised by Taxpayer

1.  Tax Liabilities

Taxpayer alleged that the IRS tax amounts were incorrect. The Appeals Officer compared the tax liabilities reported on the Forms 941 provided by the taxpayer and the IRS transcripts and found that the amount of tax matched.  See page

US Request for Approval to File Supplement
to Opposition to Motion for a
Preliminary Injunction ,
C-07-3102-WHA                                4

## 2.  Tax Returns Timely Filed.

Taxpayer alleged that the Forms 941 and 940 had been timely filed but provided no evidence of the date of filing.  The Appeals Officer relied on current computer information and transcripts to determine the date of filing of these returns.  Accordingly, taxpayer presented no evidence to refute the IRS transcripts.

## 3.  Tax Assessments Invalid

Taxpayer alleges the tax assessments are not valid because they were not timely assessed, because the IRS failed to timely notify the taxpayer of the assessments and because the IRS filed multiple liens.   The Appeals Officer reviewed the transcripts to determine that the assessments were timely as they showed that the assessments were made when the tax returns were filed.  As stated above, the taxpayer provided no evidence to show the tax returns were filed on dates other than those set forth in the IRS transcripts.  Pursuant to the transcripts, the assessments are timely.  The IRS transcripts show that notices were timely sent to the taxpayer. This issue is also dependent on the filing date of the tax returns.  The issue concerning the filing of multiple Notices of Federal Tax Lien does not affect the validity of the assessment.

## 4.  Taxpayer billed for another company's tax liability.

IRS transcripts revealed that a notice sent to the taxpayer's address stated a different taxpayer with an Employment Identification Number different from the taxpayer.  The Appeals Officer reviewed the IRS transcripts and found that the taxpayer was not charged/assessed with the liability for the other taxpayer.

## 5.  Payment Application.

Taxpayer submitted over 800 documents alleging that the payments were not properly applied to the taxpayer's outstanding tax accounts. The Appeals Officer reviewed the documents and determined:

(1) Taxpayer alleged that specific payments were applied to the sole proprietorship.  The Appeals Officer reviewed the payments and determined they were not applied to the sole proprietorship.

US Request for Approval to File Supplement
to Opposition to Motion for a
Preliminary Injunction ,
C-07-3102-WHA                    5

1   (2) The 800 documents provided were analyzed by the Appeals Officer and to the extent

2   possible, the payments were shown on a spreadsheet. See Exhibits ___, __ and ___ to Stier

3   Declaration. To the extent that the Appeals Officer could analyze the documents provided, the

4   spreadsheet shows the application of payments to the tax liability. See Exhibit ___. To the

5   extent that the document could not be traced, the Appeals Officer noted the reason in the

6   "Comments." Many of the alleged payments could not be traced because (1) taxpayer provided

7   very few canceled checks; (2) taxpayer provided few canceled checks which shoed both sides of

8   check to verify endorsement by IRS; (3) some checks showed endorsement by non-IRS

9   individuals.

10                      6.   Payments Not Applied Timely

11  Taxpayer alleged that additional penalties and interest accrued because the IRS failed to

12  timely apply levy payments. The Appeals Officer reviewed computer information, case file

13  documentation and taxpayer's documentation and determined that the vendors often sent a copy

14  of the notices of levy attachment to the taxpayer on a date earlier than the levied funds were sent

15  to the IRS.

16                      7.   Designation of levy payments.

17  The Appeals Officer found that the payments were applied to tax, then penalty and interest in

18  accordance with the Internal Revenue Manual. To the extent that taxpayer may be arguing the

19  right to designate the levy payments to a certain tax quarter, the taxpayer is misguided.

20                      8.   Taxes Paid in Full

21  Taxpayer claims to have overpaid taxes in the amount of approximately $82,000. The

22  Appeals Officer, pursuant to IRS transcripts, determined that the taxpayer owes $181,343.50,

23  calculated through October 31, 2007. That amount includes $71,095.00 in tax, with statutory

24  additions accruing at the rate of $952.85 per month.

25                      9.   Bankruptcy

26  Taxpayer alleged that the IRS improperly applied payments from the corporation to the

27  corporate officer's older sole proprietorship liability. The Appeals Officer reviewed the alleged

28
US Request for Approval to File Supplement
to Opposition to Motion for a
Preliminary Injunction ,
C-07-3102-WHA                           6

1  payments in dispute and concluded that they were not applied to the sole proprietorship

2  liabilities.

3                    10.     Timeliness of IRS actions.

