| Internal Revenue Service | Department of the Treasury |
|---|---|

Appeals Office
201 North Civic Dr., Suite 220
Walnut Creek, CA 94596

Date:  **OCT 2 4 2007**

SHARON DE EDWARDS M D INC
3903 LONE TREE WAY STE 304
ANTIOCH CA 94509

**Person to Contact:**
Linda L. Cochran
Employee ID Number: 94-06440
Tel:  (925) 927-4718
Fax:  (925) 927-4725
Refer Reply to:
AP:FW:WAL:LLC
**Taxpayer Identification Number:**
7910
**Tax Type/Form Number:**
941, 940
**In Re:**
Collection Due Process Hearing
(Tax Court)
**Tax Period(s) Ended:**
03/1998 06/1998 09/1998 12/2005
12/2005

**COPY**

Certified Mail

## NOTICE OF DETERMINATION
### CONCERNING COLLECTION ACTION(S) UNDER SECTION 6320 and 6330

Dear Sharon De Edwards M D Inc:

We have reviewed the collection actions that were taken or proposed for the periods shown above. This letter is your Notice of Determination, as required by law. A summary of our determination is stated below. The attached statement shows, in detail, the matters we considered at your Appeals hearing and our conclusions about them.

If you want to dispute this determination in court, you must file a petition with the United States Tax Court within 30 days from the date of this letter.

To obtain a petition form and the rules for filing a petition, write to: Clerk, United States Tax Court, 400 Second Street, NW, Washington, D.C. 20217, or access the Tax Court website at www.ustaxcourt.gov.

In addition to the regular United States Tax Court procedures, the United States Tax Court also has a simplified procedure for an appeal under section 6330(d)(1)(A) of a determination in which the unpaid tax does not exceed $50,000. You may also obtain information about this simplified procedure by writing to the United States Tax Court or accessing the United States Tax Court website at www.ustaxcourt.gov.

The time limit (30 days from the date of this letter) for filing your petition is fixed by law. The courts cannot consider your case if you file late. If an appeal is filed in the incorrect court (e.g., United States District Court), you will not be able to refile in the

Exhibit 1

United States Tax Court if the time period for filing a Tax Court petition has expired.

If you do not petition the court within the time frame provided by law, your case will be returned to the originating IRS office for action consistent with the determination summarized below and described on the attached page(s). If you have any questions, please contact the person whose name and telephone number are shown above.

**Summary of Determination**

The determination is to sustain the filed Notices of Federal Tax Lien and to sustain collection activity. The taxpayer submitted financial information but documented no hardship created by the filed liens. The taxpayer's numerous documents were considered but were insufficient to document that the taxpayer has paid the subject periods in full. The taxpayer requested no collection alternatives to be considered and is not presently eligible for consideration within collection alternative programs.

Sincerely,

Richard Stefanski
Appeals Team Manager

Enclosure(s): Attachment

## *Brief Background*

The taxpayer entity is a medical corporation that operates the medical practice of Sharon De Edwards. Both Sharon De Edwards and her spouse Fernando Edwards are corporate officers of the taxpayer entity. The taxpayer entity filed its employment tax returns for the subject periods, reporting unpaid tax on each of those returns. The subject liabilities represent the tax reported by the taxpayer plus statutory additions. The employment tax for the subject periods has been confirmed by the information supplied by the taxpayer. See attachment #3 for further information. The taxpayer entity also owes a civil penalty assessed under Internal Revenue Code (IRC) § 6721 for the period ending December 31, 2003.

Current computer information shows that the taxpayer entity has failed to file the following required employment tax returns and corporate income tax returns to date:

- Forms 941 for the 4th Quarter of 2006 and for the 2nd Quarter of 2007
- Forms 1120 for the years 2004, 2005, and 2006
- Forms 940 for the years 1996, 1997, and 2006

In addition, computer information shows that the taxpayer entity has made none of its required federal tax deposits for the 2nd and 3rd Quarters of 2007 to date. The taxpayer, therefore, is an in-business trust fund repeater, in accordance with IRM 5.14.7.2(4).

Computer information shows that the taxpayer entity owes presently assessed periods totaling $181,343.50, calculated through October 31, 2007. Of that amount, $71,095.00 represents unpaid tax, with statutory additions accruing at the present rate of $952.85 per month.

Current computer information also shows that the taxpayer's representative represents the taxpayer for the following specific tax forms and periods:
- Forms 941 for the periods from the 2nd Quarter of 1994 through the 4th Quarter of 2005, inclusive
- Forms 1120 for the years 1990 through 2005, inclusive
- Forms 940 for the years 1990 through 2005, inclusive

The taxpayer entity requested the present hearings in conjunction with hearings regarding the corporate officers. As a result, the taxpayer's hearings were held in conjunction with corporate officers' hearings.

On August 14, 2006 the taxpayer corporate entity requested a hearing regarding lien and levy issues regarding employment tax returns Forms 941 for the periods from January 1991 to the [then] present. Computer information shows, however, that the taxpayer corporation entity filed no employment tax returns for any of the quarters within

the years 1991, 1992, 1993, 1994, and 1995. In addition, computer information shows that the taxpayer has no Collection Due Process (CDP) hearing rights under either Internal Revenue Code (IRC) § 6320 or 6330 with respect to employment tax return Form 941 for the 2nd Quarter of 2000 and has no CDP hearing rights under IRC § 6330 with respect to Forms 941 for the 2nd and 3rd Quarters of 2006 and with respect to the civil penalty for 2003. The taxpayer's request for a hearing with respect to these periods and/or issues, therefore, cannot be considered within the hearings.

Computer information also shows that the taxpayer has had prior hearings with respect to both the lien and the levy issues for a number of periods, as follows:

- Form 941 for the 4th Quarter of 1998
- Forms 941 for the 1st, 2nd, 3rd, and 4th Quarters of 1999
- Forms 941 for the 1st, 3rd, and 4th Quarters of 2000
- Forms 941 for the 1st, 2nd, 3rd, and 4th Quarters of 2001
- Forms 941 for the 1st, 2nd, 3rd, and 4th Quarters of 2002
- Forms 941 for the 1st, 2nd, 3rd, and 4th Quarters of 2003
- Forms 941 for the 1st, 2nd, 3rd, and 4th Quarters of 2004

The taxpayer had prior opportunities to raise issues with Appeals with respect to these periods. Appeals, therefore, cannot consider these periods within the present hearings. See attachment #1 for additional information.

The taxpayer entity requested a face-to-face hearing and requested that the hearing be audio-recorded. As a result, the taxpayer's hearing was conducted face-to-face on March 7, 2007 in the office of Internal Revenue Service Appeals at 201 North Civic Drive, Suite 220, Walnut Creek, CA. 94596 with the taxpayer husband, the Settlement Officer, and the Appeals Team Manager in physical attendance. The taxpayer husband's representative attended via telephone conference call. As per the request of the taxpayer, this hearing was audio-recorded by the taxpayer and by IRS Appeals.

On January 10 2007 the taxpayer entity submitted a 2nd additional hearing request for any additional periods. This additional request for a hearing was not received by Appeals until April 19, 2007, which date was after the taxpayer's prior hearing had been conducted. As a result, as per IRS correspondence dated June 19, 2007, a second hearing was scheduled to occur telephonically on July 10, 2007 at 9:00 AM PDT and was to be held regarding employment tax returns Forms 941 for the 1st and 2nd Quarters of 2006 and regarding the civil penalty for 2003. On July 10, 2007 at 9:00 AM PDT, the Settlement Officer attempted to call the taxpayer at the corporate officer's telephone number, as listed on taxpayer's hearing request Form 12153. Neither the taxpayer entity nor the corporate officer was available at that telephone number on that date and time. The Settlement Officer then sent another letter dated July 10, 2007 giving the taxpayer through the close of business on July 25, 2007 to submit additional information an/or documentation to be considered within the hearing.

On May 30, 2007 the taxpayer entity submitted a 3rd hearing request regarding any additional Forms 941 periods. This 3rd request for a hearing was not received by Appeals until June 29, 2007 and, thus, could not be included within either of the taxpayer's 2 prior hearings. As a result, the taxpayer was given a 3rd hearing with respect to lien and levy issues for employment tax return Form 941 for the 3rd Quarter of 2006. This 3rd hearing was conducted face-to-face on August 13, 2007 in the office of Internal Revenue Service Appeals at 201 North Civic Drive, Suite 220, Walnut Creek, CA. 94596. Corporate officer Fernando Edwards and the Settlement Officer were in attendance throughout the meeting. The taxpayer's representative was initially not available but subsequently joined the hearing in process via telephone. This 3rd hearing was not audio-recorded by the taxpayer or IRS.

The taxpayer provided financial information but requested no collection alternative to be considered within the hearings. The Settlement Officer provided the taxpayer entity with current transcripts of its tax accounts.

## Discussion and Analysis

The IRS Restructuring and Reform Act of 1998, section 3401, created Internal Revenue Code sections 6320 and 6330, which provide for a hearing before Appeals either after a lien is first filed on an account or before a levy/seizure is about to be made for the first time.

As part of the Due Process hearing, Appeals must address the following three major areas:

- Address all issues raised by the taxpayer(s).
- Verify that requirements of law and administrative procedure have been met according to the Internal Revenue Code, Internal Revenue Manual, and official memorandums.
- Address whether the proposed collection action balances the need for efficient collection with the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary.

## Issue(s) raised by the taxpayer

1. Tax liabilities

The taxpayer stated that IRS filed Forms 941 on behalf of the taxpayer and that the IRS tax amounts are incorrect. The taxpayer provided copies of Forms 941 for all quarterly periods of 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, 2004, 2005, 2006 and for the 1st and 2nd Quarters of 2007, stating that these copies show accurate tax amounts for each of the quarterly periods.

The Settlement Officer again noted that the taxpayer has had prior hearings regarding lien and levy issues for the following periods:

- Form 941 for the 4th Quarter of 1998
- Forms 941 for the 1st, 2nd, 3rd, and 4th Quarters of 1999
- Forms 941 for the 1st, 3rd, and 4th Quarters of 2000
- Forms 941 for the 1st, 2nd, 3rd, and 4th Quarters of 2001
- Forms 941 for the 1st, 2nd, 3rd, and 4th Quarters of 2002
- Forms 941 for the 1st, 2nd, 3rd, and 4th Quarters of 2003
- Forms 941 for the 1st, 2nd, 3rd, and 4th Quarters of 2004

The taxpayer had prior opportunities to raise issues with Appeals with respect to these periods. Appeals, therefore, cannot consider these periods within the present hearings. See attachment #1 for additional information.

To the extent that this issue can be considered relative to the hearing periods, the Settlement Officer reviewed the taxpayer's copies of Forms 941 returns and compared these with tax reported on current tax transcripts for these same periods. The Settlement Officer noted that the tax on the transcripts matches tax reported on the taxpayer's copies of these same returns. The Settlement Officer, therefore, cannot consider this issue further at this time.

2. Tax returns and tax information timely filed

The taxpayer said that the taxpayer's subject employment tax returns Forms 941 and Form 940 and other tax information forms were timely filed. The taxpayers provided no documentation to support this statement.    The Settlement Officer provided the taxpayer with current transcripts of its tax accounts.

Current computer information and transcripts show that IRS received the subject tax returns as follows:

- December 8, 2005 – IRS received Forms 941 for the 1st, 2nd, 3rd, and 4th Quarters of 1996, Forms 941 for the 1st, 2nd, 3rd, and 4th Quarters of 1997, and Form 941 for the 3rd Quarter of 2005
- February 24, 2006 – IRS received Forms 941 for the 1st, 2nd, and 3rd Quarters of 1998, Form 941 for the 4th Quarter of 2005, and Form 940 for 2005
- April 30, 2005 – IRS received Form 941 for the 1st Quarter of 2005
- July 31, 2005 – IRS received Form 941 for the 2nd Quarter of 2005
- April 30, 2006 – IRS received Form 941 for the 1st Quarter of 2006
- August 14, 2006 – IRS received Form 941 for the 2nd Quarter of 2006
- October 31,2006 – IRS received Form 941 for the 3rd Quarter of 2006

To the extent that the transcripts show a specific tax return as filed on its due date, the Settlement Officer does not dispute the taxpayer's statement. With regards to the periods that the transcripts show tax returns or tax information as not being timely filed, the Settlement Officer noted that the taxpayer provided no documentation supporting its assertion of timely filing for these tax returns and/or tax information.

