F. Anthony Edwards SBN 181606
LAW OFFICES OF F. ANTHONY EDWARDS
1850 Mt. Diablo Boulevard, Suite 650
Walnut Creek, CA 94596
Telephone: 925-947-1600
Facsimile: 925-947-1990

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHARON DE EDWARDS, M.D., FACOG, INC., a corporation, and SHARON DE EDWARDS, M.D., as President and officer of the corporation.<br><br>Plaintiffs,<br><br>v.<br><br>INTERNAL REVENUE SERVICE, UNITED STATES GOVERNMENT DEPARTMENT OF THE TREASURY, KATHY JAKABCIN, JOSEPH SMITH, Revenue Officers, and Does I through 50, Inclusive.<br><br>Defendants, | Case No.: C07-3102 WHA<br><br>**SUPPLEMENTAL** REPLY TO OPPOSITION TO APPLICATION AND MOTION FOR A PRELIMINARY INJUNCTION UPON ORDER TO SHOW CAUSE |

Plaintiffs hereby replies to defendants' supplemented opposition.

**I. PROCEDURAL SUMMARY**

On October 24, 2007, Plaintiff's counsel received the IRS Office of Appeals Determination. On October 31, 2007, at 3:50 p.m., counsel for Plaintiffs' received defendants' "supplement to opposition." This Supplemented Reply follows.

/ / /

Supplemental Reply to Opposition

## II. SUPPLEMENTED FACTS

The IRS Office of Appeals (hereinafter "OOA") provided an accounting of the application for payments provided on behalf of the corporation, and sustained the collection activity, stating the taxpayer had not requested any compromise, had not submitted any documents to show financial hardship, and that the amount owed was $181,343.50 through October 31, 200, inclusive of $71,095.00 as statutory additions.

The OOA also found as follows:

1. Total payments of $108,761.97 were applied to the corporation's tax liability. Exhibit "**A**", dated July 7, 2005, of Plaintiffs First Amended Complaint, page 3, shows that the total applied to outstanding employment tax liabilities of the corporation as of that date to be $123,979.15. The evidence show that the IRS is stating that between July 7, 2005 to October 24, 2007, the corporate payment of $123,979.15 decreased to $108,761.97. The IRS has not stated why the payments were decreased by $15,217.18, or what happened to these funds. Further, more troubling, which amount of payments applied is correct? The OOA or the IRS? *See, Exhibit "**1**", paragraph 2 of FAE's Supplemental Declaration*.

2. Payments totaling $12,379.16 were omitted as duplicate payments even though these were different numbered check for the same amounts on different patients. *See, Exhibit "**2**", paragraph 3 of FAE's Supplemental Declaration*.

3. Payments totaling $104,740.00 were not applied to the corporation's tax liability because the taxing agency was not specified in the payment. The total has been adjusted to remove the payments that were made to the FTB and EDD. *See, Exhibit "**3**", paragraph 4 of FAE's Supplemental Declaration*.

4. Payments totaling $12,445.20 were not applied to the corporation's tax liability even though the checks and vendors statements said the payments was made to the IRS because the canceled checks were not endorsed by the IRS. *See, Exhibit "**4**", paragraph 5 of FAE's Supplemental Declaration*.

Supplemental Reply to Opposition                    2

5.      Payments totaling $35,938.70 was not applied to the corporation's tax liability because they show no proof that the payments were sent to the IRS. *See, Exhibit "**5**", paragraph 6 of FAE's Supplemental Declaration*.

Thus, in addition to reducing the payments it previously declared under oath that the corporation made, the IRS is refusing to apply a total of $165,503.06 in payments, while at the same time saying that the corporation still owes $181,343.50 in taxes! Had the payments been applied to the corporation's tax liability on or about the date they were made, the corporation would owe no taxes, since the relevant interest and penalty would not apply. Moreover, since the beginning of 2004, the IRS has been levying on 100% of the corporation's accounts receivables, effectively providing the taxpayer with no income for tax-home wages. The code requires and the IRS had agreed that the levy attached only to the taxpayers take-home pay. *See, Exhibit "7", paragraph 7 of FAE's Supplemental Declaration*.

