F. Anthony Edwards SBN 181606
LAW OFFICES OF F. ANTHONY EDWARDS
1850 Mt. Diablo Boulevard, Suite 650
Walnut Creek, CA 94596
Telephone: 925-947-1600
Facsimile: 925-947-1990

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHARON DE EDWARDS, M.D., FACOG, INC., a corporation, and SHARON DE EDWARDS, M.D., as President and officer of the corporation.<br><br>Plaintiffs,<br><br>v.<br><br>INTERNAL REVENUE SERVICE, UNITED STATES GOVERNMENT DEPARTMENT OF THE TREASURY, KATHY JAKABCIN, JOSEPH SMITH, Revenue Officers, and Does I through 50, Inclusive.<br><br>Defendants, | Case No.: C07-3102 WHA<br><br>**SUPPLEMENTAL** DECLARATION OF F. ANTHONY EDWARDS IN SUPPORT OF FIRST AMENDED COMPLAINT FOR REFUND OF TAXES, PENALTIES, AND INTEREST, FAILURE TO RELEASE TAX LIENS, UNLAWFUL COLLECTION ACTIVITY, MAKING FALSE AND FRAUDULENT STATEMENTS, DISCRIMINATION AND FOR A PRELIMINARY AND PERMANENT INJUNCTION AND REQUEST FOR AN ACCOUNTING AND FOR ATTORNEY FEES |

I, F. Anthony Edwards, Esq., declare as follows:

1. I am a partner and practicing attorney in the Law Firm of SEIBEL, FINTA & EDWARDS, LLP, licensed to practice law in all jurisdictions in the state of California. I make this declaration based on my own personal knowledge and if called as a witness to testify as the facts herein, I would and could do so truthfully and competently.

2. Attached hereto as Exhibit **"1"** is a true and correct copy of the total of TIER #1, showing exhibits that matched a specific payment identified by the IRS, as provided by the

Suppl. Decl. of FAE

Office of Appeal, in their Determination Letter dated October 24, 2007. The totals are $6114.57 for items classified as "30-199412," and $102,647.40 for presumably 941 corporate tax liabilities, for a total $108,761.97. Exhibit "**A**", dated July 7, 2005, of Plaintiffs First Amended Complaint, page 3, shows that the total applied to outstanding employment tax liabilities of the corporation as of that date to be $123,979.15. The evidence show that the IRS is stating that between July 7, 2005 to October 24, 2007, the corporate payment of $123,979.15 decreased to $108,761.97. The IRS has not stated why the payments were decreased by $15,217.18, or what happened to these funds.

      3.    Attached hereto as Exhibit "**2**" is a true and correct copy of the total of TIER #1, as provided by the Office of Appeal, showing checks that were counted as duplicate checks, applying the payment once, even though it was a different check for payment in an identical amount on a different patient. These checks that were omitted as duplicates and not applied as payments, total $12,379.16.

      4.    Attached hereto as Exhibit "**3**" is a true and correct copy of the total of TIER #2, as provided by the Office of Appeal, showing payments that were made pursuant to the IRS levies. However, the IRS is claiming that since the taxing agency was not specified, the payments were not applied against the corporate tax liabilities. These payments total $104,740.00,after the corporation subtracted the minimal FTB and EDD levies form the total.

      5.    Attached hereto as Exhibit "**4**" is a true and correct copy of Attachment #4, as provided by the Office of Appeal, showing canceled checks made out the IRS and letters from vendors stating that a specific payment that was made to the IRS, some of these statements contain patient information and are protected by HIPAA. They were not submitted. The total amount of these payments is $12,445.20.

      6.    Attached hereto as Exhibit "**5**" is a true and correct copy of TIER #3, as provided by the Office of Appeal, that the IRS claims shows no proof that the payments were sent to the IRS. The total is $35,938.70.

Suppl. Decl. of FAE                         2

7. Attached hereto as Exhibit "**7**" is a true and correct copy of IRS letter dated April 26, 2003, sating that the levies for the corporate liabilities attaches to the taxpayers' take-home pay.

8. Attached hereto as Exhibit "**8**" is a true and correct copy of Plaintiffs' Second Amended Plan of Reorganization and a copy of the Honorable Randall J. Newsome's Order confirming said Second Amended Plan of Reorganization, dated September 27, 1995 and January 11, 1996. The Plan required the IRS to receive deferred cash payment over a period not to exceed six (6) years form the last date of assessment of said claims, in aggregate amounts equal to the amount if such allowed tax claim, plus simple interest from the effective date on the unpaid portion thereof, without penalty of any kind, at the statutory rate of interest provided for such taxes under non-bankruptcy law . . . Paragraph 3.2.3 of the Second Amended Plan of Reorganization. The Plan further provided that each holder of Administrative Tax claims shall be entitled to receive cash equal to the unpaid portion of its allowed administrative claim on the later of (a) the effective date of the Amended Plan; or (b) the date such administrative claim becomes an allowed administrative claim. Paragraph 3.2.1 of the Second Amended Plan of Reorganization. Effective Date is define by the Plan as the first business day of the month following the month that the Amended Plan is confirmed which is at least eleven (11) business days after the Confirmation Date and on which no stay of the confirmation order is in effect. Paragraph 1.1.15 of the Second Amended Plan of Reorganization.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on October 31, 2007, at Walnut Creek, California.

_____/S/_____
F. Anthony Edwards, Esq.
Attorney for Plaintiffs

Suppl. Decl. of FAE                                3