F. Anthony Edwards SBN 181606
LAW OFFICES OF F. ANTHONY EDWARDS
1850 Mt. Diablo Boulevard, Suite 650
Walnut Creek, CA 94596
Telephone: 925-947-1600
Facsimile: 925-947-1990

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHARON DE EDWARDS, M.D., FACOG, INC., a corporation, and SHARON DE EDWARDS, M.D., as President and officer of the corporation.<br><br>Plaintiffs,<br><br>v.<br><br>INTERNAL REVENUE SERVICE, UNITED STATES GOVERNMENT DEPARTMENT OF THE TREASURY, KATHY JAKABCIN, JOSEPH SMITH, Revenue Officers, and Does I through 50, Inclusive.<br><br>Defendants, | Case No.: C07-3102-WHA<br><br>PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS<br><br>Date:   March 20, 2008<br>Time:  8:00 a.m.<br>Place:  Courtroom 9, 19th Floor |

## I. STATEMENT OF FACTS

Plaintiff filed her complaint on June 13, 2007. Thereafter, the parties agreed to suspend litigation to allow defendants to respond to an administrative demand with the potential of resolving Plaintiff's claim. When defendants failed to respond within the time allowed, Plaintiff re-filed her complaint as the First Amended Complaint, together with her Application for a Temporary Restraining Order ("TRO") and Motion for Preliminary Injunction ("PI") on October 15, 2007, by serving defendants' counsel on October 16, 2007.

Opposition to Motion to Dismiss

On October 16, 2007, defendants filed their opposition to Plaintiff's Temporary Restraining, with Plaintiff filing her Reply on the very same day.

The Court denied Plaintiff's Application for a TRO, the set the hearing for the PI for November 1, 2007. Defendants then submitted their Opposition to the PI, with Plaintiff thereafter submitting her Reply.

On February 4, 2008, Plaintiff served her Special Interrogatories, Set I, and Request for Production of Documents, Set I and II upon defendants. On February 8, 2008, defendants filed their Motion to Dismiss, arguing that Plaintiff failed to serve the United States in accordance with FRCP, Rule 4(I) and 4(I) (b). This Motion is fraudulent and without legal basis. Plaintiff filed her First Amended Complaint on October 15, 2007. Under the Rules, she has 120 days to serve her complaint. **120 days from October 15, 2007 is February 12, 2008** (Emphasis Supplied.) Yet, on February 8, 2008, these defendants filed their motion to dismiss, arguing that Plaintiff failed to serve within the time limits of the Rule. Plaintiff will move for sanctions for costs and attorney fees in being forced to respond to this baseless, fraudulent motion.

On February 14, 2008, Plaintiff sent summons and complaint to the United States Attorney General, and to the individual defendants by certified mail.

Counsel for Plaintiff does not agree, without any discovery, that these individual defendants acted within the scope of their employment since approximately $250,000.00 of levied payments remain unaccounted for and cancelled checks that were allegedly paid to the IRS on behalf of Plaintiff has endorsement that are not of the IRS.

## II. LEGAL ARGUMENT

A. DEFENDANTS MOTION IS FRAUDULENT AND IN VIOLATION OF FRCP, RULE 4(M)

Plaintiff filed her First Amended Complaint on October 15, 2007. Under the Rules, she has 120 days to serve her complaint. **120 days from October 15, 2007 is February 12, 2008** (Emphasis Supplied.) Yet, on February 8, 2008, defendant filed their baseless, fraudulent motion, arguing that Plaintiff failed to serve the summons and complaint within the 120 days required by

Opposition to Motion to Dismiss                                2

1 the Rule.

2     Plaintiff request the Court to strike defendants baseless, fraudulent motion, and to award
3 sanctions, costs and attorney fees to Plaintiff , for being forced to respond to this motion.
4 Plaintiff will submit her motion for sanctions by separate pleading.

5     CROSS-MOTION TO STRIKE DEFENDANTS' MOTION FOR SANCTIONS
6     FRCP, RULE 12(4)(f)

7     As stated heretofore, defendants filed a fraudulent, baseless motion to dismiss for
8 insufficient service of process, arguing that Plaintiff failed to serve her complaint within the 120
9 days time limit required under Rule 4(m). As is evident from the pleading, Plaintiff filed her First
10 Amended Complaint on October 15, 2007. Under the Rules, she has 120 days to serve her
11 complaint. **120 days from October 15, 2007 is February 12, 2008** (Emphasis Supplied.) Yet,
12 on February 8, 2008, defendants filed their motion to dismiss for insufficient service. This
13 motion was filed before Plaintiff's time to serve her complaint expired. See, *FRCP, Rule*
14 *12(4)(m)*. Motion to strike this fraudulent, baseless and void pleading is allowed pursuant to
15 *FRCP, Rule 12(4)(f)*

16     In evaluating a motion to strike, the Court must treat all well pleaded facts as admitted,
17 and cannot consider matters beyond the pleadings. *U.S. Oil Co., Inc. v. Koch Refining Co., 518*
18 *F.Supp. 957, 959 (E.D.Wis.1981).* In the case at bar, defendants motion to dismiss for insufficient
19 service of process is void on its face, since the motion was prematurely filed, in violation of the
20 Rules.

21     It is respectfully requested that defendants motion dismiss be stricken.

23 Dated: February 14, 2008                               /S/_____
                                                                     F. Anthony Edwards, Esq.
24                                                                          Attorney for Plaintiffs

28 Opposition to Motion to Dismiss                       3