JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
CYNTHIA STIER (DCBN 423256)
Assistant United States Attorney
 9th Floor Federal Building
 450 Golden Gate Avenue, Box 36055
 San Francisco, California 94102
  Telephone: (415) 436-7000

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SHARON DE EDWARDS, M.D., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> INTERNAL REVENUE SERVICE, et al., ) <br> ) <br> ) <br> Defendants. ) <br> ) <br> ) | No. C-07-03102-WHA <br><br> **UNITED STATES' CASE MANAGEMENT STATEMENT** <br><br> Date:  September 18, 2008 <br> Time:  11:00 a.m. <br> Place: Courtroom 9, 19th Floor |

The United States hereby file this Case Management Statement and request that the Court adopt it as the Case Management Order in this case.[1]

**DESCRIPTION OF THE CASE**

**1.    A brief description of the events underlying the action:**

This is a civil action brought by the Plaintiff, Sharon de Edwards, M.D. against the United States for alleged wrongful collection actions by the IRS against her medical corporation, Sharon de Edwards, Inc. The Court denied Plaintiff's request for a preliminary injunction against the United States for administrative collection activity by the IRS to collect the corporate taxes. (Docket No. 24). The United States filed a Motion to Dismiss pursuant to Rule12(b)(5) for

---

[1] Counsel for the government was unable to contact counsel for the Plaintiff in order to submit a joint statement.

*US Case Mgmt Statement and*
*[Proposed] Order, C-07-0312-WHA*            1

insufficient service of process which is currently pending. (Docket No. 31). Plaintiff, Sharon de Edwards, individually, filed for protection under Chapter 11 of the Bankruptcy Code on March 7, 2008, and this Court stayed this action pending further Order. By that Order, this Court directed counsel to research (1) whether the claim asserted in this district court action belongs to the bankruptcy estate and not plaintiff and (2) whether Plaintiff properly served process. (Docket No. 39).

### 2. Jurisdiction over claims:

Plaintiff seeks to relitigate issues addressed in Sharon de Edwards, M.D. v. IRS, et al., Case No. 04-5025-PJH. The Honorable Phyllis Hamilton dismissed that action by Order entered December 30, 2005. Plaintiff has failed to establish the jurisdictional prerequisites for filing a refund action, namely paying the challenged tax assessment in full prior to filing the refund suit. See 28 U.S.C. §1346(a)(1), Flora v. United States, 362 U.S. 145, 150-51 (1960). The law also provides that the aggrieved taxpayer must file an action for a tax refund rather than seeking an injunction. See Enochs v. William Packing & Nav., Co., 370 U.S. 1, 7 (1962).

### 3. The principal factual issues which the parties dispute:

Plaintiff, Sharon de Edwards is a physician. Her medical corporation, Sharon de Edwards, M.D., Inc. owed federal taxes. The IRS assessed taxes and employed administrative collection efforts to levy medical insurance companies for payments due the corporation. Plaintiff contends that the IRS collected more than was owed. The IRS contends that Plaintiff has not provided any evidence to establish that the IRS transcripts are not accurate.

### 4. The principal legal issues which the parties dispute:

Whether this Court has jurisdiction over this tax refund action?

Whether Plaintiff has properly served the United States by serving the Attorney General?

### 5. The other factual issues which remain unresolved for the reason stated below and how the parties propose to resolve those issues:

The issue of the amount of payments collected by the IRS is also an issue in the Plaintiff's bankruptcy case. The parties have agreed to attempt to resolve this issue in the bankruptcy case by October 31, 2008. If an agreement on the amount of the liability can be

1  reached, this action would be resolved in its entirety.  In the event that the parties are unable to
2  reach a resolution, the issue of the amount of the liability would have to be litigated in either this
3  action or the bankruptcy court.  The United States alleges that this Court would have jurisdiction
4  to resolve that issue because the taxpayer Plaintiff is a corporation and is not a debtor in the
5  bankruptcy case.

6  **6.     The parties which have not been served and the reasons:**
7  The Attorney General has not been served.

8  **7.     The additional parties which the below-specified parties intend to join and**
9  **the intended time frame for such joinder:**
10  Not applicable.

11  **8.     Anticipated motions by the parties.**
12  The United State filed a Motion to Dismiss, currently pending.

13  **9.     The following parties consent to assignment of this case to a United States**
14  **Magistrate for [*court or jury*] trial:**
15  The United States does not consent to proceed before a magistrate.

16  **ALTERNATIVE DISPUTE RESOLUTION**
17  **10.    [Please indicate the appropriate response(s).]**
18  ❏  **The case was automatically assigned to Nonbinding Arbitration at filing and will be**
19  **ready for the hearing by _____.**
20  ❏  **The parties have filed a Stipulation and Proposed Order Selecting an ADR process**
21  **(specify process):_____.**
22  ❏  **The parties have not filed a Stipulation and Proposed Order Selecting an ADR**
23  **process and the ADR process that the parties jointly request [or a party separately**
24  **requests] is _____.**
25  None of the above-responses is applicable at this time.  The United States does not
26  believe that this case is appropriate for alternative dispute resolution.

27  **11.    Please indicate any other information regarding ADR process or deadline.**
28  Not applicable.

## DISCLOSURES

**12.    The parties certify that they have made the following disclosures [***list disclosures of persons, documents, damage computations and insurance agreements***]:**

Disclosures have been made by the United States to the taxpayer in another related action, *Sharon de Edwards v. Internal Revenue Service, et al.*, Case No. C-04-5025-PJH.

## DISCOVERY

**13.    The United States anticipates serving requests for admission and a request for production of documents, if necessary.**

## TRIAL SCHEDULE

**15.    The parties request a trial date as follows:**

The United States requests a trial date in May, 2009.

**16.    The parties expect that the trial will last for the following number of days:**

Any trial should take no longer than one day as many of the documents can be stipulated.

Respectfully submitted,

JOSEPH RUSSONIELLO
United States Attorney

Dated: *September 12, 2008*                    By:    /s/ Cynthia Stier
CYNTHIA STIER
Assistant United States Attorney

Attorneys for Plaintiff, the United States of America