4      Taxpayer alleges that the IRS created or contributed to tax liabilities by failing to take rapid

5  collection action.  The Appeals Officer determined that the taxpayer's repeated failure to file

6  required tax returns and information timely and/or failure to pay taxes on time for over a decade

7  resulted in tax liabilities.  The IRS records also show that the IRS has taken enforced collection

8  activity.

9                    11. Interest and Penalty abatement

10     Taxpayer seeks interest and penalty abatement on the grounds that the tax returns were timely

11  filed and IRS collection was not taken timely.  The Appeals Officer rejected this request on the

12  grounds that the IRS transcripts did not show timely returns filed and the obligation to timely file

13  and pay taxes belongs to the taxpayer.

14                    12.     Lien withdrawal

15     Taxpayer requests withdrawal of the Notices of Federal Tax Lien on the grounds that the

16  taxes have been overpaid.  The Appeals Officer rejected this request because pursuant to IRS

17  transcripts, taxpayer owes $181,343.50, calculated through October 31, 2007.  That amount

18  includes $71,095.00 in tax, with statutory additions accruing at the rate of $952.85 per month.

19                    13.  Offer in compromise

20     Taxpayer failed to submit the appropriate forms and this issue could not be considered.

21                    14.  On going collection activity

22     The taxpayer requested that the IRS cease forced collection during the pendency of the

23  present hearings.  Pursuant to 26 U.S.C. §6030(e), "the levy actions which are the subject of the

24  requested hearing .... shall be suspended for the period during which such hearing, and appeals

25  therein, are pending."  The current levy activities are with respect to tax periods for which

26  taxpayer had a prior CDP hearing or for which periods for which hearing were not timely

27  requested.

28  US Request for Approval to File Supplement
    to Opposition to Motion for a
    Preliminary Injunction ,
    C-07-3102-WHA                              7

See Exhibits 1, 2, 3 and 4 to Stier Declaration.

The IRS Appeals determinations, as summarized above, and as shown in the Notices submitted with the Declaration of Cynthia Stier, further support the Government's Opposition to the Motion for Preliminary Injunction as these decisions show that the government can prevail on the merits.

## IV.    CONCLUSION

For the foregoing reasons, the United States requests leave to file this Supplement to its Opposition to Plaintiff's Motion for a Preliminary Injunction.  Also, for the reasons set forth in this Supplement and the government's previous Opposition, plaintiff's Application for Preliminary Injunction is due to be denied.


                                        Respectfully submitted,

                                        SCOTT SCHOOLS
                                        United States Attorney

Dated: October 31, 2007            By:  /s/ Cynthia Stier
                                        CYNTHIA STIER
                                        Assistant U.S. Attorney

                                        Attorneys for the Defendants

US Request for Approval to File Supplement
to Opposition to Motion for a
Preliminary Injunction ,
C-07-3102-WHA                          8

1

**CERTIFICATE OF SERVICE**

2

I, **KATHY TAT** declare:

3

That I am a citizen of the United States of America and employed in San Francisco County,

4

California; that my business address is Office of United States Attorney, 450 Golden Gate

5

Avenue, Box 36055, San Francisco, California 94102; that I am over the age of eighteen years,

6

and am not a party to the above-entitled action.

7

I am employed by the United States Attorney for the Northern District of California and

8

discretion to be competent to serve papers.  The undersigned further certifies that I caused a copy

9

of the following:

10    **UNITED STATES' REQUEST FOR APPROVAL TO FILE SUPPLEMENT TO
OPPOSITION TO MOTION FOR A PRELIMINARY INJUNCTION and**

11    **DECLARATION OF CYNTHIA STIER IN SUPPORT OF UNITED STATES' REQUEST
FOR APPROVAL TO FILE SUPPLEMENT TO OPPOSITION TO MOTION FOR A**

12    **PRELIMINARY INJUNCTION**

13    to be served this date upon the party(ies) in this action by placing a true copy thereof in a sealed
envelope, and served as follows:

14

15    _____  **FIRST CLASS MAIL** by placing such envelope(s) with postage thereon fully prepaid in
the designated area for outgoing U.S. mail in accordance with this office's practice.

16    _X___  **PERSONAL SERVICE (BY MESSENGER/HAND DELIVERED)**

17    _____  **FACSIMILE (FAX)** No.: _____

18    to the parties addressed as follows:

19    F. Anthony Edwards

20    Law Offices of F. Anthony Edwards
1850 Mt. Diablo Blvd., Ste. 650

21    Walnut Creek, CA 94596

22    I declare under penalty of perjury under the laws of the United States that the foregoing is

23    true and correct.

24

25    Executed on **October 31, 2007** at San Francisco, California.

26

27    _____  /s/ Kathy Tat
**KATHY TAT**

28    **Legal Assistant**