3. Tax assessments invalid

The taxpayer husband that the assessments for the subject periods are invalid because IRS failed to assess the taxes within time permitted by statute, because the IRS failed to provide timely notice to the taxpayer, and because IRS filed multiple liens against the taxpayer.

Computer information does not support the taxpayer's statement. Computer information shows that the subject returns were assessed as these subject returns were received from the taxpayer. See No. 2 above regarding the time the subject returns were received. The taxpayer provided no documentation regarding earlier filing of the late filed returns. Computer information also shows that notices for the subject returns were issued to the taxpayers within the timeframes required by IRC § 6303.

The taxpayer also challenged the tax assessments based on multiple liens filed regarding these subject periods. The filing or non-filing of Notices of Federal Tax Lien does not affect the validity of tax and/or penalty assessments. The taxpayer's point, in this regards, is misguided.

The taxpayer otherwise failed to document how or why the subject liabilities were invalid. The Settlement Officer, therefore, could not consider this issue further.

4. Taxpayer billed for another company's tax liability

In a letter dated April 20, 2007 the taxpayer stated that it was being billed for employment taxes (Form 941 for the 4th Quarter of 2006) for a different corporate entity. The taxpayer attached a copy of referenced billing. The Settlement Officer reviewed the documentation provided and noted that, while the IRS bill showed the same business address as the taxpayer, that bill references a different corporation name and references a different Employer Identification Number (EIN). Current computer information also confirms that the taxpayer is not being billed for another entity's tax. The taxpayer's statement that it is being billed for another entity's taxes, thus, is incorrect.

5. Payment application

The taxpayer said that the IRS tax transcripts do not show all of the payments that the taxpayer has made and/or that the IRS has received through levy activity. The taxpayer

submitted over 800 documents regarding amounts that the taxpayer states IRS took but failed to credit on the taxpayers' accounts.

The Settlement Officer reviewed the documents submitted. See attachments #2 and 4.

Payment Application Spreadsheet Note: The taxpayer submitted a wide range of documentation with regards to payment application.  In general, the taxpayer's documentation fell into 3 tiers, as follows:

- **Tier #1** – copy of check to the IRS and/or copies of correspondence indicating a specific payment was or would be paid to the IRS.

- **Tier #2** - copy of correspondence or billing indicating that an amount was attached by a levy or lien of a non-specific taxing agency. Documentation at this tier does not clearly show that IRS was to receive these funds. Indeed, the taxpayers' documentation shows amounts frequently attached, for example, by the California Franchise Tax Board (FTB) and by the California Employment Development Department (EDD).

- **Tier #3** – billings and documents showing no proof that these funds were sent to the IRS.

The Settlement Officer also noted that the taxpayer not infrequently copied the same billing twice or more when calculating amounts it believed were paid to the IRS.  To the extent possible, these duplications have been grouped together on the spreadsheet.

During the hearing, the taxpayer referenced, by exhibit number, specific payments that the taxpayer believes were misapplied from the taxpayer corporation to a prior sole proprietorship run by the corporate officers.  These exhibit numbers were stated as being exhibit #s 69, 70, 84, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103,104, 105, 106, 107, 140, and 141.  The taxpayer's documentation did not, however, include a copy of exhibit # 100.  The taxpayer, nevertheless, referenced exhibit # 100 as being in the amount $39.60.  All of these exhibit numbers and/or referenced amounts were, in fact, located and were not, as the taxpayer alleged, applied to the corporate officers' prior sole proprietorship entity.    See attachment #2 for further specific information.

Analysis of the 800+ documents submitted shows numerous payments with documentation insufficient to determine whether or not IRS received these funds. To the extent that these funds were locatable, the payment spreadsheet so indicates. Frequently, however, payments were not locatable and had insufficient documentation to permit IRS to trace these payments further.  The taxpayer, in fact, provided very few cancelled checks and even fewer cancelled checks showing both sides of the cancelled check so that IRS endorsement data could be viewed.  Of the few cancelled checks with back information provided, specifically exhibit #s 541, 618, and 619, these checks show

no IRS endorsement data but, instead, appear to be endorsed by an individual, not by IRS. Without additional documentation, therefore, the Settlement Officer could not consider these payments further.    See attachments #2 and #4 for further information.

6.  Payments not applied timely

The taxpayer said that IRS received levy payments but did not apply the payments timely, thus generating additional penalties and interest for the taxpayer.    Computer information, case file documentation, and the taxpayer's documentation do not support the taxpayer's statement.    The case administrative file and case documentation do show, however, that vendors frequently sent notices of levy attachment to the taxpayer on a particular date but then failed to remit those same levy proceeds to the IRS until much later.

7.  Designation of levy payments

The taxpayer said that all levy payments should applied first to tax for all the subject periods and then, after the tax is paid, apply payments to penalties and interest.  To the extent that this statement applies to a specific period and is considered period by period, the Settlement Officer does not dispute this statement.  Current tax transcripts, indeed, show that levy proceeds were applied in accordance with the law and IRS policies and procedures, being applied first to tax, then to penalties, and then to interest, period by period.

To the extent that the taxpayer means that levy proceeds should be applied first to all tax for all tax periods or that the taxpayer has the right to designate levy proceeds, the taxpayer is misguided. The Settlement Officer confirmed that levy proceeds were applied in accordance with IRC § 6342, Internal Revenue Manual (IRM) 5.11.4.4, IRM 5.11.5.5, and IRM 5.17.3.3.7.6.

8.  Taxes as full paid

The taxpayer said that it has full paid all amounts and believes, in conjunction with the corporate officers, that it is owed approximately $82,000 in refunds from IRS.  The taxpayer said that this issue is based on the issue of payment application.  Computer information and the taxpayer's documentation do not, however, support this statement. See No. 4 above.

9.  Bankruptcy

The taxpayer said that the taxpayer's corporate officers and their prior sole proprietorship entity filed a bankruptcy petition in late 1995.  The taxpayer said that IRS then took funds from the taxpayer and applied these funds to the corporate officers' older sole proprietorship entity.  During the hearing, the taxpayer referenced, by exhibit number, specific payments that the taxpayer believes were misapplied from the

taxpayer corporation to a prior sole proprietorship run by the corporate officers. These exhibit numbers were stated as being exhibit #s 69, 70, 84, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103,104, 105, 106, 107, 140, and 141. The taxpayer's documentation did not, however, include a copy of exhibit # 100. The taxpayer, nevertheless, referenced exhibit # 100 as being in the amount $39.60.

The Settlement Officer noted that the referenced sole proprietorship entity has not present CDP hearing rights. Appeals can consider this issue, therefore, only in regards to the payment application issue. See No. 4 above. All of these exhibit numbers and/or referenced amounts were, in fact, located and were not, as the taxpayer alleged, applied to the corporate officers' prior sole proprietorship entity. See attachment #2 for further specific information.

10. Timeliness of IRS actions

The taxpayer alleged that IRS created or contributed to some or all of the subject tax liabilities by failing to take rapid enforced collection activity. The Settlement Officer noted, however, that the taxpayer itself has the statutory obligation to file its required tax returns timely and to pay its taxes timely. The subject liabilities, in fact, are the result of the taxpayer's repeated failure to file required returns and information on time and/or failure to pay required taxes on time for over a decade. Current computer information shows that the taxpayer's failure to file and pay continues to the present.

Case history shows that, in regards to the taxpayer, IRS has repeated requested returns to be filed, has repeatedly requested payment to be made, has repeatedly filed liens, and has repeatedly taken enforced collection activity. Nevertheless, the taxpayer has still not filed all of its required returns and has still failed to pay its required taxes timely, even after the present hearings were requested. The taxpayer's statement, thus, is not persuasive.

11. Interest and penalty abatement

The taxpayer said it filed all of its required tax returns and tax information forms timely. The taxpayer also said that additional interest and penalties have accrued because IRS failed to take timely action and/or because IRS failed to apply levy proceeds timely. To the extent that these statements represent requests for penalty abatement, the Settlement Officer considered this issue along the taxpayer's information and documentation. See Numbers 2, 4, 5, and 8 above. The taxpayer's information and documentation regarding the penalties were considered but failed to meet the criteria for penalty abatement.

The taxpayer's statements were also considered as requests for interest abatement. The taxpayer's information and documentation again was considered. See Numbers 2,

4, 5, and 8 above. The taxpayer's information and documentation failed to meet the criteria for interest abatement in accordance with IRC § 6404.

12. Offer in compromise

On the taxpayer's request for a hearing Form 12153 signed on May 30, 2007, the taxpayer indicated that it was requesting an offer in compromise. The taxpayer subsequently submitted financial information but, during the hearing on August 13, 2007, the taxpayer stated that it believed that it had paid all amounts owed. Presumably as a result, the taxpayer failed to submit Form 656 Offer in Compromise and failed to state what amount it proposed to pay. The Settlement Officer, therefore, could not consider this issue further.

13. On-going levy activity

The taxpayer requested that IRS stop issuing levies while the present hearings are under consideration by Appeals. The taxpayer provided copies of levies recently issued by IRS Compliance Function. The Settlement Officer reviewed the copies of levies submitted and confirmed that the recent levies issued by IRS were issued in accordance with IRM 5.1.9.3.5. The Settlement Officer then explained to the taxpayer that the tax periods shown on the levies were either periods for which had a prior hearing had occurred and/or were periods for which hearings were not requested timely. IRS could and did issue levies on those periods, as per IRM 5.1.9.3.5. The Settlement Officer, thus, cannot consider this issue further

The Settlement Officer, therefore, could not consider this issue further.

The taxpayer raised no other issues.

**_Requirements of law and administrative procedures_**

I have reviewed the administrative file as well as transcripts for the liabilities listed above. I have also reviewed all documentation submitted by Sharon De Edwards MD Inc. After review, it is my finding that the requirements of any applicable law or administrative procedure have been met on this case.

This Settlement Officer has had no prior involvement with respect to these appealed liabilities.

## *Offers of Collection Alternatives*

The taxpayer submitted financial information but requested no specific collection alternative(s) to be considered.

## *Balancing efficient collection with legitimate concerns of taxpayer*

The taxpayer expressed concern regarding the filed liens and concerning the proposed collection activity.  The taxpayer's concerns generally fall into three areas: (1) validity of the assessments, (2) payment application, and (3) correctness of IRS actions.

The Settlement Officer balanced the taxpayer's first area of concern by reviewing and confirming that the hearing periods were properly assessed.

The Settlement Officer balanced the taxpayer's second area of concern by reviewing and analyzing the over 800 documents submitted by the taxpayer regarding the payment application issue.  The Settlement Officer located many of the taxpayer's payments.  For the payments that could not be located, the Settlement Officer noted that the taxpayer provided insufficient information or documentation to show that IRS actually received these payments.

The Settlement Officer balanced the taxpayer's third area of concern by reviewing the case administrative file, case history, as well as the information and documentation supplied by the taxpayers.  The taxpayer's claims regarding IRS' misapplication or late application of funds was not supported by the information in the case.

The taxpayer documented no hardship created by the filed liens.  The taxpayer submitted financial information but requested no collection alternatives to be considered because it states that it has already over-paid all amounts owed.  The taxpayer's documentation, unfortunately, does not support that statement.

Computer information shows that the taxpayer has failed to file all of its required corporate income tax returns Forms 1120 for 2004, 2005, and 2006 to date.  Similarly, computer information shows that the taxpayer has not filed employment tax returns Forms 941 for the 4th Quarter of 2006 and the 2nd Quarter of 2007 to date and has not filed employment tax returns Forms 940 for 1996, 1997, and 2006 to date.  Computer information additionally shows that the taxpayer has failed to make its required federal tax deposits for the 2nd and 3rd Quarters of 2007 to date.    The taxpayer, therefore, is not presently eligible for consideration within collection alternative programs at this time.

The Settlement Officer's attempt to balance the taxpayer's concerns with efficient collection must, therefore, be weighed in favor of the government at this time.