Lastly, the OOA states that all taxes are properly assessed. This is not accurate for the pre-petition taxes, since the IRS failed to comply with Judge Newsome's order. Yet, payments were applied to tax years 1992 and 1993, inclusive of penalties and interest, in violation of the Judge's order. *See, Exhibit "**8**, paragraph 8 of FAE's Supplemental Declaration*.

### III. LEGAL ARGUMENT

A. <u>There is evidence that Plaintiffs' IRS records are being "massaged" to support the IRS position</u>

In response to request for admission, under oath, the IRS responded that:

 "[T]he identification number 68-0377910, reflects that the total amount of the funds collected pursuant to levies issued by the Internal Revenue Service and applied to the outstanding employment tax liabilities of said corporation is $123,979.15. The transcript reflect collection and application of the levied funds from July 22, 2002, through June 20, 2005."

However, according to OOA, the total amount collected and applied as of October 24, 2007, is 108,761.97, of which $6114.57 was applied to some account identified as 30-199412, even though the response for the request for admission further stated that the $123,979.15 in payments were applied beginning with the last quarter of 1998. Which is true? I submit that

Supplemental Reply to Opposition                         3

neither. Someone within the IRS is massaging the Plaintiffs' IRS records to produce the desired result. Consequently, nothing that's being produced is trustworthy.

B. The Plaintiffs met their burden of proof

Plaintiffs' produced 802 exhibits showing payments to the IRS. In the letter of determination, the OOA states that even though the checks and vendor statements designate the IRS as the recipient, the payments cannot be applied to the corporations' tax liability because it does not specifically state that the IRS is the levying **tax** (emphasis supplied) entity, or the endorsement on the check is not an IRS endorsement. With this explanation, $117,185.20 in payments were not applied to the corporation's tax liability.

Defendants' also counted different checks as duplicate, simply because they were for the same amount. This resulted in an additional $12,379.16 misappropriation/mis-application of payments made by the Plaintiffs.  It is respectfully requested that the Court carefully review these particular exhibits.

C. The OOA letter of Determination is no bar to Plaintiffs' claims

The OOA letter of determination was final as to some assessment claims made by Plaintiff's and not to others, i.e., some of the claims were made pursuant to and Equivalency Hearing. However, the OOA letter of determination does not bar Plaintiffs' claims, in no aspects, for a refund of taxes, interest and penalties, for failure to release tax liens, for making and submitting false statements under color of law, and for discriminating against Plaintiff by denying her due process required by our constitutions.

**IV. CONCLUSION**

Under these unusual circumstances, Plaintiffs' respectfully request the Court to issue a Preliminary Injunction, to allow Plaintiff to receive her the portion of her take-home pay pursuant statute, and to allow for a full investigation into the activities of the agents who handled Plaintiffs' IRS records, to determine if criminal activity occurred. Plaintiffs' are not adverse to setting up and making installment payments to the IRS, once the levies are released. However, once the whereabouts of the missing payments are

Supplemental Reply to Opposition                          4

determined, if it is found that agents within the IRS misappropriated the Plaintiffs' funds, Plaintiffs' reserves the right to have those funds applied to the period when they were initially received, and to receive whatever refund is due inclusive of legal interest. If the injunction is not granted, Plaintiff will lose her corporation and home. She has no adequate remedy at law and the injunction should issue.

     Plaintiff respectfully request the Court to grant her Temporary Restraining Order and after the hearing to grant her preliminary injunction.

Dated: 10/31/07                                         SEIBEL, FINTA & EDWARDS


                                                        By:_____/S/_____
                                                        F. Anthony Edwards
                                                        Attorney for the Plaintiff

Supplemental Reply to Opposition                 5