**Internal Revenue Service**
Appeals Office
201 North Civic Dr., Suite 220
Walnut Creek, CA 94596

Date:  OCT 2 4 2007

SHARON DE EDWARDS M D INC
3903 LONE TREE WAY STE 304
ANTIOCH CA 94509

**Department of the Treasury**

**Person to Contact:**
Linda L. Cochran
Employee ID Number: 94-06440
Tel:  (925) 927-4718
Fax: (925) 927-4725   **COPY**
**Refer Reply to:**
AP:FW:WAL:LLC
**Taxpayer Identification Number:**
▓▓▓▓7910
**Tax Type/Form Number:**
941, Civil Penalty
**In Re:**
Collection Due Process Hearing
(Tax Court)
**Tax Period(s) Ended:**
03/2006 06/2006 12/2003

**Certified Mail**

## NOTICE OF DETERMINATION
## CONCERNING COLLECTION ACTION(S) UNDER SECTION 6320

Dear Sharon De Edwards M D Inc:

We have reviewed the collection actions that were taken or proposed for the periods
shown above. This letter is your Notice of Determination, as required by law. A
summary of our determination is stated below. The attached statement shows, in detail,
the matters we considered at your Appeals hearing and our conclusions about them.

If you want to dispute this determination in court, you must file a petition with the United
States Tax Court within 30 days from the date of this letter.

To obtain a petition form and the rules for filing a petition, write to: Clerk, United States
Tax Court, 400 Second Street, NW, Washington, D.C. 20217, or access the Tax Court
website at www.ustaxcourt.gov.

In addition to the regular United States Tax Court procedures, the United States Tax
Court also has a simplified procedure for an appeal under section 6330(d)(1)(A) of a
determination in which the unpaid tax does not exceed $50,000. You may also obtain
information about this simplified procedure by writing to the United States Tax Court or
accessing the United States Tax Court website at www.ustaxcourt.gov.

The time limit (30 days from the date of this letter) for filing your petition is fixed by
law. The courts cannot consider your case if you file late. If an appeal is filed in the
incorrect court (e.g., United States District Court), you will not be able to refile in the
United States Tax Court if the time period for filing a Tax Court petition has expired.

Exhibit 2

OCT-29-2007 08:53 FROM:SACR      TO COUNSEL    916 974 5732                              P.7/13
Case 3:07-cv-03102-WHA    Document 17-2    Filed 10/31/2007    Page 14 of 51

10/26/2007  10:28    14152275069              IRS APPEALS SF              4154366748         PAGE  11/11

If you do not petition the court within the time frame provided by law, your case will be
returned to the originating IRS office for action consistent with the determination
summarized below and described on the attached page(s). If you have any questions,
please contact the person whose name and telephone number are shown above.

### Summary of Determination

The determination and/or decision is to sustain the filed Notices of Federal Tax Lien.
The taxpayer submitted financial information but documented no hardship created by
the filed lien. The taxpayer's numerous documents were considered but were
insufficient to document that the taxpayer has paid the subject periods in full. The
taxpayer requested no collection alternatives to be considered and is not presently
eligible for consideration within collection alternative programs.

Sincerely,

Richard Stefanski
Appeals Team Manager

Enclosure(s): Attachment

## Brief Background

The taxpayer entity is a medical corporation that operates the medical practice of Sharon De Edwards. Both Sharon De Edwards and her spouse Fernando Edwards are corporate officers of the taxpayer entity.   The taxpayer entity filed its employment tax returns for the subject periods, reporting unpaid tax on each of those returns.   The subject liabilities represent the tax reported by the taxpayer plus statutory additions. The employment tax for the subject periods has been confirmed by the information supplied by the taxpayer.  See attachment #3 for further information.  The taxpayer entity also owes a civil penalty assessed under Internal Revenue Code (IRC) § 6721 for the period ending December 31, 2003.

Current computer information shows that the taxpayer entity has failed to file the following required employment tax returns and corporate income tax returns to date:

- Forms 941 for the 4th Quarter of 2006 and for the 2nd Quarter of 2007
- Forms 1120 for the years 2004, 2005, and 2006
- Forms 940 for the years 1996, 1997, and 2006

In addition, computer information shows that the taxpayer entity has made none of its required federal tax deposits for the 2nd and 3rd Quarters of 2007 to date. The taxpayer, therefore, is an in-business trust fund repeater, in accordance with IRM 5.14.7.2(4).

Computer information shows that the taxpayer entity owes presently assessed periods totaling $181,343.50, calculated through October 31, 2007.   Of that amount, $71,095.00 represents unpaid tax, with statutory additions accruing at the present rate of $952.85 per month.

Current computer information also shows that the taxpayer's representative represents the taxpayer for the following specific tax forms and periods:
- Forms 941 for the periods from the 2nd Quarter of 1994 through the 4th Quarter of 2005, inclusive
- Forms 1120 for the years 1990 through 2005, inclusive
- Forms 940 for the years 1990 through 2005, inclusive

The taxpayer entity requested the present hearings in conjunction with hearings regarding the corporate officers. As a result, the taxpayer's hearings were held in conjunction with corporate officers' hearings.

On August 14, 2006 the taxpayer corporate entity requested a hearing regarding lien and levy issues regarding employment tax returns Forms 941 for the periods from January 1991 to the [then] present. Computer information shows, however, that the taxpayer corporation entity filed no employment tax returns for any of the quarters within

the years 1991, 1992, 1993, 1994, and 1995. In addition, computer information shows that the taxpayer has no Collection Due Process (CDP) hearing rights under either Internal Revenue Code (IRC) § 6320 or 6330 with respect to employment tax return Form 941 for the 2nd Quarter of 2000 and has no CDP hearing rights under IRC § 6330 with respect to Forms 941 for the 2nd and 3rd Quarters of 2006 and with respect to the civil penalty for 2003. The taxpayer's request for a hearing with respect to these periods and/or issues, therefore, cannot be considered within the hearings.

Computer information also shows that the taxpayer has had prior hearings with respect to both the lien and the levy issues for a number of periods, as follows:

-   Form 941 for the 4th Quarter of 1998
-   Forms 941 for the 1st, 2nd, 3rd, and 4th Quarters of 1999
-   Forms 941 for the 1st, 3rd, and 4th Quarters of 2000
-   Forms 941 for the 1st, 2nd, 3rd, and 4th Quarters of 2001
-   Forms 941 for the 1st, 2nd, 3rd, and 4th Quarters of 2002
-   Forms 941 for the 1st, 2nd, 3rd, and 4th Quarters of 2003
-   Forms 941 for the 1st, 2nd, 3rd, and 4th Quarters of 2004

The taxpayer had prior opportunities to raise issues with Appeals with respect to these periods. Appeals, therefore, cannot consider these periods within the present hearings. See attachment #1 for additional information.

The taxpayer entity requested a face-to-face hearing and requested that the hearing be audio-recorded. As a result, the taxpayer's hearing was conducted face-to-face on March 7, 2007 in the office of Internal Revenue Service Appeals at 201 North Civic Drive, Suite 220, Walnut Creek, CA. 94596 with the taxpayer husband, the Settlement Officer, and the Appeals Team Manager in physical attendance. The taxpayer husband's representative attended via telephone conference call. As per the request of the taxpayer, this hearing was audio-recorded by the taxpayer and by IRS Appeals.

On January 10 2007 the taxpayer entity submitted a 2nd additional hearing request for any additional periods. This additional request for a hearing was not received by Appeals until April 19, 2007, which date was after the taxpayer's prior hearing had been conducted. As a result, as per IRS correspondence dated June 19, 2007, a second hearing was scheduled to occur telephonically on July 10, 2007 at 9:00 AM PDT and was to be held regarding employment tax returns Forms 941 for the 1st and 2nd Quarters of 2006 and regarding the civil penalty for 2003. On July 10, 2007 at 9:00 AM PDT, the Settlement Officer attempted to call the taxpayer at the corporate officer's telephone number, as listed on taxpayer's hearing request Form 12153. Neither the taxpayer entity nor the corporate officer was available at that telephone number on that date and time. The Settlement Officer then sent another letter dated July 10, 2007 giving the taxpayer through the close of business on July 25, 2007 to submit additional information an/or documentation to be considered within the hearing.

On May 30, 2007 the taxpayer entity submitted a 3rd hearing request regarding any additional Forms 941 periods. This 3rd request for a hearing was not received by Appeals until June 29, 2007 and, thus, could not be included within either of the taxpayer's 2 prior hearings. As a result, the taxpayer was given a 3rd hearing with respect to lien and levy issues for employment tax return Form 941 for the 3rd Quarter of 2006. This 3rd hearing was conducted face-to-face on August 13, 2007 in the office of Internal Revenue Service Appeals at 201 North Civic Drive, Suite 220, Walnut Creek, CA. 94596. Corporate officer Fernando Edwards and the Settlement Officer were in attendance throughout the meeting. The taxpayer's representative was initially not available but subsequently joined the hearing in process via telephone. This 3rd hearing was not audio-recorded by the taxpayer or IRS.

The taxpayer provided financial information but requested no collection alternative to be considered within the hearings. The Settlement Officer provided the taxpayer entity with current transcripts of its tax accounts.

## Discussion and Analysis

The IRS Restructuring and Reform Act of 1998, section 3401, created Internal Revenue Code sections 6320 and 6330, which provide for a hearing before Appeals either after a lien is first filed on an account or before a levy/seizure is about to be made for the first time.

As part of the Due Process hearing, Appeals must address the following three major areas:

- Address all issues raised by the taxpayer(s).
- Verify that requirements of law and administrative procedure have been met according to the Internal Revenue Code, Internal Revenue Manual, and official memorandums.
- Address whether the proposed collection action balances the need for efficient collection with the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary.

## Issue(s) raised by the taxpayer

1. Tax liabilities

The taxpayer stated that IRS filed Forms 941 on behalf of the taxpayer and that the IRS tax amounts are incorrect. The taxpayer provided copies of Forms 941 for all quarterly periods of 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, 2004, 2005, 2006 and for the 1st and 2nd Quarters of 2007, stating that these copies show accurate tax amounts for each of the quarterly periods.

The Settlement Officer again noted that the taxpayer has had prior hearings regarding lien and levy issues for the following periods:

- Form 941 for the 4th Quarter of 1998
- Forms 941 for the 1st, 2nd, 3rd, and 4th Quarters of 1999
- Forms 941 for the 1st, 3rd, and 4th Quarters of 2000
- Forms 941 for the 1st, 2nd, 3rd, and 4th Quarters of 2001
- Forms 941 for the 1st, 2nd, 3rd, and 4th Quarters of 2002
- Forms 941 for the 1st, 2nd, 3rd, and 4th Quarters of 2003
- Forms 941 for the 1st, 2nd, 3rd, and 4th Quarters of 2004

The taxpayer had prior opportunities to raise issues with Appeals with respect to these periods. Appeals, therefore, cannot consider these periods within the present hearings. See attachment #1 for additional information.

To the extent that this issue can be considered relative to the hearing periods, the Settlement Officer reviewed the taxpayer's copies of Forms 941 returns and compared these with tax reported on current tax transcripts for these same periods. The Settlement Officer noted that the tax on the transcripts matches tax reported on the taxpayer's copies of these same returns. The Settlement Officer, therefore, cannot consider this issue further at this time.

2. Tax returns and tax information timely filed

The taxpayer said that the taxpayer's subject employment tax returns Forms 941 and Form 940 and other tax information forms were timely filed. The taxpayers provided no documentation to support this statement. The Settlement Officer provided the taxpayer with current transcripts of its tax accounts.

Current computer information and transcripts show that IRS received the subject tax returns as follows:

- December 8, 2005 – IRS received Forms 941 for the 1st, 2nd, 3rd, and 4th Quarters of 1996, Forms 941 for the 1st, 2nd, 3rd, and 4th Quarters of 1997, and Form 941 for the 3rd Quarter of 2005
- February 24, 2006 – IRS received Forms 941 for the 1st, 2nd, and 3rd Quarters of 1998, Form 941 for the 4th Quarter of 2005, and Form 940 for 2005
- April 30, 2005 – IRS received Form 941 for the 1st Quarter of 2005
- July 31, 2005 – IRS received Form 941 for the 2nd Quarter of 2005
- April 30, 2006 – IRS received Form 941 for the 1st Quarter of 2006
- August 14, 2006 – IRS received Form 941 for the 2nd Quarter of 2006
- October 31,2006 – IRS received Form 941 for the 3rd Quarter of 2006

To the extent that the transcripts show a specific tax return as filed on its due date, the Settlement Officer does not dispute the taxpayer's statement. With regards to the periods that the transcripts show tax returns or tax information as not being timely filed, the Settlement Officer noted that the taxpayer provided no documentation supporting its assertion of timely filing for these tax returns and/or tax information.

3. Tax assessments invalid

The taxpayer husband that the assessments for the subject periods are invalid because IRS failed to assess the taxes within time permitted by statute, because the IRS failed to provide timely notice to the taxpayer, and because IRS filed multiple liens against the taxpayer.

Computer information does not support the taxpayer's statement. Computer information shows that the subject returns were assessed as these subject returns were received from the taxpayer. See No. 2 above regarding the time the subject returns were received. The taxpayer provided no documentation regarding earlier filing of the late filed returns. Computer information also shows that notices for the subject returns were issued to the taxpayers within the timeframes required by IRC § 6303.

The taxpayer also challenged the tax assessments based on multiple liens filed regarding these subject periods. The filing or non-filing of Notices of Federal Tax Lien does not affect the validity of tax and/or penalty assessments. The taxpayer's point, in this regards, is misguided.

The taxpayer otherwise failed to document how or why the subject liabilities were invalid. The Settlement Officer, therefore, could not consider this issue further.

4. Taxpayer billed for another company's tax liability

In a letter dated April 20, 2007 the taxpayer stated that it was being billed for employment taxes (Form 941 for the 4th Quarter of 2006) for a different corporate entity. The taxpayer attached a copy of referenced billing. The Settlement Officer reviewed the documentation provided and noted that, while the IRS bill showed the same business address as the taxpayer, that bill references a different corporation name and references a different Employer Identification Number (EIN). Current computer information also confirms that the taxpayer is not being billed for another entity's tax. The taxpayer's statement that it is being billed for another entity's taxes, thus, is incorrect.

5. Payment application

The taxpayer said that the IRS tax transcripts do not show all of the payments that the taxpayer has made and/or that the IRS has received through levy activity. The taxpayer

submitted over 800 documents regarding amounts that the taxpayer states IRS took but failed to credit on the taxpayers' accounts.

The Settlement Officer reviewed the documents submitted. See attachments #2 and 4. Payment Application Spreadsheet Note: The taxpayer submitted a wide range of documentation with regards to payment application.   In general, the taxpayer's documentation fell into 3 tiers, as follows:

- Tier #1 – copy of check to the IRS and/or copies of correspondence indicating a specific payment was or would be paid to the IRS.

- Tier #2 - copy of correspondence or billing indicating that an amount was attached by a levy or lien of a non-specific taxing agency. Documentation at this tier does not clearly show that IRS was to receive these funds. Indeed, the taxpayers' documentation shows amounts frequently attached, for example, by the California Franchise Tax Board (FTB) and by the California Employment Development Department (EDD).

- Tier #3 – billings and documents showing no proof that these funds were sent to the IRS.

The Settlement Officer also noted that the taxpayer not infrequently copied the same billing twice or more when calculating amounts it believed were paid to the IRS. To the extent possible, these duplications have been grouped together on the spreadsheet.

During the hearing, the taxpayer referenced, by exhibit number, specific payments that the taxpayer believes were misapplied from the taxpayer corporation to a prior sole proprietorship run by the corporate officers.  These exhibit numbers were stated as being exhibit #s 69, 70, 84, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103,104, 105, 106, 107, 140, and 141. The taxpayer's documentation did not, however, include a copy of exhibit # 100. The taxpayer, nevertheless, referenced exhibit # 100 as being in the amount $39.60. All of these exhibit numbers and/or referenced amounts were, in fact, located and were not, as the taxpayer alleged, applied to the corporate officers' prior sole proprietorship entity.    See attachment #2 for further specific information.

Analysis of the 800+ documents submitted shows numerous payments with documentation insufficient to determine whether or not IRS received these funds. To the extent that these funds were locatable, the payment spreadsheet so indicates. Frequently, however, payments were not locatable and had insufficient documentation to permit IRS to trace these payments further.  The taxpayer, in fact, provided very few cancelled checks and even fewer cancelled checks showing both sides of the cancelled check so that IRS endorsement data could be viewed. Of the few cancelled checks with back information provided, specifically exhibit #s 541, 618, and 619, these checks show no IRS endorsement data but, instead, appear to be endorsed by an individual, not by

IRS. Without additional documentation, therefore, the Settlement Officer could not consider these payments further. See attachments #2 and 4 for further information.

6. Payments not applied timely

The taxpayer said that IRS received levy payments but did not apply the payments timely, thus generating additional penalties and interest for the taxpayer. Computer information, case file documentation, and the taxpayer's documentation do not support the taxpayer's statement. The case administrative file and case documentation do show, however, that vendors frequently sent notices of levy attachment to the taxpayer on a particular date but then failed to remit those same levy proceeds to the IRS until much later.

7. Designation of levy payments

The taxpayer said that all levy payments should applied first to tax for all the subject periods and then, after the tax is paid, apply payments to penalties and interest. To the extent that this statement applies to a specific period and is considered period by period, the Settlement Officer does not dispute this statement. Current tax transcripts, indeed, show that levy proceeds were applied in accordance with the law and IRS policies and procedures, being applied first to tax, then to penalties, and then to interest, period by period.

To the extent that the taxpayer means that levy proceeds should be applied first to all tax for all tax periods or that the taxpayer has the right to designate levy proceeds, the taxpayer is misguided. The Settlement Officer confirmed that levy proceeds were applied in accordance with IRC § 6342, Internal Revenue Manual (IRM) 5.11.4.4, IRM 5.11.5.5, and IRM 5.17.3.3.7.6.

8. Taxes as full paid

The taxpayer said that it has full paid all amounts and states that, in conjunction with the corporate officers, it is owed approximately $82,000 in refunds from IRS. The taxpayer said that this issue is based on the issue of payment application. Computer information and the taxpayer's documentation do not, however, support this statement. See No. 4 above.

9. Bankruptcy

The taxpayer said that the taxpayer's corporate officers and their prior sole proprietorship entity filed a bankruptcy petition in late 1995. The taxpayer said that IRS then took funds from the taxpayer and applied these funds to the corporate officers' older sole proprietorship entity. During the hearing, the taxpayer referenced, by exhibit number, specific payments that the taxpayer believes were misapplied from the

taxpayer corporation to a prior sole proprietorship run by the corporate officers. These exhibit numbers were stated as being exhibit #s 69, 70, 84, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103,104, 105, 106, 107, 140, and 141. The taxpayer's documentation did not, however, include a copy of exhibit # 100. The taxpayer, nevertheless, referenced exhibit # 100 as being in the amount $39.60.

The Settlement Officer noted that the referenced sole proprietorship entity has not present CDP hearing rights. Appeals can consider this issue, therefore, only in regards to the payment application issue. See No. 4 above.    All of these exhibit numbers and/or referenced amounts were, in fact, located and were not, as the taxpayer alleged, applied to the corporate officers' prior sole proprietorship entity. See attachment #2 for further specific information.

10. Timeliness of IRS actions

The taxpayer alleged that IRS created or contributed to some or all of the subject tax liabilities by failing to take rapid enforced collection activity. The Settlement Officer noted, however, that the taxpayer itself has the statutory obligation to file its required tax returns timely and to pay its taxes timely. The subject liabilities, in fact, are the result of the taxpayer's repeated failure to file required returns and information on time and/or failure to pay required taxes on time for over a decade.  Current computer information shows that the taxpayer's failure to file and pay continues to the present.

Case history shows that, in regards to the taxpayer, IRS has repeated requested returns to be filed, has repeatedly requested payment to be made, has repeatedly filed liens, and has repeatedly taken enforced collection activity.  Nevertheless, the taxpayer has still not filed all of its required returns and has still failed to pay its required taxes timely, even after the present hearings were requested. The taxpayer's statement, thus, is not persuasive.

11. Interest and penalty abatement

The taxpayer said it filed all of its required tax returns and tax information forms timely. The taxpayer also said that additional interest and penalties have accrued because IRS failed to take timely action and/or because IRS failed to apply levy proceeds timely.   To the extent that these statements represent requests for penalty abatement, the Settlement Officer considered this issue along the taxpayer's information and documentation. See Numbers 2, 4, 5, and 8 above.  The taxpayer's information and documentation regarding the penalties were considered but failed to meet the criteria for penalty abatement.

The taxpayer's statements were also considered as requests for interest abatement. The taxpayer's information and documentation again was considered. See Numbers 2,

4, 5, and 8 above. The taxpayer's information and documentation failed to meet the criteria for interest abatement in accordance with IRC § 6404.

The Settlement Officer, therefore, could not consider this issue further.

### 12. Lien withdrawal

On the taxpayers' duplicate request for a hearing, Form 12153 signed on August 3, 2007 and prior to the taxpayers' hearing on August 13, 2007, the taxpayers requested withdrawal of the notices of federal tax lien because they have already paid the subject tax amounts in full. Case transcripts, case history, and case documentation do not support the taxpayers' statement in this regards. See Numbers 5 and 8 above.

### 13. Offer in compromise

On the taxpayer's request for a hearing Form 12153 signed on May 30, 2007, the taxpayer indicated that it was requesting an offer in compromise. The taxpayer subsequently submitted financial information but, during the hearing on August 13, 2007, the taxpayer stated that it believed that it had paid all amounts owed. Presumably as a result, the taxpayer failed to submit Form 656 Offer in Compromise and failed to state what amount it proposed to pay. The Settlement Officer, therefore, could not consider this issue further.

### 14. On-going levy activity

The taxpayer requested that IRS stop issuing levies while the present hearings are under consideration by Appeals. The taxpayer provided copies of levies recently issued by IRS Compliance Function. The Settlement Officer reviewed the copies of levies submitted and confirmed that the recent levies issued by IRS were issued in accordance with IRM 5.1.9.3.5. The Settlement Officer then explained to the taxpayer that the tax periods shown on the levies were either periods for which had a prior hearing had occurred and/or were periods for which hearings were not requested timely. IRS could and did issue levies on those periods, as per IRM 5.1.9.3.5. The Settlement Officer, thus, cannot consider this issue further.

The taxpayer raised no other issues.


### *Requirements of law and administrative procedures*

I have reviewed the administrative file as well as transcripts for the liabilities listed above. I have also reviewed all documentation submitted by Sharon De Edwards MD Inc. After review, it is my finding that the requirements of any applicable law or administrative procedure have been met on this case.

This Settlement Officer has had no prior involvement with respect to these appealed liabilities.

## *Offers of Collection Alternatives*

The taxpayer submitted financial information but requested no collection alternative(s) to be considered.

## *Balancing efficient collection with legitimate concerns of taxpayer*

The taxpayer expressed concern regarding the filed liens and concerning the proposed collection activity.   The taxpayer's concerns generally fall into three areas: (1) validity of the assessments, (2) payment application, and (3) correctness of IRS actions.

The Settlement Officer balanced the taxpayer's first area of concern by reviewing and confirming that the hearing periods were properly assessed.

The Settlement Officer balanced the taxpayer's second area of concern by reviewing and analyzing the over 800 documents submitted by the taxpayer regarding the payment application issue.  The Settlement Officer located many of the taxpayer's payments.  For the payments that could not be located, the Settlement Officer noted that the taxpayer provided insufficient information or documentation to show that IRS actually received these payments.

The Settlement Officer balanced the taxpayer's third area of concern by reviewing the case administrative file, case history, as well as the information and documentation supplied by the taxpayers.  The taxpayer's claims regarding IRS' misapplication or late application of funds was not supported by the information in the case.

The taxpayer documented no hardship created by the filed liens.  The taxpayer submitted financial information but requested no collection alternatives to be considered because it stated that it has already over-paid all amounts owed.  The taxpayer's documentation, unfortunately, does not support that statement.

Computer information shows that the taxpayer has failed to file all of its required corporate income tax returns Forms 1120 for 2004, 2005, and 2006 to date.  Similarly, computer information shows that the taxpayer has not filed employment tax returns Forms 941 for the 4th Quarter of 2006 and the 2nd Quarter of 2007 to date and has not filed employment tax returns Forms 940 for 1996, 1997, and 2006 to date.  Computer information additionally shows that the taxpayer has failed to make its required federal tax deposits for the 2nd and 3rd Quarters of 2007 to date.   The taxpayer, therefore, is not presently eligible for consideration within collection alternative programs at this time.

The Settlement Officer's attempt to balance the taxpayer's concerns with efficient collection must, therefore, be weighed in favor of the government at this time.

Internal Revenue Service

Appeals Office

201 North Civic Dr., Suite 220

Walnut Creek, CA 94596

Date: ⁰ᶜᵀ 2 5 2007

SHARON DE EDWARDS M D INC

3903 LONE TREE WAY STE 304

ANTIOCH CA 94509

**Department of the Treasury**

**Person to Contact:**

Linda L. Cochran

Employee ID Number: 94-06440

Tel: (925) 927-4718

Fax: (925) 927-4725

**Refer Reply to:**

AP:FW:WAL:LLC

**In Re:**

CDP Lien and Levy

**Social Security or Employer**

**Identification Number:**

▓▓▓910

**Tax Period(s) Ended:**

03/1996 06/1996 09/1996 12/1996

03/1997 06/1997 09/1997 12/1997

03/2005 06/2005 09/2005

## DECISION LETTER
### CONCERNING EQUIVALENT HEARING UNDER SECTION 6320 and 6330 of the Internal Revenue Code

Dear Sharon De Edwards M D Inc:

We have reviewed the proposed collection action for the periods shown above. This letter is our decision on your case. A summary of our decision is stated below and the enclosed statement shows, in detail, the matters we considered at your Appeals hearing and our conclusions.

Your due process hearing request was not filed within the time prescribed under Section 6320 and/or 6330. However, you received a hearing equivalent to a due process hearing except that there is no right to dispute a decision by the Appeals Office in court under IRC Sections 6320 and/or 6330.

Your case will be returned to the originating IRS office for action consistent with the decision summarized below and described on the attached page(s).

### Summary of Decision

The decision is to sustain the filed Notices of Federal Tax Lien. The decision is also to sustain collection activity. The taxpayer submitted financial information but documented no hardship created by the filed liens. The taxpayer's numerous documents were considered but were insufficient to document that the taxpayer has paid the subject

Exhibit 3

'       ,

periods in full. The taxpayer requested no collection alternatives to be considered and is
not presently eligible for consideration within collection alternative programs.

Sincerely,

Richard Stefanski
Appeals Team Manager

### *Brief Background*

The taxpayer entity is a medical corporation that operates the medical practice of Sharon De Edwards. Both Sharon De Edwards and her spouse Fernando Edwards are corporate officers of the taxpayer entity.   The taxpayer entity filed its employment tax returns for the subject periods, reporting unpaid tax on each of those returns.   The subject liabilities represent the tax reported by the taxpayer plus statutory additions. The employment tax for the subject periods has been confirmed by the information supplied by the taxpayer.  See attachment #3 for further information.  The taxpayer entity also owes a civil penalty assessed under Internal Revenue Code (IRC) § 6721 for the period ending December 31, 2003.

Current computer information shows that the taxpayer entity has failed to file the following required employment tax returns and corporate income tax returns to date:

- Forms 941 for the 4th Quarter of 2006 and for the 2nd Quarter of 2007
- Forms 1120 for the years 2004, 2005, and 2006
- Forms 940 for the years 1996, 1997, and 2006

In addition, computer information shows that the taxpayer entity has made none of its required federal tax deposits for the 2nd and 3rd Quarters of 2007 to date. The taxpayer, therefore, is an in-business trust fund repeater, in accordance with IRM 5.14.7.2(4).

Computer information shows that the taxpayer entity owes presently assessed periods totaling $181,343.50, calculated through October 31, 2007.  Of that amount, $71,095.00 represents unpaid tax, with statutory additions accruing at the present rate of $952.85 per month.

Current computer information also shows that the taxpayer's representative represents the taxpayer for the following specific tax forms and periods:
- Forms 941 for the periods from the 2nd Quarter of 1994 through the 4th Quarter of 2005, inclusive
- Forms 1120 for the years 1990 through 2005, inclusive
- Forms 940 for the years 1990 through 2005, inclusive

The taxpayer entity requested the present hearings in conjunction with hearings regarding the corporate officers.  As a result, the taxpayer's hearings were held in conjunction with corporate officers' hearings.

On August 14, 2006 the taxpayer corporate entity requested a hearing regarding lien and levy issues regarding employment tax returns Forms 941 for the periods from January 1991 to the [then] present.  Computer information shows, however, that the taxpayer corporation entity filed no employment tax returns for any of the quarters within the years 1991, 1992, 1993, 1994, and 1995.  In addition, computer information shows that the taxpayer has no Collection Due Process (CDP) hearing rights under either

Internal Revenue Code (IRC) § 6320 or 6330 with respect to employment tax return Form 941 for the 2nd Quarter of 2000 and has no CDP hearing rights under IRC § 6330 with respect to Forms 941 for the 2nd and 3rd Quarters of 2006 and with respect to the civil penalty for 2003. The taxpayer's request for a hearing with respect to these periods and/or issues, therefore, cannot be considered within the hearings.

Computer information also shows that the taxpayer has had prior hearings with respect to both the lien and the levy issues for a number of periods, as follows:

- Form 941 for the 4th Quarter of 1998
- Forms 941 for the 1st, 2nd, 3rd, and 4th Quarters of 1999
- Forms 941 for the 1st, 3rd, and 4th Quarters of 2000
- Forms 941 for the 1st, 2nd, 3rd, and 4th Quarters of 2001
- Forms 941 for the 1st, 2nd, 3rd, and 4th Quarters of 2002
- Forms 941 for the 1st, 2nd, 3rd, and 4th Quarters of 2003
- Forms 941 for the 1st, 2nd, 3rd, and 4th Quarters of 2004

The taxpayer had prior opportunities to raise issues with Appeals with respect to these periods. Appeals, therefore, cannot consider these periods within the present hearings. See attachment #1 for additional information.

The taxpayer entity requested a face-to-face hearing and requested that the hearing be audio-recorded. As a result, the taxpayer's hearing was conducted face-to-face on March 7, 2007 in the office of Internal Revenue Service Appeals at 201 North Civic Drive, Suite 220, Walnut Creek, CA. 94596 with the taxpayer husband, the Settlement Officer, and the Appeals Team Manager in physical attendance. The taxpayer husband's representative attended via telephone conference call. As per the request of the taxpayer, this hearing was audio-recorded by the taxpayer and by IRS Appeals.

On January 10 2007 the taxpayer entity submitted a 2nd additional hearing request for any additional periods. This additional request for a hearing was not received by Appeals until April 19, 2007, which date was after the taxpayer's prior hearing had been conducted. As a result, as per IRS correspondence dated June 19, 2007, a second hearing was scheduled to occur telephonically on July 10, 2007 at 9:00 AM PDT and was to be held regarding employment tax returns Forms 941 for the 1st and 2nd Quarters of 2006 and regarding the civil penalty for 2003. On July 10, 2007 at 9:00 AM PDT, the Settlement Officer attempted to call the taxpayer at the corporate officer's telephone number, as listed on taxpayer's hearing request Form 12153. Neither the taxpayer entity nor the corporate officer was available at that telephone number on that date and time. The Settlement Officer then sent another letter dated July 10, 2007 giving the taxpayer through the close of business on July 25, 2007 to submit additional information an/or documentation to be considered within the hearing.

On May 30, 2007 the taxpayer entity submitted a 3rd hearing request regarding any additional Forms 941 periods. This 3rd request for a hearing was not received by Appeals until June 29, 2007 and, thus, could not be included within either of the

taxpayer's 2 prior hearings. As a result, the taxpayer was given a 3rd hearing with respect to lien and levy issues for employment tax return Form 941 for the 3rd Quarter of 2006. This 3rd hearing was conducted face-to-face on August 13, 2007 in the office of Internal Revenue Service Appeals at 201 North Civic Drive, Suite 220, Walnut Creek, CA. 94596. Corporate officer Fernando Edwards and the Settlement Officer were in attendance throughout the meeting. The taxpayer's representative was initially not available but subsequently joined the hearing in process via telephone. This 3rd hearing was not audio-recorded by the taxpayer or IRS.

The taxpayer provided financial information but requested no collection alternative to be considered within the hearings. The Settlement Officer provided the taxpayer entity with current transcripts of its tax accounts.

## III. Discussion and Analysis

The IRS Restructuring and Reform Act of 1998, section 3401, created Internal Revenue Code sections 6320 and 6330, which provide for a hearing before Appeals either after a lien is first filed on an account or before a levy/seizure is about to be made for the first time.

As part of the Due Process hearing, Appeals must address the following three major areas:

- Address all issues raised by the taxpayer(s).
- Verify that requirements of law and administrative procedure have been met according to the Internal Revenue Code, Internal Revenue Manual, and official memorandums.
- Address whether the proposed collection action balances the need for efficient collection with the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary.

### Issue(s) raised by the taxpayer

1. Tax liabilities

The taxpayer stated that IRS filed Forms 941 on behalf of the taxpayer and that the IRS tax amounts are incorrect. The taxpayer provided copies of Forms 941 for all quarterly periods of 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, 2004, 2005, 2006 and for the 1st and 2nd Quarters of 2007, stating that these copies show accurate tax amounts for each of the quarterly periods.

The Settlement Officer again noted that the taxpayer has had prior hearings regarding lien and levy issues for the following periods:

- Form 941 for the 4th Quarter of 1998
- Forms 941 for the 1st, 2nd, 3rd, and 4th Quarters of 1999
- Forms 941 for the 1st, 3rd, and 4th Quarters of 2000
- Forms 941 for the 1st, 2nd, 3rd, and 4th Quarters of 2001
- Forms 941 for the 1st, 2nd, 3rd, and 4th Quarters of 2002
- Forms 941 for the 1st, 2nd, 3rd, and 4th Quarters of 2003
- Forms 941 for the 1st, 2nd, 3rd, and 4th Quarters of 2004

The taxpayer had prior opportunities to raise issues with Appeals with respect to these periods. Appeals, therefore, cannot consider these periods within the present hearings. See attachment #1 for additional information.

To the extent that this issue can be considered relative to the hearing periods, the Settlement Officer reviewed the taxpayer's copies of Forms 941 returns and compared these with tax reported on current tax transcripts for these same periods. The Settlement Officer noted that the tax on the transcripts matches tax reported on the taxpayer's copies of these same returns. The Settlement Officer, therefore, cannot consider this issue further at this time.

2. Tax returns and tax information timely filed

The taxpayer said that the taxpayer's subject employment tax returns Forms 941 and Form 940 and other tax information forms were timely filed. The taxpayers provided no documentation to support this statement. The Settlement Officer provided the taxpayer with current transcripts of its tax accounts.

Current computer information and transcripts show that IRS received the subject tax returns as follows:

- December 8, 2005 – IRS received Forms 941 for the 1st, 2nd, 3rd, and 4th Quarters of 1996, Forms 941 for the 1st, 2nd, 3rd, and 4th Quarters of 1997, and Form 941 for the 3rd Quarter of 2005
- February 24, 2006 – IRS received Forms 941 for the 1st, 2nd, and 3rd Quarters of 1998, Form 941 for the 4th Quarter of 2005, and Form 940 for 2005
- April 30, 2005 – IRS received Form 941 for the 1st Quarter of 2005
- July 31, 2005 – IRS received Form 941 for the 2nd Quarter of 2005
- April 30, 2006 – IRS received Form 941 for the 1st Quarter of 2006
- August 14, 2006 – IRS received Form 941 for the 2nd Quarter of 2006
- October 31,2006 – IRS received Form 941 for the 3rd Quarter of 2006

To the extent that the transcripts show a specific tax return as filed on its due date, the Settlement Officer does not dispute the taxpayer's statement. With regards to the periods that the transcripts show tax returns or tax information as not being timely filed, the Settlement Officer noted that the taxpayer provided no documentation supporting its assertion of timely filing for these tax returns and/or tax information.

3. Tax assessments invalid

The taxpayer husband that the assessments for the subject periods are invalid because IRS failed to assess the taxes within time permitted by statute, because the IRS failed to provide timely notice to the taxpayer, and because IRS filed multiple liens against the taxpayer.

Computer information does not support the taxpayer's statement. Computer information shows that the subject returns were assessed as these subject returns were received from the taxpayer. See No. 2 above regarding the time the subject returns were received. The taxpayer provided no documentation regarding earlier filing of the late filed returns. Computer information also shows that notices for the subject returns were issued to the taxpayers within the timeframes required by IRC § 6303.

The taxpayer also challenged the tax assessments based on multiple liens filed regarding these subject periods. The filing or non-filing of Notices of Federal Tax Lien does not affect the validity of tax and/or penalty assessments. The taxpayer's point, in this regards, is misguided.

The taxpayer otherwise failed to document how or why the subject liabilities were invalid. The Settlement Officer, therefore, could not consider this issue further.

4. Taxpayer billed for another company's tax liability

In a letter dated April 20, 2007 the taxpayer stated that it was being billed for employment taxes (Form 941 for the 4th Quarter of 2006) for a different corporate entity. The taxpayer attached a copy of referenced billing. The Settlement Officer reviewed the documentation provided and noted that, while the IRS bill showed the same business address as the taxpayer, that bill references a different corporation name and references a different Employer Identification Number (EIN). Current computer information also confirms that the taxpayer is not being billed for another entity's tax. The taxpayer's statement that it is being billed for another entity's taxes, thus, is incorrect.

5. Payment application

The taxpayer said that the IRS tax transcripts do not show all of the payments that the taxpayer has made and/or that the IRS has received through levy activity. The taxpayer submitted over 800 documents regarding amounts that the taxpayer states IRS took but failed to credit on the taxpayers' accounts.

The Settlement Officer reviewed the documents submitted. See attachments #2 and 4. Payment Application Spreadsheet Note: The taxpayer submitted a wide range of documentation with regards to payment application. In general, the taxpayer's documentation fell into 3 tiers, as follows:

- **Tier #1** – copy of check to the IRS and/or copies of correspondence indicating a specific payment was or would be paid to the IRS.

- **Tier #2** - copy of correspondence or billing indicating that an amount was attached by a levy or lien of a non-specific taxing agency. Documentation at this tier does not clearly show that IRS was to receive these funds. Indeed, the taxpayers' documentation shows amounts frequently attached, for example, by the California Franchise Tax Board (FTB) and by the California Employment Development Department (EDD).

- **Tier #3** – billings and documents showing no proof that these funds were sent to the IRS.

The Settlement Officer also noted that the taxpayer not infrequently copied the same billing twice or more when calculating amounts it believed were paid to the IRS. To the extent possible, these duplications have been grouped together on the spreadsheet.

During the hearing, the taxpayer referenced, by exhibit number, specific payments that the taxpayer believes were misapplied from the taxpayer corporation to a prior sole proprietorship run by the corporate officers. These exhibit numbers were stated as being exhibit #s 69, 70, 84, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103,104, 105, 106, 107, 140, and 141. The taxpayer's documentation did not, however, include a copy of exhibit # 100. The taxpayer, nevertheless, referenced exhibit # 100 as being in the amount $39.60. All of these exhibit numbers and/or referenced amounts were, in fact, located and were not, as the taxpayer alleged, applied to the corporate officers' prior sole proprietorship entity. See attachment #2 for further specific information.

Analysis of the 800+ documents submitted shows numerous payments with documentation insufficient to determine whether or not IRS received these funds. To the extent that these funds were locatable, the payment spreadsheet so indicates. Frequently, however, payments were not locatable and had insufficient documentation to permit IRS to trace these payments further. The taxpayer, in fact, provided very few

cancelled checks and even fewer cancelled checks showing both sides of the cancelled check so that IRS endorsement data could be viewed. Of the few cancelled checks with back information provided, specifically exhibit #s 541, 618, and 619, these checks show no IRS endorsement data but, instead, appear to be endorsed by an individual, not by IRS. Without additional documentation, therefore, the Settlement Officer could not consider these payments further. See attachments #2 and 4 for further information.

6. Payments not applied timely

The taxpayer said that IRS received levy payments but did not apply the payments timely, thus generating additional penalties and interest for the taxpayer. Computer information, case file documentation, and the taxpayer's documentation do not support the taxpayer's statement. The case administrative file and case documentation do show, however, that vendors frequently sent notices of levy attachment to the taxpayer on a particular date but then failed to remit those same levy proceeds to the IRS until much later.

7. Designation of levy payments

The taxpayer said that all levy payments should applied first to tax for all the subject periods and then, after the tax is paid, apply payments to penalties and interest. To the extent that this statement applies to a specific period and is considered period by period, the Settlement Officer does not dispute this statement. Current tax transcripts, indeed, show that levy proceeds were applied in accordance with the law and IRS policies and procedures, being applied first to tax, then to penalties, and then to interest, period by period.

To the extent that the taxpayer means that levy proceeds should be applied first to all tax for all tax periods or that the taxpayer has the right to designate levy proceeds, the taxpayer is misguided. The Settlement Officer confirmed that levy proceeds were applied in accordance with IRC § 6342, Internal Revenue Manual (IRM) 5.11.4.4, IRM 5.11.5.5, and IRM 5.17.3.3.7.6.

8. Taxes as full paid

The taxpayer said that it has full paid all amounts and states that, in conjunction with the corporate officers, it is owed approximately $82,000 in refunds from IRS. The taxpayer said that this issue is based on the issue of payment application. Computer information and the taxpayer's documentation do not, however, support this statement. See No. 4 above.

9. Bankruptcy

The taxpayer said that the taxpayer's corporate officers and their prior sole
proprietorship entity filed a bankruptcy petition in late 1995. The taxpayer said that IRS
then took funds from the taxpayer and applied these funds to the corporate officers'
older sole proprietorship entity.   During the hearing, the taxpayer referenced, by exhibit
number, specific payments that the taxpayer believes were misapplied from the
taxpayer corporation to a prior sole proprietorship run by the corporate officers. These
exhibit numbers were stated as being exhibit #s 69, 70, 84, 90, 91, 92, 93, 94, 95, 96,
97, 98, 99, 100, 101, 102, 103,104, 105, 106, 107, 140, and 141. The taxpayer's
documentation did not, however, include a copy of exhibit # 100. The taxpayer,
nevertheless, referenced exhibit # 100 as being in the amount $39.60.

The Settlement Officer noted that the referenced sole proprietorship entity has not
present CDP hearing rights. Appeals can consider this issue, therefore, only in regards
to the payment application issue. See No. 4 above.   All of these exhibit numbers
and/or referenced amounts were, in fact, located and were not, as the taxpayer alleged,
applied to the corporate officers' prior sole proprietorship entity. See attachment #2 for
further specific information.


10. Timeliness of IRS actions

The taxpayer alleged that IRS created or contributed to some or all of the subject tax
liabilities by failing to take rapid enforced collection activity. The Settlement Officer
noted, however, that the taxpayer itself has the statutory obligation to file its required tax
returns timely and to pay its taxes timely. The subject liabilities, in fact, are the result of
the taxpayer's repeated failure to file required returns and information on time and/or
failure to pay required taxes on time for over a decade.   Current computer information
shows that the taxpayer's failure to file and pay continues to the present.

Case history shows that, in regards to the taxpayer, IRS has repeated requested returns
to be filed, has repeatedly requested payment to be made, has repeatedly filed liens,
and has repeatedly taken enforced collection activity. Nevertheless, the taxpayer has
still not filed all of its required returns and has still failed to pay its required taxes timely,
even after the present hearings were requested. The taxpayer's statement, thus, is not
persuasive.


11. Interest and penalty abatement

The taxpayer said it filed all of its required tax returns and tax information forms timely.
The taxpayer also said that additional interest and penalties have accrued because IRS
failed to take timely action and/or because IRS failed to apply levy proceeds timely.   To
the extent that these statements represent requests for penalty abatement, the
Settlement Officer considered this issue along the taxpayer's information and

documentation.  See Numbers 2, 4, 5, and 8 above.   The taxpayer's information and documentation regarding the penalties were considered but failed to meet the criteria for penalty abatement.

The taxpayer's statements were also considered as requests for interest abatement. The taxpayer's information and documentation again was considered.  See Numbers 2, 4, 5, and 8 above.  The taxpayer's information and documentation failed to meet the criteria for interest abatement in accordance with IRC § 6404.

The Settlement Officer, therefore, could not consider this issue further.


12. Lien withdrawal

On the taxpayers' duplicate request for a hearing, Form 12153 signed on August 3, 2007 and prior to the taxpayers' hearing on August 13, 2007, the taxpayers requested withdrawal of the notices of federal tax lien because they have already paid the subject tax amounts in full.  Case transcripts, case history, and case documentation do not support the taxpayers' statement in this regards.  See Numbers 5 and 8 above.


13. Offer in compromise

On the taxpayer's request for a hearing Form 12153 signed on May 30, 2007, the taxpayer indicated that it was requesting an offer in compromise.  The taxpayer subsequently submitted financial information but, during the hearing on August 13, 2007, the taxpayer stated that it believed that it had paid all amounts owed. Presumably as a result, the taxpayer failed to submit Form 656 Offer in Compromise and failed to state what amount it proposed to pay.   The Settlement Officer, therefore, could not consider this issue further.

14. On-going levy activity

The taxpayer requested that IRS stop issuing levies while the present hearings are under consideration by Appeals.  The taxpayer provided copies of levies recently issued by IRS Compliance Function.  The Settlement Officer reviewed the copies of levies submitted and confirmed that the recent levies issued by IRS were issued in accordance with IRM 5.1.9.3.5.  The Settlement Officer then explained to the taxpayer that the tax periods shown on the levies were either periods for which had a prior hearing had occurred and/or were periods for which hearings were not requested timely. IRS could and did issue levies on those periods, as per IRM 5.1.9.3.5.  The Settlement Officer, thus, cannot consider this issue further.


The taxpayer raised no other issues.

### Requirements of law and administrative procedures

I have reviewed the administrative file as well as transcripts for the liabilities listed above. I have also reviewed all documentation submitted by Sharon De Edwards MD Inc. After review, it is my finding that the requirements of any applicable law or administrative procedure have been met on this case.

This Settlement Officer has had no prior involvement with respect to these appealed liabilities.

### Offers of Collection Alternatives

The taxpayer submitted financial information but requested no collection alternative(s) to be considered.

### Balancing efficient collection with legitimate concerns of taxpayer

The taxpayer expressed concern regarding the filed liens and concerning the proposed collection activity. The taxpayer's concerns generally fall into three areas: (1) validity of the assessments, (2) payment application, and (3) correctness of IRS actions.

The Settlement Officer balanced the taxpayer's first area of concern by reviewing and confirming that the hearing periods were properly assessed.

The Settlement Officer balanced the taxpayer's second area of concern by reviewing and analyzing the over 800 documents submitted by the taxpayer regarding the payment application issue. The Settlement Officer located many of the taxpayer's payments. For the payments that could not be located, the Settlement Officer noted that the taxpayer provided insufficient information or documentation to show that IRS actually received these payments.

The Settlement Officer balanced the taxpayer's third area of concern by reviewing the case administrative file, case history, as well as the information and documentation supplied by the taxpayers. The taxpayer's claims regarding IRS' misapplication or late application of funds was not supported by the information in the case.

The taxpayer documented no hardship created by the filed liens. The taxpayer submitted financial information but requested no collection alternatives to be considered because it stated that it has already over-paid all amounts owed. The taxpayer's documentation, unfortunately, does not support that statement.

Computer information shows that the taxpayer has failed to file all of its required corporate income tax returns Forms 1120 for 2004, 2005, and 2006 to date. Similarly, computer information shows that the taxpayer has not filed employment tax returns

Forms 941 for the 4th Quarter of 2006 and the 2nd Quarter of 2007 to date and has not filed employment tax returns Forms 940 for 1996, 1997, and 2006 to date. Computer information additionally shows that the taxpayer has failed to make its required federal tax deposits for the 2nd and 3rd Quarters of 2007 to date. The taxpayer, therefore, is not presently eligible for consideration within collection alternative programs at this time.

The Settlement Officer's attempt to balance the taxpayer's concerns with efficient collection must, therefore, be weighed in favor of the government at this time.

**Internal Revenue Service**
Appeals Office
201 North Civic Dr., Suite 220
Walnut Creek, CA  94596

Date:

SHARON DE EDWARDS MD INC
3903 LONE TREE WAY SUITE 304
ANTIOCH CA  94509-6249

**Department of the Treasury**

**Person to Contact:**
 Linda L. Cochran
 Employee ID Number: 94-06440
 Tel:  (925) 927-4718
 Fax:  (925) 927-4725
**Refer Reply to:**
 AP:FW:WAL:LLC
**Taxpayer Identification Number:**
 ▉▉▉7910
**Tax Type/Form Number:**
 941
**In Re:**
 Collection Due Process Hearing
 (Tax Court)
**Tax Period(s) Ended:**
 09/2006

**Certified Mail**

## NOTICE OF DETERMINATION
### CONCERNING COLLECTION ACTION(S) UNDER SECTION 6320 and 6330

Dear Sharon De Edwards MD Inc:

We have reviewed the collection actions that were taken or proposed for the periods shown above. This letter is your Notice of Determination, as required by law. A summary of our determination is stated below. The attached statement shows, in detail, the matters we considered at your Appeals hearing and our conclusions about them.

If you want to dispute this determination in court, you must file a petition with the United States Tax Court within 30 days from the date of this letter.

To obtain a petition form and the rules for filing a petition, write to: Clerk, United States Tax Court, 400 Second Street, NW, Washington, D.C. 20217, or access the Tax Court website at www.ustaxcourt.gov.

In addition to the regular United States Tax Court procedures, the United States Tax Court also has a simplified procedure for an appeal under section 6330(d)(1)(A) of a determination in which the unpaid tax does not exceed $50,000. You may also obtain information about this simplified procedure by writing to the United States Tax Court or accessing the United States Tax Court website at www.ustaxcourt.gov.

The time limit (30 days from the date of this letter) for filing your petition is fixed by law. The courts cannot consider your case if you file late. If an appeal is filed in the incorrect court (e.g., United States District Court), you will not be able to refile in the United States Tax Court if the time period for filing a Tax Court petition has expired.

Exhibit 4

If you do not petition the court within the time frame provided by law, your case will be returned to the originating IRS office for action consistent with the determination summarized below and described on the attached page(s). If you have any questions, please contact the person whose name and telephone number are shown above.

**Summary of Determination**
The determination is to sustain the filed Notices of Federal Tax Lien. The determination is also to sustain collection activity. The taxpayer submitted financial information but documented no hardship created by the filed liens. The taxpayer's numerous documents were considered but were insufficient to document that the taxpayer has paid the subject periods in full. The taxpayer requested no collection alternatives to be considered and is not presently eligible for consideration within collection alternative programs.

Sincerely,

Richard Stefanski
Appeals Team Manager

Enclosure(s): Attachment

2

## *Brief Background*

The taxpayer entity is a medical corporation that operates the medical practice of Sharon De Edwards. Both Sharon De Edwards and her spouse Fernando Edwards are corporate officers of the taxpayer entity. The taxpayer entity filed its employment tax returns for the subject periods, reporting unpaid tax on each of those returns. The subject liabilities represent the tax reported by the taxpayer plus statutory additions. The employment tax for the subject periods has been confirmed by the information supplied by the taxpayer. See attachment #3 for further information. The taxpayer entity also owes a civil penalty assessed under Internal Revenue Code (IRC) § 6721 for the period ending December 31, 2003.

Current computer information shows that the taxpayer entity has failed to file the following required employment tax returns and corporate income tax returns to date:

- Forms 941 for the 4th Quarter of 2006 and for the 2nd Quarter of 2007
- Forms 1120 for the years 2004, 2005, and 2006
- Forms 940 for the years 1996, 1997, and 2006

In addition, computer information shows that the taxpayer entity has made none of its required federal tax deposits for the 2nd and 3rd Quarters of 2007 to date. The taxpayer, therefore, is an in-business trust fund repeater, in accordance with IRM 5.14.7.2(4).

Computer information shows that the taxpayer entity owes presently assessed periods totaling \$181,343.50, calculated through October 31, 2007. Of that amount, \$71,095.00 represents unpaid tax, with statutory additions accruing at the present rate of \$952.85 per month.

Current computer information also shows that the taxpayer's representative represents the taxpayer for the following specific tax forms and periods:

- <u>Forms 941</u> for the periods from the 2nd Quarter of 1994 through the 4th Quarter of 2005, inclusive
- <u>Forms 1120</u> for the years 1990 through 2005, inclusive
- <u>Forms 940</u> for the years 1990 through 2005, inclusive

The taxpayer entity requested the present hearings in conjunction with hearings regarding the corporate officers. As a result, the taxpayer's hearings were held in conjunction with corporate officers' hearings.

On August 14, 2006 the taxpayer corporate entity requested a hearing regarding lien and levy issues regarding employment tax returns Forms 941 for the periods from January 1991 to the [then] present. Computer information shows, however, that the taxpayer corporation entity filed no employment tax returns for any of the quarters within

the years 1991, 1992, 1993, 1994, and 1995. In addition, computer information shows that the taxpayer has no Collection Due Process (CDP) hearing rights under either Internal Revenue Code (IRC) § 6320 or 6330 with respect to employment tax return Form 941 for the 2nd Quarter of 2000 and has no CDP hearing rights under IRC § 6330 with respect to Forms 941 for the 2nd and 3rd Quarters of 2006 and with respect to the civil penalty for 2003. The taxpayer's request for a hearing with respect to these periods and/or issues, therefore, cannot be considered within the hearings.

Computer information also shows that the taxpayer has had prior hearings with respect to both the lien and the levy issues for a number of periods, as follows:

- Form 941 for the 4th Quarter of 1998
- Forms 941 for the 1st, 2nd, 3rd, and 4th Quarters of 1999
- Forms 941 for the 1st, 3rd, and 4th Quarters of 2000
- Forms 941 for the 1st, 2nd, 3rd, and 4th Quarters of 2001
- Forms 941 for the 1st, 2nd, 3rd, and 4th Quarters of 2002
- Forms 941 for the 1st, 2nd, 3rd, and 4th Quarters of 2003
- Forms 941 for the 1st, 2nd, 3rd, and 4th Quarters of 2004

The taxpayer had prior opportunities to raise issues with Appeals with respect to these periods. Appeals, therefore, cannot consider these periods within the present hearings. See attachment #1 for additional information.

The taxpayer entity requested a face-to-face hearing and requested that the hearing be audio-recorded. As a result, the taxpayer's hearing was conducted face-to-face on March 7, 2007 in the office of Internal Revenue Service Appeals at 201 North Civic Drive, Suite 220, Walnut Creek, CA. 94596 with the taxpayer husband, the Settlement Officer, and the Appeals Team Manager in physical attendance. The taxpayer husband's representative attended via telephone conference call. As per the request of the taxpayer, this hearing was audio-recorded by the taxpayer and by IRS Appeals.

On January 10 2007 the taxpayer entity submitted a 2nd additional hearing request for any additional periods. This additional request for a hearing was not received by Appeals until April 19, 2007, which date was after the taxpayer's prior hearing had been conducted. As a result, as per IRS correspondence dated June 19, 2007, a second hearing was scheduled to occur telephonically on July 10, 2007 at 9:00 AM PDT and was to be held regarding employment tax returns Forms 941 for the 1st and 2nd Quarters of 2006 and regarding the civil penalty for 2003. On July 10, 2007 at 9:00 AM PDT, the Settlement Officer attempted to call the taxpayer at the corporate officer's telephone number, as listed on taxpayer's hearing request Form 12153. Neither the taxpayer entity nor the corporate officer was available at that telephone number on that date and time. The Settlement Officer then sent another letter dated July 10, 2007 giving the taxpayer through the close of business on July 25, 2007 to submit additional information an/or documentation to be considered within the hearing.

On May 30, 2007 the taxpayer entity submitted a 3rd hearing request regarding any additional Forms 941 periods. This 3rd request for a hearing was not received by Appeals until June 29, 2007 and, thus, could not be included within either of the taxpayer's 2 prior hearings. As a result, the taxpayer was given a 3rd hearing with respect to lien and levy issues for employment tax return Form 941 for the 3rd Quarter of 2006. This 3rd hearing was conducted face-to-face on August 13, 2007 in the office of Internal Revenue Service Appeals at 201 North Civic Drive, Suite 220, Walnut Creek, CA. 94596. Corporate officer Fernando Edwards and the Settlement Officer were in attendance throughout the meeting. The taxpayer's representative was initially not available but subsequently joined the hearing in process via telephone. This 3rd hearing was not audio-recorded by the taxpayer or IRS.

The taxpayer provided financial information but requested no collection alternative to be considered within the hearings. The Settlement Officer provided the taxpayer entity with current transcripts of its tax accounts.

### Discussion and Analysis

The IRS Restructuring and Reform Act of 1998, section 3401, created Internal Revenue Code sections 6320 and 6330, which provide for a hearing before Appeals either after a lien is first filed on an account or before a levy/seizure is about to be made for the first time.

As part of the Due Process hearing, Appeals must address the following three major areas:

- Address all issues raised by the taxpayer(s).
- Verify that requirements of law and administrative procedure have been met according to the Internal Revenue Code, Internal Revenue Manual, and official memorandums.
- Address whether the proposed collection action balances the need for efficient collection with the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary.

### Issue(s) raised by the taxpayer

1. Tax liabilities

The taxpayer stated that IRS filed Forms 941 on behalf of the taxpayer and that the IRS tax amounts are incorrect. The taxpayer provided copies of Forms 941 for all quarterly periods of 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, 2004, 2005, 2006 and for the 1st and 2nd Quarters of 2007, stating that these copies show accurate tax amounts for each of the quarterly periods.

The Settlement Officer again noted that the taxpayer has had prior hearings regarding lien and levy issues for the following periods:

- Form 941 for the 4th Quarter of 1998
- Forms 941 for the 1st, 2nd, 3rd, and 4th Quarters of 1999
- Forms 941 for the 1st, 3rd, and 4th Quarters of 2000
- Forms 941 for the 1st, 2nd, 3rd, and 4th Quarters of 2001
- Forms 941 for the 1st, 2nd, 3rd, and 4th Quarters of 2002
- Forms 941 for the 1st, 2nd, 3rd, and 4th Quarters of 2003
- Forms 941 for the 1st, 2nd, 3rd, and 4th Quarters of 2004

The taxpayer had prior opportunities to raise issues with Appeals with respect to these periods. Appeals, therefore, cannot consider these periods within the present hearings. See attachment #1 for additional information.

To the extent that this issue can be considered relative to the hearing periods, the Settlement Officer reviewed the taxpayer's copies of Forms 941 returns and compared these with tax reported on current tax transcripts for these same periods. The Settlement Officer noted that the tax on the transcripts matches tax reported on the taxpayer's copies of these same returns. The Settlement Officer, therefore, cannot consider this issue further at this time.

2. Tax returns and tax information timely filed

The taxpayer said that the taxpayer's subject employment tax returns Forms 941 and Form 940 and other tax information forms were timely filed. The taxpayers provided no documentation to support this statement.    The Settlement Officer provided the taxpayer with current transcripts of its tax accounts.

Current computer information and transcripts show that IRS received the subject tax returns as follows:

- December 8, 2005 – IRS received Forms 941 for the 1st, 2nd, 3rd, and 4th Quarters of 1996, Forms 941 for the 1st, 2nd, 3rd, and 4th Quarters of 1997, and Form 941 for the 3rd Quarter of 2005
- February 24, 2006 – IRS received Forms 941 for the 1st, 2nd, and 3rd Quarters of 1998, Form 941 for the 4th Quarter of 2005, and Form 940 for 2005
- April 30, 2005 – IRS received Form 941 for the 1st Quarter of 2005
- July 31, 2005 – IRS received Form 941 for the 2nd Quarter of 2005
- April 30, 2006 – IRS received Form 941 for the 1st Quarter of 2006

- August 14, 2006 – IRS received Form 941 for the 2nd Quarter of 2006
- October 31,2006 – IRS received Form 941 for the 3rd Quarter of 2006

To the extent that the transcripts show a specific tax return as filed on its due date, the Settlement Officer does not dispute the taxpayer's statement. With regards to the periods that the transcripts show tax returns or tax information as not being timely filed, the Settlement Officer noted that the taxpayer provided no documentation supporting its assertion of timely filing for these tax returns and/or tax information.

3. Tax assessments invalid

The taxpayer husband that the assessments for the subject periods are invalid because IRS failed to assess the taxes within time permitted by statute, because the IRS failed to provide timely notice to the taxpayer, and because IRS filed multiple liens against the taxpayer.

Computer information does not support the taxpayer's statement. Computer information shows that the subject returns were assessed as these subject returns were received from the taxpayer. See No. 2 above regarding the time the subject returns were received. The taxpayer provided no documentation regarding earlier filing of the late filed returns. Computer information also shows that notices for the subject returns were issued to the taxpayers within the timeframes required by IRC § 6303.

The taxpayer also challenged the tax assessments based on multiple liens filed regarding these subject periods. The filing or non-filing of Notices of Federal Tax Lien does not affect the validity of tax and/or penalty assessments.  The taxpayer's point, in this regards, is misguided.

The taxpayer otherwise failed to document how or why the subject liabilities were invalid. The Settlement Officer, therefore, could not consider this issue further.

4. Taxpayer billed for another company's tax liability

In a letter dated April 20, 2007 the taxpayer stated that it was being billed for employment taxes (Form 941 for the 4th Quarter of 2006) for a different corporate entity.  The taxpayer attached a copy of referenced billing.  The Settlement Officer reviewed the documentation provided and noted that, while the IRS bill showed the same business address as the taxpayer, that bill references a different corporation name and references a different Employer Identification Number (EIN).  Current computer information also confirms that the taxpayer is not being billed for another entity's tax. The taxpayer's statement that it is being billed for another entity's taxes, thus, is incorrect.

5. Payment application

The taxpayer said that the IRS tax transcripts do not show all of the payments that the taxpayer has made and/or that the IRS has received through levy activity. The taxpayer submitted over 800 documents regarding amounts that the taxpayer states IRS took but failed to credit on the taxpayers' accounts.

The Settlement Officer reviewed the documents submitted. See attachments #2 and 4. Payment Application Spreadsheet Note: The taxpayer submitted a wide range of documentation with regards to payment application. In general, the taxpayer's documentation fell into 3 tiers, as follows:

- **Tier #1** – copy of check to the IRS and/or copies of correspondence indicating a specific payment was or would be paid to the IRS.

- **Tier #2** - copy of correspondence or billing indicating that an amount was attached by a levy or lien of a non-specific taxing agency. Documentation at this tier does not clearly show that IRS was to receive these funds. Indeed, the taxpayers' documentation shows amounts frequently attached, for example, by the California Franchise Tax Board (FTB) and by the California Employment Development Department (EDD).

- **Tier #3** – billings and documents showing no proof that these funds were sent to the IRS.

The Settlement Officer also noted that the taxpayer not infrequently copied the same billing twice or more when calculating amounts it believed were paid to the IRS. To the extent possible, these duplications have been grouped together on the spreadsheet.

During the hearing, the taxpayer referenced, by exhibit number, specific payments that the taxpayer believes were misapplied from the taxpayer corporation to a prior sole proprietorship run by the corporate officers. These exhibit numbers were stated as being exhibit #s 69, 70, 84, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103,104, 105, 106, 107, 140, and 141. The taxpayer's documentation did not, however, include a copy of exhibit # 100. The taxpayer, nevertheless, referenced exhibit # 100 as being in the amount $39.60. All of these exhibit numbers and/or referenced amounts were, in fact, located and were not, as the taxpayer alleged, applied to the corporate officers' prior sole proprietorship entity. See attachment #2 for further specific information.

Analysis of the 800+ documents submitted shows numerous payments with documentation insufficient to determine whether or not IRS received these funds. To the extent that these funds were locatable, the payment spreadsheet so indicates. Frequently, however, payments were not locatable and had insufficient documentation

8

to permit IRS to trace these payments further. The taxpayer, in fact, provided very few cancelled checks and even fewer cancelled checks showing both sides of the cancelled check so that IRS endorsement data could be viewed. Of the few cancelled checks with back information provided, specifically exhibit #s 541, 618, and 619, these checks show no IRS endorsement data but, instead, appear to be endorsed by an individual, not by IRS. Without additional documentation, therefore, the Settlement Officer could not consider these payments further. See attachments #2 and 4 for further information.

6. Payments not applied timely

The taxpayer said that IRS received levy payments but did not apply the payments timely, thus generating additional penalties and interest for the taxpayer. Computer information, case file documentation, and the taxpayer's documentation do not support the taxpayer's statement. The case administrative file and case documentation do show, however, that vendors frequently sent notices of levy attachment to the taxpayer on a particular date but then failed to remit those same levy proceeds to the IRS until much later.

7. Designation of levy payments

The taxpayer said that all levy payments should applied first to tax for all the subject periods and then, after the tax is paid, apply payments to penalties and interest. To the extent that this statement applies to a specific period and is considered period by period, the Settlement Officer does not dispute this statement. Current tax transcripts, indeed, show that levy proceeds were applied in accordance with the law and IRS policies and procedures, being applied first to tax, then to penalties, and then to interest, period by period.

To the extent that the taxpayer means that levy proceeds should be applied first to all tax for all tax periods or that the taxpayer has the right to designate levy proceeds, the taxpayer is misguided. The Settlement Officer confirmed that levy proceeds were applied in accordance with IRC § 6342, Internal Revenue Manual (IRM) 5.11.4.4, IRM 5.11.5.5, and IRM 5.17.3.3.7.6.

8. Taxes as full paid

The taxpayer said that it has full paid all amounts and states that, in conjunction with the corporate officers, it is owed approximately $82,000 in refunds from IRS. The taxpayer said that this issue is based on the issue of payment application. Computer information and the taxpayer's documentation do not, however, support this statement. See No. 4 above.

9. Bankruptcy

The taxpayer said that the taxpayer's corporate officers and their prior sole proprietorship entity filed a bankruptcy petition in late 1995. The taxpayer said that IRS then took funds from the taxpayer and applied these funds to the corporate officers' older sole proprietorship entity. During the hearing, the taxpayer referenced, by exhibit number, specific payments that the taxpayer believes were misapplied from the taxpayer corporation to a prior sole proprietorship run by the corporate officers. These exhibit numbers were stated as being exhibit #s 69, 70, 84, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103,104, 105, 106, 107, 140, and 141. The taxpayer's documentation did not, however, include a copy of exhibit # 100. The taxpayer, nevertheless, referenced exhibit # 100 as being in the amount $39.60.

The Settlement Officer noted that the referenced sole proprietorship entity has not present CDP hearing rights. Appeals can consider this issue, therefore, only in regards to the payment application issue. See No. 4 above. All of these exhibit numbers and/or referenced amounts were, in fact, located and were not, as the taxpayer alleged, applied to the corporate officers' prior sole proprietorship entity. See attachment #2 for further specific information.

10. Timeliness of IRS actions

The taxpayer alleged that IRS created or contributed to some or all of the subject tax liabilities by failing to take rapid enforced collection activity. The Settlement Officer noted, however, that the taxpayer itself has the statutory obligation to file its required tax returns timely and to pay its taxes timely. The subject liabilities, in fact, are the result of the taxpayer's repeated failure to file required returns and information on time and/or failure to pay required taxes on time for over a decade. Current computer information shows that the taxpayer's failure to file and pay continues to the present.

Case history shows that, in regards to the taxpayer, IRS has repeated requested returns to be filed, has repeatedly requested payment to be made, has repeatedly filed liens, and has repeatedly taken enforced collection activity. Nevertheless, the taxpayer has still not filed all of its required returns and has still failed to pay its required taxes timely, even after the present hearings were requested. The taxpayer's statement, thus, is not persuasive.

11. Interest and penalty abatement

The taxpayer said it filed all of its required tax returns and tax information forms timely. The taxpayer also said that additional interest and penalties have accrued because IRS failed to take timely action and/or because IRS failed to apply levy proceeds timely. To the extent that these statements represent requests for penalty abatement, the

Settlement Officer considered this issue along the taxpayer's information and documentation. See Numbers 2, 4, 5, and 8 above. The taxpayer's information and documentation regarding the penalties were considered but failed to meet the criteria for penalty abatement.

The taxpayer's statements were also considered as requests for interest abatement. The taxpayer's information and documentation again was considered. See Numbers 2, 4, 5, and 8 above. The taxpayer's information and documentation failed to meet the criteria for interest abatement in accordance with IRC § 6404.

The Settlement Officer, therefore, could not consider this issue further.

12. Lien withdrawal

On the taxpayers' duplicate request for a hearing, Form 12153 signed on August 3, 2007 and prior to the taxpayers' hearing on August 13, 2007, the taxpayers requested withdrawal of the notices of federal tax lien because they have already paid the subject tax amounts in full. Case transcripts, case history, and case documentation do not support the taxpayers' statement in this regards. See Numbers 5 and 8 above.

13. Offer in compromise

On the taxpayer's request for a hearing Form 12153 signed on May 30, 2007, the taxpayer indicated that it was requesting an offer in compromise. The taxpayer subsequently submitted financial information but, during the hearing on August 13, 2007, the taxpayer stated that it believed that it had paid all amounts owed. Presumably as a result, the taxpayer failed to submit Form 656 Offer in Compromise and failed to state what amount it proposed to pay. The Settlement Officer, therefore, could not consider this issue further.

14. On-going levy activity

The taxpayer requested that IRS stop issuing levies while the present hearings are under consideration by Appeals. The taxpayer provided copies of levies recently issued by IRS Compliance Function. The Settlement Officer reviewed the copies of levies submitted and confirmed that the recent levies issued by IRS were issued in accordance with IRM 5.1.9.3.5. The Settlement Officer then explained to the taxpayer that the tax periods shown on the levies were either periods for which had a prior hearing had occurred and/or were periods for which hearings were not requested timely. IRS could and did issue levies on those periods, as per IRM 5.1.9.3.5. The Settlement Officer, thus, cannot consider this issue further.

The taxpayer raised no other issues.

### Requirements of law and administrative procedures

I have reviewed the administrative file as well as transcripts for the liabilities listed above. I have also reviewed all documentation submitted by Sharon De Edwards MD Inc. After review, it is my finding that the requirements of any applicable law or administrative procedure have been met on this case.

This Settlement Officer has had no prior involvement with respect to these appealed liabilities.

### Offers of Collection Alternatives

The taxpayer submitted financial information but requested no collection alternative(s) to be considered.

### Balancing efficient collection with legitimate concerns of taxpayer

The taxpayer expressed concern regarding the filed liens and concerning the proposed collection activity. The taxpayer's concerns generally fall into three areas: (1) validity of the assessments, (2) payment application, and (3) correctness of IRS actions.

The Settlement Officer balanced the taxpayer's first area of concern by reviewing and confirming that the hearing periods were properly assessed.

The Settlement Officer balanced the taxpayer's second area of concern by reviewing and analyzing the over 800 documents submitted by the taxpayer regarding the payment application issue. The Settlement Officer located many of the taxpayer's payments. For the payments that could not be located, the Settlement Officer noted that the taxpayer provided insufficient information or documentation to show that IRS actually received these payments.

The Settlement Officer balanced the taxpayer's third area of concern by reviewing the case administrative file, case history, as well as the information and documentation supplied by the taxpayers. The taxpayer's claims regarding IRS' misapplication or late application of funds was not supported by the information in the case.

The taxpayer documented no hardship created by the filed liens. The taxpayer submitted financial information but requested no collection alternatives to be considered because it stated that it has already over-paid all amounts owed. The taxpayer's documentation, unfortunately, does not support that statement.

12

Computer information shows that the taxpayer has failed to file all of its required corporate income tax returns Forms 1120 for 2004, 2005, and 2006 to date. Similarly, computer information shows that the taxpayer has not filed employment tax returns Forms 941 for the 4th Quarter of 2006 and the 2nd Quarter of 2007 to date and has not filed employment tax returns Forms 940 for 1996, 1997, and 2006 to date. Computer information additionally shows that the taxpayer has failed to make its required federal tax deposits for the 2nd and 3rd Quarters of 2007 to date. The taxpayer, therefore, is not presently eligible for consideration within collection alternative programs at this time.

The Settlement Officer's attempt to balance the taxpayer's concerns with efficient collection must, therefore, be weighed in favor of the government at this time.